ORIGINAL
FILED

E-Filing

FILED BY FAX
PURSUANT TO LOCAL RULES

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2       Including Professional Corporations
    RICHARD J. SIMMONS, Cal. Bar No. 72666
3   DEREK R. HAVEL, Cal. Bar No. 193464
    GEOFFREY D. DEBOSKEY, Cal. Bar No. 211557
4   LAUREN D. THIBODEAUX, Cal. Bar No. 239997
    333 South Hope Street, 48th Floor
5   Los Angeles, California 90071-1448
    Telephone:   213-620-1780
6   Facsimile:   213-620-1398
    rsimmons@sheppardmullin.com
7   dhavel@sheppardmullin.com
    gdeboskey@sheppardmullin.com
8   lthibodeaux@sheppardmullin.com

9   Attorneys for Defendant KELLY SERVICES,
    INC.

10

11

12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

                    C 07 2784

15  CATHERINE E. SULLIVAN, on behalf of        Case No.
    herself and all others similarly situated,
16                                             DEFENDANT KELLY SERVICES,
    Plaintiff,                                 INC.'S NOTICE OF REMOVAL OF
17                                             ACTION PURSUANT TO 28 U.S.C. §§
    v.                                         1332, 1441, AND 1446
18
    KELLY SERVICES, INC., and DOES 1 to        [Compliant Filed April 20, 2007]
19  10, inclusive,,
                                               Trial Date:  None Set
20  Defendants.

21

22

23            TO THE HONORABLE JUDGES OF THE UNITED STATES

24  DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND

25  TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

26

27

28
                                   -1-

W02-WEST:1LDT1\400317098.1                    DEFENDANT KELLY SERVICES, INC.'S
                                              NOTICE OF REMOVAL

1    PLEASE TAKE NOTICE that Defendant, Kelly Services, Inc. ("KSI"),

2  by its undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby

3  removes to the United States District Court for the Northern District of California,

4  the action captioned *Catherine E. Sullivan v. Kelly Services, Inc.*, which is currently

5  pending in the Superior Court of the State of California for the County of Alameda,

6  as Case No. RG 07321759 (hereinafter the "State Court Action").

7

8                    **I.    THE PARTIES AND THEIR CITIZENSHIP**

9        1.    Defendant KSI is a corporation organized under the laws of the

10  State of Delaware with its principal place of business located in Troy, Michigan.

11  (Complaint ¶9, Exh. A; Declaration of Debra Jordan ("Jordan Decl.") ¶ 3).[1]  Thus,

12  KSI is a citizen of Michigan and/or Delaware for purposes of diversity jurisdiction,

13  and is not a citizen of California.  *See* 28 U.S.C. § 1332(c).

14

15        2.    At the time of Plaintiff Catherine E. Sullivan's ("Plaintiff")

16  employment with KSI as a temporary employee in 2006, KSI earned the majority of

17  its revenue in states outside of California, and no single state generated an

18  inordinately large proportion of its revenue.  For example, only 11.6% of KSI's

19  revenue was derived from California.  (Jordan Decl. ¶ 4).  Under a "substantial

20  predominance" analysis, no single state conducts the vast majority of KSI's business

21  activities.  *See Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th

22  Cir. 1990).

23

24        3.    Under the "nerve center" test, KSI's principal place of business is

25  Michigan.  *See Tosco Corp. v. Communities for a Better Environment*, 236 F.3d

26  ─────────────────────────────────────
[1]        Filed herewith as Exhibit A to this Notice of Removal are copies of all of the
27        pleadings, processes and orders that have been served upon KSI to date, and that
        have been filed in the State Court Action.
28

W02-WEST:1LDT1\400317098.1                                    DEFENDANT KELLY SERVICES, INC.'S
                                                              NOTICE OF REMOVAL

1   495, 500 (9th Cir. 2001). KSI's corporate headquarters, where the majority of

2   executive and administrative functions are performed, and corporate offices and

3   executives are located in Michigan. (Jordan Decl. ¶ 3). Accordingly, KSI's

4   principal place of business is appropriately Michigan.

5

6          4.      Plaintiff is a California employee of KSI assigned to temporary

7   work for KSI's clients. At all times relevant to this action she has been a resident of

8   the State of California. (Complaint ¶¶ 6, 8, Exh. A; Jordan Decl. ¶ 7). Residence is

9   prima facie evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19

10  F.3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of

11  California, and she is not a citizen of the State of Delaware or the State of Michigan

12  for purposes of diversity jurisdiction.

13

14         5.      The putative plaintiff class members are KSI employees assigned

15  to work for KSI customers "whose employment in California ended from four years

16  prior to the filing" of Plaintiff's Complaint through the date of the action's

17  resolution. (Complaint ¶ 17, Exh. A). Plaintiff's theory of liability hinges on the

18  allegation that for purposes of sections 201 and 202 of the California Labor Code,

19  an employee is "discharged" or "quits" when a temporary assignment with KSI ends.

20  KSI records indicate that the vast majority of these putative class members (i.e.

21  employees whose temporary assignments ended in California within four years of

22  the filing of the Complaint) have last known addresses located within the State of

23  California. (Jordan Decl. ¶ 8). Therefore, KSI asserts and affirmatively alleges that

24  at least one (and probably almost all) of the members of this putative class are not

25  citizens of the State of Delaware or the State of Michigan, and are instead citizens of

26  California.

27

28

DEFENDANT KELLY SERVICES, INC.'S
                                                        NOTICE OF REMOVAL

## II.   TIMELINESS OF REMOVAL

6.   The State Court Action was filed in the Superior Court for the County of Alameda on or about April 20, 2007. (Complaint p. 1, Exh. A).

7.   KSI's agent for service of process was served with a file-stamped copy of the Summons and Complaint on April 28, 2007. (Jordan Decl. ¶ 5).

8.   This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a), in that it is filed within thirty (30) days after KSI was served with a copy of the Summons and Complaint in the State Court Action. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that the deadline for filing a removal notice is not until thirty (30) days after service of the complaint).

## III.   REMOVAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

9.   The CAFA amended the diversity jurisdiction statute, 28 U.S.C. § 1332, by adding provisions that give federal courts original jurisdiction in class actions where the following factors are met:

a.   the aggregate amount in controversy exceeds $5,000,000;

b.   any member of the plaintiff class is a citizen of a State different from any defendant or any member of the plaintiff class is a citizen or subject of a foreign state and any defendant is a citizen of a State ("minimal diversity");

c.   the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and

-4-

1        d.    the number of members of the plaintiff class is 100 or more.

2        28 U.S.C. § 1332(d)(2), (d)(5); *see also Hart v. FedEx Ground*

3    *Package System, Inc.,* 457 F.3d 675, 679 (7th Cir. 2006).

4

5    **A.    Minimal Diversity**

6        10.    In the present case, the minimal diversity requirement of the

7    CAFA has been met.  As noted above, KSI is a citizen of Delaware and Michigan

8    and Plaintiff is a citizen of California and at least one member of plaintiff putative

9    class is a citizen of a state other than Michigan and Delaware.  (*Compare* Complaint

10    ¶¶ 6, 8, , Exh. A *with*  Complaint ¶ 9, Exh. A;  Jordan Decl. ¶¶ 3, 4, 7, 8).

11    Accordingly, the minimal diversity requirement of the CAFA is satisfied in two

12    separate and equally sufficient manners.  See 28 U.S.C. § 1332(d)(2)(A) & (B).

13

14        11.    Also in the present case, the sole Defendant, KSI, is not a state,

15    state official, or other government entity "against whom the district court may be

16    foreclosed from ordering relief."

17

18    **B.    Class Size**

19        12.    With respect to the CAFA requirement of numerosity, Plaintiff's

20    Complaint asserts that there are at least 50 individuals in the putative class, however

21    KSI records indicate that at least 277,380 temporary assignments ended during the

22    relevant time period.  In 2006 alone, there were 35,903 putative class members.

23    (Complaint ¶18, Exh. A; Jordan Decl. ¶ 9).  The scope of this class, as identified in

24    Plaintiff's Complaint, is every California-based KSI employee assigned to work for

25    KSI customers in California from four (4) years prior to filing of this action to the

26    conclusion of this action.  Clearly, that number is well in excess of 100.

27

28

## C.    Amount In Controversy

13.    While Plaintiff's Complaint does not set forth the precise amount of money being sought from KSI, the allegations therein make it clear that the aggregated amount in controversy for the putative class exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(6) ("the claims of the individual class members shall be aggregated to determine whether the matter in controversy the sum or value of $5,000,000.").

14.    KSI's burden to demonstrate the amount in controversy is low. It need show only that there is "a reasonable probability that the stakes exceed" $5,000,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, KSI need not provide this Court with "proof" or "evidence" that Plaintiff actually will recover more than $5,000,000; rather, removal is proper as long as "a recovery exceeding $5 million for the class as a whole is not 'legally impossible.'" *Id.* at 448-49.

15.    The First Cause of Action of the Complaint alleges that KSI improperly failed to timely pay the putative class members their final wages at the time of discharge or resignation over the course of a four (4) year period. (Complaint ¶ 26-29, Exh. A). Plaintiff interprets "discharge" or "resignation" to mean the end of any temporary work assignment. KSI vigorously disagrees with this interpretation. Under Plaintiff's theory, Plaintiff seeks to recover:

   a.    "wages due Plaintiff and any Class Members who have left the employment of" KSI and interest thereon;" (Complaint ¶¶ 28, 38, Exh. A) and

   b.    waiting time penalties pursuant to Labor Code § 203. (Complaint ¶¶ 29, 39, Exh. A).

1          Because Plaintiff's temporary assignment with KSI ended on August

2 11, 2006 and she received her paycheck on her regular pay date, August 16, 2006,

3 Plaintiff claims that she is entitled to waiting time penalties in an amount equal to

4 five (5) days of wages. (Complaint ¶¶ 12, 14, Exh. A).   While employed by KSI,

5 Plaintiff was paid $190.00 per day. (Jordan Decl. ¶ 10). Therefore, assuming

6 *arguendo* that Plaintiff's theory of liability is correct and that she worked 8 hours per

7 day, Plaintiff is owed a total of $950 in waiting time penalties. (Jordan Decl. ¶ 11).

8 Given that the number of temporary assignments that ended in California is 277,380,

9 the average recovery per ending assignment under the First Cause of Action of the

10 Complaint need only be $18.03 to satisfy the $5,000,000 threshold.   Assuming

11 Plaintiff is in fact representative of her putative class, the potential recovery per

12 temporary assignment is $950.00.   This would yield a recovery well in excess of

13 $5,000,000.00 if at the end of each temporary assignment an employee is owed

14 waiting time penalties for at least five (5) days of wages during the four (4) year

15 class period.   Accordingly, there is "a reasonable probability that the stakes exceed"

16 $5,000,000. *Brill*, 427 F.3d at 448-49.

17

18          16.    Count II alleges that KSI violated Business and Professions Code

19 § 17200 *et seq.* (Complaint ¶ 30-34, Exh. A).  Plaintiff seeks to recover injunctive

20 relief. (Complaint ¶¶ 33, 42, Exh. A).  *See Tropp v. Western-Southern Life Ins. Co.*,

21 381 F.3d 591, 595 (7th Cir. 2004)(holding the amount in controversy includes "the

22 cost of implementing the injunctive relief requested.")  Therefore, the cost of

23 implementing changes to KSI's payroll system is properly included in the

24 calculation of estimated damages.

25

26          17.    Plaintiff also seeks to recover her attorneys' fees under both

27 Counts of her Complaint. (Complaint ¶¶ 29, 40, 43, Exh. A).  These are properly

28 considered in the analysis of the amount in controversy. *See Oshana v. Coca-Cola*

-7-

1  *Co.*, 472 F.3d 506, 512 (7th Cir 2006)("attorneys' fees up to the time of removal also

2  count toward the jurisdictional amount.")

3

4       18.    Taking the aggregate damages sought and the cost of complying

5  with the injunctive relief Plaintiff seeks, it is clear that there is "a reasonable

6  probability that the stakes exceed" $5,000,000. *Brill,* 427 F.3d at 448-49.

7  Accordingly, removal is proper. 28 U.S.C. § 1332(d).

8

9  **D.    CAFA Exceptions Are Not Applicable**

10       19.    Further, while 28 U.S.C. § 1332(d)(3)&(4) does recognize

11  situations where this Court may or must decline jurisdiction despite the fact that the

12  minimal diversity and the amount in controversy requirements of § 1332(d)(2) are

13  satisfied, this case does not fall into either category because KSI is not a citizen of

14  California. *See* 28 U.S.C. §§ 1331(d)(3)(discretionary declination of jurisdiction

15  limited to situations where "the primary defendants are citizens of the state where

16  the action was originally filed.") and 1331(d)(4)(A)(local controversy mandatory

17  declination limited to where "at least one defendant is … a citizen of the State in

18  which the class action was filed." *See also* 1331(d)(4)(B)(home state controversy

19  mandatory declination limited to cases where "the primary defendants are citizens of

20  the State in which the action was originally filed."). Additionally, Plaintiff

21  shoulders the burden of establishing that any of these exceptions apply. *Hart*, 457

22  F.3d at 682 ("Our holding [is] that the plaintiff has the burden of persuasion on the

23  question whether the home-state or local controversy exceptions apply.")

24

25  **IV.   VENUE**

26       20.    Venue is proper in the Northern District of California pursuant to

27  29 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to the

28  alleged claims occurred in the Northern District of California. Venue in the

-8-

1    Northern District of California is also proper pursuant to 28 U.S.C. § 1441(a)

2    because the county in which the State Court Action was pending is found within this

3    District.

4

5                              V.    **DEFENSES**

6          21.    The removal of this action to the Northern District of California

7    does not waive KSI's ability to assert any defense to this action.

8

9          22.    KSI has filed a true and correct copy of this Notice of Removal

10   with the Superior Court for the County of Alameda.

11

12         WHEREFORE, KSI has removed this action to the United States

13   District Court for the Northern District of California, in accordance with the statutes

14   in such cases made and provided.

15

16   Dated:  May 29, 2007

17                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

18

19                              By

20                                   RICHARD J. SIMMONS
                                     DEREK R. HAVEL
21                                   GEOFF D. DEBOSKEY
22                                   LAUREN D. THIBODEAUX

23                                   Attorneys for Defendants
24                                   KELLY SERVICES, INC.

25

26

27

28

-9-

DEFENDANT KELLY SERVICES, INC.'S
NOTICE OF REMOVAL

# EXHIBIT "A"

4/26/07 @ 3:15 P

1  ~~ERIC A. GROVER (SBN 136080)~~
   JADE BUTMAN (SBN 235920)
2  **KELLER GROVER LLP**
   425 Second Street, Suite 500
3  San Francisco, California 94107
   Phone: (415) 543-1305
4  Facsimile: (415) 543-7861

5  Attorneys for Plaintiff
   Catherine E. Sullivan
6

                                    ENDORSED
                                      FILED
                                  ALAMEDA COUNTY

                                   APR 2 0 2007

                           CLERK OF THE SUPERIOR COURT
                              By Tasha Perry, Deputy

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
               IN AND FOR THE COUNTY OF ALAMEDA
10

11  CATHERINE E. SULLIVAN, on behalf of    )  Case No.    RG 07 3 21 7 5 9
    herself and all others similarly situated,  )
12                                          )  **CLASS ACTION**
                                            )
13            Plaintiff,                     )  **COMPLAINT FOR DAMAGES AND**
                                            )  **INJUNCTIVE RELIEF:**
14        v.                                 )
                                            )  1.  **VIOLATION OF LABOR CODES**
15                                          )      **§§ 201-202**
    KELLY SERVICES, INC, and DOES 1 TO      )
16  10, inclusive,                           )  2.  **UNFAIR BUSINESS PRACTICES**
                                            )      **(Violation of California Business and**
17                                          )      **Professions Code §§ 17200 *et seq.*)**
              Defendants.                    )
18                                          )
                                            )  **DEMAND FOR JURY TRIAL**
19  _____)

20

21

22

23

24

25

26

27

28

                            _____
                                Class Action Complaint

1    Plaintiff Catherine E. Sullivan (hereafter "Plaintiff"), by and through her attorneys, alleges

2    upon personal knowledge as to herself and her acts stated herein, and upon information and belief

3    as to all other matters, as follows:

### I. INTRODUCTION

5    1.    This class action is on behalf of a class of former employees of Defendant KELLY

6    SERVICES, INC. ("KELLY SERVICES"). Defendant failed to pay these workers their final checks

7    in a timely manner, in violation of Labor Code §§ 201-202.

8    2.    Plaintiff, CATHERINE E. SULLIVAN, was employed by KELLY SERVICES from

9    March 16 through August 11, 2006. Defendant failed to pay Plaintiff her final paycheck on her last

10   day of work, violating Labor Code § 201. Consequently, Plaintiff is entitled to waiting time

11   penalties under Labor Code § 203.

12   3.    Plaintiff is informed and believes and thereon alleges that Defendant's practice of

13   not paying its employees' final paycheck in a timely manner following discharge or resignation

14   extends to scores of people formerly employed by Defendant, going back four years.

15   4.    California law, as set forth in Labor Code §§ 201 and 202, provides that if an

16   employer discharges an employee, the employer must pay the employee their earned and unpaid

17   wages immediately. The employee must also be paid immediately if he or she resigns and provides

18   at least 72 hours notice of their resignation. Finally, if an employee resigns without providing 72

19   hours notice of their resignation, the employer must pay the employee the final check within 72

20   hours.

21   5.    Plaintiff seeks all available remedies for violations of Labor Code §§ 201 and 202,

22   and, to the extent allowable by law, restitution and/or disgorgement in connection with Defendant's

23   violation of California's Unfair Competition Law.

### II. JURISDICTION AND VENUE

25   6.    This Court has subject matter jurisdiction over this action pursuant to Business &

26   Professions Code § 17204 and Code of Civil Procedure § 410.10. This Court has personal

27   jurisdiction over the parties because Plaintiff is a resident of the State of California. The Defendant

28

Class Action Complaint                                                    1

1  has 17 offices in California and systematically and continually does business in the State of

2  California.

3      7.    Venue is proper in this Court because Cal. Civ. Proc. Code §§ 395 and 395.5, along

4  with case law interpreting those sections, provide that if a foreign corporation fails to designate

5  with the office of the California Secretary of State a principal place of business in California, it is

6  subject to being sued in any county that a Plaintiff desires. On information and belief, Defendant

7  is a foreign corporation that has failed to designate a principal place of business with the office of

8  the Secretary of State.

9                              **III. THE PARTIES**

10     8.    Plaintiff Catherine E. Sullivan is a California resident. She worked for KELLY

11  SERVICES as a temporary employee sent to Managed Health Network to work on projects from

12  March 16 through August 11, 2006.

13     9.    Defendant KELLY SERVICES, INC. is a Delaware corporation. Defendant owns

14  and/or operates temporary agencies in California. Defendant sends people it hires to work on

15  projects for its clients throughout the state.

16     10.    Plaintiff is unaware of the true names and capacities of the Defendants sued as

17  DOES 1 through 10, inclusive, and will seek leave to amend this Complaint to allege their true

18  names and capacities once they are ascertained. Upon information and belief, Plaintiff makes all

19  allegations contained in this Complaint against all of the Defendants, including Does 1 through 10,

20  inclusive.

21                         **IV. FACTUAL BACKGROUND**

22  **A.    Defendant Failed to Pay Plaintiff Her Final Check on Her Final Day**

23     11.    Plaintiff was a temporary employee of Defendant and was sent out to one client to

24  work on projects.

25     12.    Plaintiff's tenure at KELLY SERVICES lasted through August 11, 2006. At that

26  time, Defendant took Plaintiff off her assignment and did not reassign her to a new project.

27     13.    Plaintiff did not receive her final check on the final day she worked for Defendant.

28     14.    Plaintiff had to wait until August 16, 2006 to receive her final check.

---

Class Action Complaint                                              2

## V. CLASS ACTION ALLEGATIONS

15.  Plaintiff brings this action individually and on behalf of a class of people similarly situated. This action is brought and can be properly maintained as a class action pursuant to Cal. Civ. Proc. Code § 382. Questions of law and fact common to the class predominate over questions affecting individual members. This class action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions. Therefore, a class action is superior to other methods of adjudicating the claims.

16.  Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, KELLY SERVICES engaged in a policy and practice of not timely paying wages owing to its employees assigned to its customers, upon discharge or resignation from their employment in California.

17.  **Definition of Plaintiff Class.** Plaintiff brings this action on behalf of herself and a class of KELLY SERVICES employees assigned to work for KELLY SERVICES' customers whose employment in California ended from four years prior to the filing of this action through the date this action is resolved. Plaintiff reserves the right under California Rules of Court section 3.765 to amend or modify the class description, or to seek to limit certification to specific issues.

18.  **Numerosity of the Class.** The Plaintiff Class is so numerous that individual joinder of all members is impractical under the circumstances of this case. While the exact number of Class Members is unknown to Plaintiff at this time and can only be ascertained after discovery directed to Defendant, Plaintiff believes and therefore alleges that the Class consists of over 50 individuals.

19.  **Typicality of Claims.** Plaintiff's claims are typical of the claims of the members of the Class, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class Members she seeks to represent. Plaintiff and all Class Members have sustained damages and face irreparable harm arising out of Defendant's common course of conduct as alleged herein. The damages sustained by each member of the Class were caused directly by Defendant's wrongful conduct, as alleged herein.

20.  **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff's claims are not antagonistic to those of the

1    members of the Class. Plaintiff has retained attorneys who are experienced in the prosecution of
2    class actions, including wage and hour class actions, and Plaintiff intends to prosecute this action
3    vigorously.

4        21.    **Community of Interest; Existence and Predominance of Common Questions**
5    **of Law or Fact.** Common questions of law and fact exist as to all members of the Class that
6    predominate over any questions affecting only individual Class Members. These common legal and
7    factual questions, which do not vary among Class Members, and which may be determined without
8    reference to the individual circumstances of any Class Member include, but are not limited to, the
9    following:

10       (a)    Does KELLY SERVICES maintain a policy and practice of not assuring that
11   the final wages of its employees are timely paid in compliance with Labor
12   Code §§ 201 and 202?

13       (b)    Is KELLY SERVICES liable for waiting-time remedies pursuant to Labor
14   Code § 203 if it does not pay its employees within the time frames
15   prescribed in Labor Code §§ 201 and 202?

16       (c)    Is the violation of Labor Code §§ 201 and 202 a basis upon which an unfair
17   business practice cause of action can be maintained?

18       22.    **Superiority.** A class action is superior to other available methods for the fair and
19   efficient adjudication of this controversy, since individual litigation of the claims of each Class
20   Member is impracticable. Even if every individual Class Member could afford individual litigation,
21   the court system could not. It would be unduly burdensome to the court in which the individual
22   litigation of the numerous cases would proceed. Individualized litigation would also present the
23   potential for varying, inconsistent, or contradictory judgments and would magnify the delay and
24   expense to all parties and to the court system resulting from multiple trials of the same complex
25   factual issues. By contrast, the conduct of this action as a class action presents few management
26   difficulties, conserves the resources of the parties and of the court system, and protects the rights
27   of each Class Member. Plaintiff anticipates no difficulty in the management of this action as a class
28   action.

Class Action Complaint    4

23.    The prosecution of separate actions by individual Class Members may create a risk of conflicting adjudications that would be dispositive of the interests of the other Class Members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class Members to protect their interests.

24.    The prosecution of individual actions by Class Members would establish inconsistent standards of conduct for Defendant.

25.    Defendant has acted or has refused to act in a manner generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole, as requested herein. Likewise, Defendant's conduct as described above is unlawful, continuing and capable of repetition and will continue unless restrained and enjoined by the Court.

## FIRST CAUSE OF ACTION

### (Violation of Labor Code §§ 201 and 202)

26.    The preceding paragraphs of this Complaint are realleged and incorporated by reference.

27.    KELLY SERVICES employed and paid Plaintiff and other Class Members to work on projects for clients in California.

28.    Plaintiff is informed and believes and consequently alleges that throughout the three year time period embraced by this cause of action, KELLY SERVICES' employment of over 50 employees in California ended by discharge or resignation and these Class Members were not timely paid their final uncontested wages as required by Labor Code § § 201 and/or 202. Plaintiff is informed and believes that KELLY SERVICES had a policy and practice of paying such persons without regard for the requirements of Labor Code §§ 201 and/or 202.

29.    Pursuant to Labor Code § 203, KELLY SERVICES is obligated to pay the Class Members one day of wages for each day their wages were late up to a maximum of 30 days of wages, plus, to the extent allowed by law, interest, attorney fees, and cost of suit incurred herein.

Class Action Complaint                                                5

## SECOND CAUSE OF ACTION

### (Violation of Business and Professions Code § 17200 *et seq.*)

30.     The preceding paragraphs of this Complaint are realleged and incorporated by reference.

31.     Throughout the period starting four years before the filing of this action, Defendant engaged in and continued to engage in unlawful and unfair business practices in California by practicing, employing and utilizing the employment practices alleged above, namely failing to pay its employees final wages within the time periods specified under Labor Code §§ 201 and 202.

32.     Defendant's use of such unlawful and unfair business practices constitutes unfair competition and provides an unfair advantage over Defendant's competitors, in violation of California Business and Professions Code § 17200 *et seq.*

33.     Plaintiff seeks, on her behalf and on behalf of a class of people similarly situated, full restitution of monies and/or disgorgement of profits generated thereby, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendant and/or profits generated thereby by means of the unfair practices complained of herein.

34.     Plaintiff seeks, on her behalf and on behalf of a class of people similarly situated, an injunction prohibiting Defendant from continuing to engage in the unlawful and unfair business practices complained of herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

### CLASS CERTIFICATION:

35.     That this action be certified as a class action;

36.     That Plaintiff be appointed as the representative of the class; and

37.     That Counsel for Plaintiff be appointed as class counsel.

### AS TO THE FIRST CAUSE OF ACTION:

38.     Upon the First Cause of Action, for all wages due Plaintiff and any Class Members who have left the employment of KELLY SERVICES in an amount according to proof, with interest thereon from the date such continuation wages were due;

1    39.    For all amounts owed Plaintiff and the Class for Defendant's violation of Labor Code

2    § 203; and

3    40.    For reasonable attorneys' fees and costs allowed by law and according to proof.

4    **AS TO THE SECOND CAUSE OF ACTION**:

5    41.    For restitution and/or disgorgement of profits as allowed by law and according to

6    proof;

7    42.    For injunctive relief; and

8    43.    For attorneys' fees and costs pursuant to Cal. Civ. Proc. Code 1021.5.

9

10

11    Dated: April 20, 2007                    KELLER GROVER LLP

12

13

14    By:

15    ERIC A. GROVER

        Attorneys for Plaintiff

16

17    **JURY TRIAL DEMAND**

18    Plaintiff demands a trial by jury as to all issues so triable.

19

20    Dated: April 20, 2007                    KELLER GROVER LLP

21

22    By:

23    ERIC A. GROVER

        Attorneys for Plaintiff

24

25

26

27

28

Class Action Complaint                                               7

-17-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Eric A. Grover, Esq. (SBN 136080)<br>KELLER GOVER LLP<br>425 Second Street, Suite 500<br>San Francisco, CA 94107 | ENDORSED<br>FILED<br>ALAMEDA COUNTY |

TELEPHONE NO.: (415) 543-1305    FAX NO.: (415) 543-7861
ATTORNEY FOR (Name): Plaintiff Catherine E. Sullivan

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

APR 2 0 2007

CLERK OF THE SUPERIOR COURT
By Tasha Ferry, Deputy

CASE NAME:
Catherine E. Sullivan v. Kelly Services, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG 07321759 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Fraud (16) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | |
| **Employment** | ☐ Writ of mandate (02) | |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☑ Other employment (15) | | |

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action (specify): 2
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: April 20, 2007
Eric A. Grover, Esq.

_(TYPE OR PRINT NAME)_                          _(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | SULLIVAN v. KELLY SERVICES, INC., et al. | Case Number: | |
|---|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | |
|---|---|
| | [ ] Hayward Hall of Justice (447) |
| [✓] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [✓] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | ( ) | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial | Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential | of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs | [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

-19-

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KELLY SERVICES, INC., *and DOES 1 to 10, inclusive*

ENDORSED
FILED
ALAMEDA COUNTY

APR 2 0 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CATHERINE E. SULLIVAN on behalf of herself and all others
similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for  your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
  *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Alameda County Superior Court, Rene C. Davidson Courthouse<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>**07 3 21 7 5 9** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric A. Grover, Keller Grover LLP, 425 Second Street, Suite 500, San Francisco, CA 94107
Tel: (415) 543-1305 Fax: (415) 543-7861                                                    Tasha Perry

| | | | |
|---|---|---|---|
| DATE:  APR 2 0 2007<br>*(Fecha)* | PAT S PATTEN | Clerk, by _____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* KELLY SERVICES, INC.

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.  www.USCourtForms.com |

ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKAGE
Effective April 15, 2005

**Instructions to Plaintiff / Cross-Complainant**

In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

(c) **The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.**

Rev 4/05

## GENERAL INFORMATION ABOUT ADR

### Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

### Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

### Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

Rev 4/05

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

Rev 4/05

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediatl1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The **California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The **State Bar of California** administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

Rev 4/05

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
**222278 Redwood Road, Castro Valley, CA 94546**
Phone: (510) 733-4940    fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
**1968 San Pablo Avenue, Berkeley, CA 94702-1612**
Phone: (510) 548-2377    fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**
Phone: (510) 768-3100    fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**1789 Barcelona Street, Livermore, CA 94550**
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
**1212 Broadway Street, Suite 837, Oakland, CA 94612**
Phone: (510) 444-6351    fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

Rev 4/05

**ALAMEDA COUNTY SUPERIOR COURT**
**ADR PROGRAM**

**ADR Program Administrator**

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

**The Judicial Arbitration Process**

Appointment of Arbitrator (must be appointed within 30 days after referral per CRC 1605).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral.)

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

**Assignment of Case *(CRC 1605a(4))***
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

**Hearings *(CRC 1611)***
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

**Award of Arbitrator *(CRC 1615b & c)***
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

**Return of Case to Court**
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

Rev 4/05

-26-

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Plaintiff

vs.

Case No.: _____

**STIPULATION FOR ALTERNATIVE
DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

ENDORSED
FILED
ALAMEDA COUNTY

MAY 2 4 2007

CLERK OF THE SUPERIOR COURT
By KMEL DHILLON Deputy

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2    Including Professional Corporations
   RICHARD J. SIMMONS, Cal. Bar No. 72666
3  DEREK R. HAVEL, Cal. Bar No. 193464
   GEOFFREY D. DEBOSKEY, Cal. Bar No. 211557
4  LAUREN D. THIBODEAUX, Cal. Bar No. 239997
   333 South Hope Street, 48th Floor
5  Los Angeles, California  90071-1448
   Telephone:    213-620-1780
6  Facsimile:    213-620-1398
   rsimmons@sheppardmullin.com
7  dhavel@sheppardmullin.com
   gdeboskey@sheppardmullin.com
8  lthibodeaux@sheppardmullin.com

9  Attorneys for Defendant KELLY SERVICES,
   INC.

10

11

12                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                         FOR THE COUNTY OF ALAMEDA

14

15  CATHERINE E. SULLIVAN, on behalf of        Case No. RG 07321759
    herself and all others similarly situated,
16                                              **DEFENDANT KELLY SERVICES,
        Plaintiff,                              INC.'S ANSWER TO PLAINTIFF'S
17                                              UNVERIFIED COMPLAINT**
        v.
18                                              [Compliant Filed April 20, 2007]
    KELLY SERVICES, INC., and DOES 1 to
19  10, inclusive,,                             Trial Date:  None Set
                                                                    **BY FAX**
20      Defendants.

21

22

23

24        Kelly Services, Inc. ("Defendant"), for itself and no other defendants, hereby

25  answers plaintiff Catherine E. Sullivan's unverified Complaint ("Complaint") as follows:

26

27

28
                                        -1-
    W02-WEST:1LDT\400319288.1              KELLY SERVICES, INC.'S ANSWER TO PLAINTIFF'S
                                                            UNVERIFIED COMPLAINT

1    **GENERAL DENIAL**

2       Pursuant to the provisions of California Code of Civil Procedure Section

3    431.30, Defendant denies generally and specifically, conjunctively and disjunctively, each

4    and every allegation of the Complaint, and denies Plaintiff is entitled to any relief

5    whatsoever as against Defendant.

6

7    **AFFIRMATIVE DEFENSES**

8

9    **FIRST AFFIRMATIVE DEFENSE**

10       (Failure to State a Cause of Action)

11       1.    Neither the Complaint, nor any purported cause of action alleged

12    therein, state facts sufficient to constitute a cause of action upon which relief can be

13    granted against Defendant.

14

15    **SECOND AFFIRMATIVE DEFENSE**

16       (Statute of Limitations)

17       2.    The Complaint and each purported cause of action alleged therein are

18    barred, in whole or in part, by the applicable statutes of limitations, including but not

19    limited to California Labor Code Section 203; California Code of Civil Procedure Sections

20    337, 338, 339, 340, and 343; and California Business and Professions Code Section 17208.

21

22    **THIRD AFFIRMATIVE DEFENSE**

23       (Laches)

24       3.    Defendant is informed and believes, and based upon such information

25    and belief alleges, that the Complaint and each purported cause of action alleged therein,

26    are barred, in whole or in part, by the equitable doctrine of laches.

27

28

-2-

W02-WEST:1LDT1\400319288.1                    KELLY SERVICES, INC.'S ANSWER TO PLAINTIFF'S
                                              UNVERIFIED COMPLAINT

1

## FOURTH AFFIRMATIVE DEFENSE

2                              (Estoppel)

3          4.     Defendant is informed and believes, and based upon such information

4 and belief alleges, that Plaintiff is estopped by her conduct from asserting the claims upon

5 which she seeks relief.

6

7

## FIFTH AFFIRMATIVE DEFENSE

8                              (Waiver)

9          5.     Defendant is informed and believes, and based upon such information

10 and belief alleges, that the Complaint and each purported cause of action alleged therein

11 are barred by the doctrine of waiver.

12

13

## SIXTH AFFIRMATIVE DEFENSE

14                         (Unclean Hands)

15          6.     Defendant is informed and believes, and based upon such information

16 and belief alleges, that Plaintiff has or had unclean hands with respect to the matters

17 alleged in the Complaint and is, therefore, barred from recovering any relief on the

18 Complaint or any purported cause of action alleged therein.

19

20

## SEVENTH AFFIRMATIVE DEFENSE

21        (Failure to Exhaust Administrative Remedies)

22          7.     Plaintiff's Complaint, and each purported cause of action alleged

23 therein, is barred because Plaintiff failed to exhaust her administrative remedies under the

24 appropriate statutory provisions, including but not limited to Labor Code sections 2699 et

25 seq.

26

27

28

-3-

1

## EIGHTH AFFIRMATIVE DEFENSE

2

(Primary Jurisdiction Doctrine)

3    8.    The Complaint, and each purported cause of action therein, should be

4  abated in the Court's discretion, and Plaintiff must pursue her administrative remedies

5  under the appropriate statutory provisions, including but not limited to Labor Code

6  sections 2699 et seq., with the California Division of Labor Standards Enforcement, which

7  has primary jurisdiction over Plaintiff's claims.

8

9

## NINTH AFFIRMATIVE DEFENSE

10

(Lack of Standing)

11    9.    Plaintiff lacks standing to assert the Complaint or any purported cause

12  of action alleged therein.

13

14

## TENTH AFFIRMATIVE DEFENSE

15

(Non-Certifiable Class)

16    10.    Defendant is informed and believes, and based upon such information

17  and belief alleges, that the Complaint does not state facts sufficient to certify a class

18  pursuant to California Code of Civil Procedure Section 382.  Accordingly, this action is

19  not properly brought as a class action.

20

21

## ELEVENTH AFFIRMATIVE DEFENSE

22

(No Common Issues)

23    11.    Defendant is informed and believes, and based upon such information

24  and belief alleges, that there is a lack of common issues of fact or law.  Accordingly, this

25  action is not properly brought as a class action.

26

27

28

-4-

1    **TWELFTH AFFIRMATIVE DEFENSE**

2    (Inadequacy of Class Representative)

3        12.    Defendant is informed and believes, and based upon such information

4    and belief alleges, that Plaintiff is an inadequate representative of the class she purports to

5    represent. Accordingly, this action is not properly brought as a class action.

6

7    **THIRTEENTH AFFIRMATIVE DEFENSE**

8    (Lack of Typicality)

9        13.    Defendant is informed and believes, and based upon such information

10    and belief alleges, that Plaintiff's claims are not typical of the class she purports to

11    represent. Accordingly, this action is not properly brought as a class action.

12

13    **FOURTEENTH AFFIRMATIVE DEFENSE**

14    (Inadequacy of Plaintiff's Counsel)

15        14.    Defendant is informed and believes, and based upon such information

16    and belief alleges, that Plaintiff's counsel is not adequately familiar with the substantive

17    and procedural law pertinent to class actions. Accordingly, this action is not properly

18    brought as a class action.

19

20    **FIFTEENTH AFFIRMATIVE DEFENSE**

21    (Lack of Numerosity)

22        15.    Defendant is informed and believes, and based upon such information

23    and belief alleges, that the purported class is not sufficiently numerous. Accordingly, this

24    action is not properly brought as a class action.

25

26

27

28

-5-

KELLY SERVICES, INC.'S ANSWER TO PLAINTIFF'S
                                                UNVERIFIED COMPLAINT

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

(Lack of Superiority)

3    16.    Defendant is informed and believes, and based upon such information

4    and belief alleges, that the class action procedure is not the superior method for

5    adjudicating Plaintiff's claims or the claims of the alleged class. Accordingly, this action is

6    not properly brought as a class action.

7

8

## SEVENTEENTH AFFIRMATIVE DEFENSE

9

(Lack of Specificity)

10    17.    Plaintiff's second cause of action claiming unfair competition in

11    violation of California Business and Professions Code Sections 17200, et seq., is barred

12    because it fails to plead specific facts capable of stating a claim for unfair competition.

13

14

## EIGHTEENTH AFFIRMATIVE DEFENSE

15

(Justification And Privilege)

16    18.    Defendant cannot be liable for any alleged violation of California

17    Business and Professions Code Sections 17200, et seq. or any other alleged cause of action

18    alleged in the Complaint because its actions, conduct and dealings with its employees were

19    lawful, and were carried out in good faith for legitimate business purposes.

20

21

## NINETEENTH AFFIRMATIVE DEFENSE

22

(No Willful Failure to Pay)

23    19.    Neither Plaintiff nor any of the persons on whose behalf Plaintiff

24    purports to sue can recover waiting time penalties because any alleged failure to pay wages

25    was based on a good faith dispute regarding the applicable law or facts.

26

27

28

-6-

W02-WEST:1LDT1\400319288.1        KELLY SERVICES, INC.'S ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

(Good Faith Defense)

3      20.    At all times relevant, Defendants acted in good faith, with honesty of

4  purpose and without any willful intention to withhold payment.  See Barnhill v. Robert

5  Saunders & Co., 125 Cal. App. 3d 1 (1981); Bothell v. Phase Metrics, Inc., 299 F.3d 1120

6  (9th Cir. 2002).

7

8

## TWENTY-FIRST AFFIRMATIVE DEFENSE

9

(Due Process)

10      21.    Plaintiff's Complaint, to the extent it seeks penalties or restitution on

11 behalf of absent class members or the general public, violates the due process clause as

12 provided in the Fifth and Fourteenth Amendments of the United States Constitution and in

13 the California Constitution.

14

15

## TWENTY-SECOND AFFIRMATIVE DEFENSE

16

(Attorneys' Fees)

17      22.    As a consequence of Plaintiff's bringing or maintaining this action,

18 Defendant has been required to retain attorneys to defend itself, and Defendant is entitled

19 to recover its attorneys fees incurred herein pursuant to California Labor Code

20 Section 218.5.

21

22

## RESERVATION OF RIGHT TO AMEND ANSWER

23      23.    Defendant hereby gives notice that it intends to rely on such other and

24 further defenses as may become available during discovery in this action and reserves the

25 right to amend its answer to assert any such defenses.

26

27

28

-7-

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.    That the Complaint be dismissed in its entirety;

2.    That Plaintiff take nothing by reason of her Complaint and that judgment be rendered in favor of Defendant;

3.    That Defendant be awarded its costs of suit and attorneys' fees incurred in defense of this action; and

4.    For such other and further relief as this court deems just and proper.

Dated:  May 24, 2007

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

RICHARD J. SIMMONS
DEREK R. HAVEL
GEOFF D. DEBOSKEY
LAUREN D. THIBODEAUX

Attorneys for Defendants
KELLY SERVICES, INC.

W02-WEST:1LDT1\400319288.1

-8-

KELLY SERVICES, INC.'S ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT

1

<u>PROOF OF SERVICE</u>

2

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

3

        I am employed in the County of Los Angeles; I am over the age of eighteen
years and not a party to the within entitled action; my business address is 333 South Hope

4

Street, 48th Floor, Los Angeles, California 90071-1448.

5

        On **May 24, 2007**, I served the following document(s) described as **DEFENDANT
KELLY SERVICES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED**

6

**COMPLAINT** on the interested party(ies) in this action by placing true copies thereof
enclosed in sealed envelopes and/or packages addressed as follows:

7

8

    Eric A. Grover, Esq.                    Tel:  415-543-1305
    Jade Butman, Esq.                    Fax:  415-543-7861

9

    Keller Grover LLP
    425 Second Street, Ste. 500
    San Francisco, CA  94107

10

☒    **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and

11

processing correspondence for mailing.  Under that practice it would be deposited
with the U.S. postal service on that same day with postage thereon fully prepaid at

12

Los Angeles, California in the ordinary course of business.  I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or

13

postage meter date is more than one day after date of deposit for mailing in
affidavit.

14

☐    **BY OVERNIGHT DELIVERY:**  I served such envelope or package to be

15

delivered on the same day to an authorized courier or driver authorized by the
overnight service carrier to receive documents, in an envelope or package

16

designated by the overnight service carrier.

17

☐    **BY FACSIMILE:**  I served said document(s) to be transmitted by facsimile
pursuant to Rule 2.306 of the California Rules of Court.  The telephone number of

18

the sending facsimile machine was 213-620-1398.  The name(s) and facsimile
machine telephone number(s) of the person(s) served are set forth in the service list.

19

The sending facsimile machine (or the machine used to forward the facsimile)
issued a transmission report confirming that the transmission was complete and

20

without error.  Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this
declaration.

21

☐    **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the

22

office of the addressee(s).

23

☒    **STATE:**  I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

24

    Executed on **May 24, 2007**, at Los Angeles, California.

25

26

27

    Donna J. McCurdy

28

W02-WEST:1LDT1\400322298.1             -1-

1  <u>PROOF OF SERVICE</u>

2  <u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

3        I am employed in the County of Los Angeles; I am over the age of
   eighteen years and not a party to the within entitled action; my business address is
4  333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

5        On **May 29, 2007**, I served the following document(s) described as
   **DEFENDANT KELLY SERVICES, INC.'S NOTICE OF REMOVAL OF**
6  **ACTION PURSUANT TO 28 U.S.C. § § 1332, 1441 AND 1446** on the interested
   party(ies) in this action by placing true copies thereof enclosed in sealed envelopes
7  and/or packages addressed as follows:

8        Eric A. Grover, Esq.                    Tel:  415-453-1305
         Jade Butman, Esq.
9        Keller Grover LLP
         425 Second Street, Ste. 500
10       San Francisco, CA  94107

11  ☒    **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand
         to the office of the addressee(s).
12
    ☒    **FEDERAL:**  I declare that I am employed in the office of a member of the
13       bar of this Court at whose direction the service was made.  I declare under
         penalty of perjury under the laws of the United States of America that the
14       foregoing is true and correct.

15        Executed on **May 29, 2007**, at Los Angeles, California.

16

17                                          _____
                                            Donna J. McCurdy
18

19

20

21

22

23

24

25

26

27

28                                  -37-