ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
JADE BUTMAN (SBN 235920)
jbutman@kellergrover.com
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, California 94107
Phone: (415) 543-1305
Facsimile: (415) 543-7861

Attorneys for Plaintiff
Catherine E. Sullivan

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CATHERINE E. SULLIVAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KELLY SERVICES, INC, and DOES 1 TO 10, inclusive,<br><br>Defendants. | Case No. CV 07-02784 CW<br><br>CLASS ACTION<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>**1. VIOLATION OF LABOR CODE §§ 201-203, 2699**<br><br>**2. UNFAIR BUSINESS PRACTICES (Violation of California Business and Professions Code §§ 17200, *et seq.*)** |

_____
First Amended Complaint                                              Case No. CV 07-02784 CW

Plaintiff Catherine E. Sullivan (hereafter "Plaintiff"), by and through her attorneys, alleges upon personal knowledge as to herself and her acts stated herein, and upon information and belief as to all other matters, as follows:

## I. INTRODUCTION

1. This class action is on behalf of a class of former employees of Defendant KELLY SERVICES, INC. ("KELLY SERVICES"). Defendant failed to pay these workers their final checks in a timely manner, in violation of Labor Code §§ 201-202.

2. Plaintiff, CATHERINE E. SULLIVAN, was employed by KELLY SERVICES from March 16 through August 11, 2006. Defendant failed to pay Plaintiff her final paycheck on her last day of work, violating Labor Code § 201. Consequently, Plaintiff is entitled to waiting time penalties under Labor Code § 203.

3. Plaintiff is informed and believes and thereon alleges that Defendant's practice of not paying its employees' final paycheck in a timely manner following discharge or resignation extends to scores of people formerly employed by Defendant, going back four years.

4. California law, as set forth in Labor Code §§ 201 and 202, provides that if an employer discharges an employee, the employer must pay the employee his or her earned and unpaid wages immediately. The employee must also be paid immediately if he or she resigns and provides at least 72 hours notice of resignation. Finally, if an employee resigns without providing 72 hours notice of resignation, the employer must pay the employee the final check within 72 hours.

5. Plaintiff seeks all available remedies for violations of Labor Code § 201 and 202, and, to the extent allowable by law, restitution and/or disgorgement in connection with Defendant's violation of California's Unfair Competition Law.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims alleged herein pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), as this is a class action and the

amount in controversy (including attorneys' fees) exceeds the sum of $5 million and involves a California plaintiff and an out-of-state defendant. Based on the Class Action Fairness Act, this Court may assume jurisdiction of Plaintiff's state law claims based on California Business & Professions Code §§ 17200, *et seq.* and California Labor Code §§ 201-203 and 2699. Plaintiff has complied with all requirements set forth in Labor Code § 2699.3 necessary to commence a civil action seeking Labor Code § 2699 penalties.

7. Venue is proper in this Court because Plaintiff is a resident of Marin County, California and Defendant is a Delaware corporation with a principal place of business in Michigan.. Defendant has 17 offices in California and systematically and continually does business in the State of California, including in this judicial district.

### III. THE PARTIES

8. Plaintiff Catherine E. Sullivan is a California resident. She worked for KELLY SERVICES as a temporary employee sent to Managed Health Network to work on projects from March 16 through August 11, 2006.

9. Defendant KELLY SERVICES, INC. is a Delaware corporation. Defendant owns and/or operates temporary agencies in California. Defendant sends people it hires to work on projects for its clients throughout the state.

10. Plaintiff is unaware of the true names and capacities of the Defendants sued as DOES 1 through 10, inclusive, and will seek leave to amend this Complaint to allege their true names and capacities once they are ascertained. Upon information and belief, Plaintiff makes all allegations contained in this Complaint against all of the Defendants, including Does 1 through 10, inclusive.

### IV. FACTUAL BACKGROUND

**A.   Defendant Failed to Pay Plaintiff Her Final Check on Her Final Day**

11. Plaintiff was a temporary employee of Defendant and was sent out to one client to work on projects.

12. Plaintiff's tenure at KELLY SERVICES lasted through August 11, 2006. At that time, Defendant took Plaintiff off her assignment and did not reassign her to a new project.

13. Plaintiff did not receive her final check on the final day she worked for Defendant.

14. Plaintiff had to wait until August 16, 2006 to receive her final check.

## V. CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action individually and on behalf of a class of people similarly situated. This action is brought and can be properly maintained as a class action pursuant to Fed. R. Civ. P. 23. Questions of law and fact common to the class predominate over questions affecting individual members. This class action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of Fed. R. Civ. P. 23. Therefore, a class action is superior to other methods of adjudicating the claims.

16. Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, KELLY SERVICES engaged in a policy and practice of not timely paying wages owing to its California employees assigned to its customers when those employees resigned or were discharded from their employment.

17. **Definition of Plaintiff Class.** Plaintiff brings this action on behalf of herself and a class of KELLY SERVICES employees assigned to work for KELLY SERVICES' customers whose employment in California ended from four years prior to the filing of this action through the date this action is resolved and who did not receive their final check on the final day they worked for Defendant. Plaintiff reserves the right under the Federal Rules of Civil Procedure and applicable case law to amend or modify the class description, or to seek to limit certification to specific issues.

18. **Numerosity of the Class.** The Plaintiff Class is so numerous that individual joiner of all members is impractical under the circumstances of this case.

While the exact number of Class Members is unknown to Plaintiff at this time and can only be ascertained after discovery directed to Defendant, Plaintiff believes and therefore alleges that the Class consists of more than 5000 individuals.

19. **Typicality of Claims.** Plaintiff's claims are typical of the claims of the members of the Class, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class Members she seeks to represent. Plaintiff and all Class Members have sustained damages and face irreparable harm arising out of Defendant's common course of conduct as alleged herein. The damages sustained by each member of the Class were caused directly by Defendant's wrongful conduct as alleged herein.

20. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff's claims are not antagonistic to those of the members of the Class. Plaintiff has retained attorneys who are experienced in the prosecution of class actions, including wage and hour class actions, and Plaintiff intends to prosecute this action vigorously.

21. **Community of Interest; Existence and Predominance of Common Questions of Law or Fact.** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class Members. These common legal and factual questions, which do not vary among Class Members, and which may be determined without reference to the individual circumstances of any Class Member, include, but are not limited to, the following:

(a) Does KELLY SERVICES maintain a policy and practice of not assuring that the final wages of its employees are timely paid in compliance with Labor Code §§ 201 and 202?

(b) Is KELLY SERVICES liable for waiting-time remedies pursuant to Labor Code § 203 if it does not pay its employees within the time frames prescribed in Labor Code §§ 201 and 202?

(c) Is the violation of Labor Code §§ 201 and 202 a basis upon which

4

First Amended Complaint                                                                 Case No. CV 07-02784 CW

an unfair business practice cause of action can be maintained?

    (d)  Is KELLY SERVICES liable for Labor Code § 2699 penalties for its failure to comply with Labor Code §§ 201-203?

  22. **Superiority.**  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual litigation of the claims of each Class Member is impracticable.  Even if every individual Class Member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which the individual litigation of the numerous cases would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the conduct of this action as a class action presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class Member.  Plaintiff anticipates no difficulty in the management of this action as a class action.

  23. The prosecution of separate actions by individual Class Members may create a risk of conflicting adjudications that, as a practical matter, would be dispositive of the interests of the other Class Members not parties to those adjudications or that would substantially impair or impede the ability of those non-party Class Members to protect their interests.

  24. The prosecution of individual actions by Class Members would establish inconsistent standards of conduct for Defendant.

  25. Defendant has acted or has refused to act in a manner generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole, as requested herein.  Likewise, Defendant's conduct as described above is unlawful, continuing and capable of repetition and will continue unless restrained and enjoined by

the Court.

## FIRST CAUSE OF ACTION
### (Violation of Labor Code §§ 201, 202 and 203)

26. The preceding paragraphs of this Complaint are realleged and incorporated by reference.

27. KELLY SERVICES employed and paid Plaintiff and other Class Members to work on projects for clients in California.

28. Plaintiff is informed and believes and consequently alleges that throughout the three year time period embraced by this cause of action, KELLY SERVICES' employment of more than 5000 employees in California ended by discharge or resignation and these Class Members were not timely paid their final uncontested wages as required by Labor Code §§ 201 and/or 202. Plaintiff is informed and believes that KELLY SERVICES had a policy and practice of paying such persons without regard for the requirements of Labor Code §§ 201 and/or 202.

29. Pursuant to Labor Code § 203, KELLY SERVICES is obligated to pay the Class Members one day of wages for each day their wages were late up to a maximum of 30 calendar days of wages, plus, to the extent allowed by law, interest and cost of suit incurred herein.

## SECOND CAUSE OF ACTION
### (Violation of Business and Professions Code §§ 17200, *et seq.*)

30. The preceding paragraphs of this Complaint are realleged and incorporated by reference.

31. Throughout the period starting four years before the filing of this action, Defendant engaged in and continued to engage in unlawful and unfair business practices in California by practicing, employing and utilizing the employment practices alleged above, namely failing to pay its employees' final wages within the time periods specified under Labor Code §§ 201 and 202.

32. Defendant's use of such unlawful and unfair business practices

constitutes unfair competition and provides an unfair advantage over Defendant's competitors, in violation of California Business and Professions Code §§ 17200, *et seq*.

33. Plaintiff seeks, on her behalf and on behalf of a class of people similarly situated, full restitution of monies, restoration of property and/or disgorgement of profits generated thereby, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendant and/or profits generated thereby by means of the unfair practices complained of herein.

34. Plaintiff seeks, on her behalf and on behalf of a class of people similarly situated and on behalf of the general public, an injunction prohibiting Defendant from continuing to engage in the unlawful and unfair business practices complained of herein.

**THIRD CAUSE OF ACTION**
**(Labor Code Private Attorneys General Act of 2004**
**Labor Code §§ 201-203, 2699)**

35. The preceding paragraphs of this Complaint are realleged and incorporated by reference.

36. Plaintiff is an "aggrieved employee" as that term is defined in Labor Code § 2699(a) because she is a person employed by the alleged violator and against whom one or more of the alleged violations was committed.

37. Plaintiff has met all of the requirements set forth in Labor Code § 2699.3 necessary to commence a civil action against Defendant for violations of Labor Code §§ 201-203.

38. By its actions herein, Defendant has failed to comply with the requirements of Labor Code §§ 201-203 as it relates to Plaintiff and the members of the putative class.

39. Plaintiff therefore brings this action on behalf of herself and all former employees within the State of California who, within the applicable statutory period, did not timely receive all legally required wage payments to which they were entitled pursuant to Labor Code §§ 201-202.

7

First Amended Complaint                                             Case No. CV 07-02784 CW

40. Therefore, Plaintiff, for herself and the members of the putative class, seeks the penalties provided for by Labor Code §§ 2699 for violations of Labor Code §§ 201-203.

41. Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Labor Code §§ 2699(g)(1).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant, as follows:

### CLASS CERTIFICATION:

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the class; and
3. That Counsel for Plaintiff be appointed as class counsel.

### AS TO THE FIRST CAUSE OF ACTION:

4. Upon the First Cause of Action, for all wages due Plaintiff and any Class Members who have left the employment of KELLY SERVICES in an amount according to proof, with interest thereon from the date such continuation wages were due;
5. For all amounts owed Plaintiff and the Class for Defendant's violation of Labor Code § 203; and
6. For interest and reasonable costs allowed by law and according to proof.

### AS TO THE SECOND CAUSE OF ACTION:

7. For restitution, restoration of property and/or disgorgement of profits as allowed by law and according to proof;
8. For injunctive relief; and
9. For attorneys' fees and costs pursuant to Cal. Code Civ. Proc. Code § 1021.5.

## AS TO THE THIRD CAUSE OF ACTION:

10. For the civil penalties specified in Labor Code § 2699 for Plaintiff and the members of the putative class for each violation of Labor Code §§ 201-203 during the applicable statute of limitations period.

11. For reasonable attorneys' fees and costs as provided for by Labor Code § 2699(g)(1).

Dated: June 27, 2007                    Respectfully submitted,

**KELLER GROVER LLP**

By: _____/s/_____
ERIC A. GROVER

Attorneys for Plaintiff
Catherine E. Sullivan

---

First Amended Complaint                                                              Case No. CV 07-02784 CW

9