ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
JADE BUTMAN (SBN 235920)
jbutman@kellergrover.com
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, California 94107
Phone: (415) 543-1305
Facsimile: (415) 543-7861

Attorneys for Plaintiff
Catherine E. Sullivan


DEREK R. HAVEL (SBN 193364)
dhavel@sheppardmullin.com
GEOFFREY D. DEBOSKEY (SBN 211557)
gdeboskey@sheppardmullin.com
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
333 South Hope Street, 48th Floor
Los Angeles, California 90071
Phone: (213) 620-1780
Facsimile: (213) 620-1398

Attorneys for Defendant
Kelly Services, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE E. SULLIVAN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>KELLY SERVICES, INC, and DOES 1 TO 10, inclusive,<br><br>    Defendants. | Case No. CV 07-02784 CW<br><br>CLASS ACTION<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26 DISCOVERY PLAN**<br><br>Date:    September 11, 2007<br>Time:   2:00 p.m.<br>Ctrm:   2 (Oakland Division) |

---
JOINT CASE MANAGEMENT STATEMENT AND                                   Case No. CV 07-02784 CW
RULE 26 DISCOVERY PLAN

Pursuant to the Court's Standing Order regarding the "Contents of Joint Case Management Statements" and Federal Rule of Civil Procedure 26(f), counsel for Plaintiff Catherine E. Sullivan ("Plaintiff") and counsel for Defendant Kelly Services, Inc. ("Defendant") hereby file the following Joint Case Management Statement and Rule 26(f) Discovery Plan.

## 1. **Jurisdiction and Service**:

The parties agree that the Court has jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. 1332, *et seq.* and that the Northern District is the correct venue. Defendant does not contest service of process.

## 2. **Facts:**

Defendant is an international company providing clients temporary staffing services and other staffing solutions. Plaintiff was employed by Defendant and sent out on a temporary assignment. The last day that she performed work for this temporary assignment was August 11, 2006. Plaintiff did not receive her final paycheck until August 16, 2006, the next regularly scheduled pay day. Plaintiff alleges that, pursuant to California Labor Code §§ 201 and 202, she was entitled to be paid her final wages on August 11, 2006, which was the last day she performed work for the temporary assignment. Plaintiff further alleges that as a result of Defendant's failure to timely pay her final wages, she is entitled to the penalty provided for in Labor Code § 203. Plaintiff further alleges that Defendant's failure to timely pay her final wages also gives rise to liability and injunctive relief for unfair business practices under California Business & Professions Code §§ 17200, *et seq.* and civil penalties under Labor Code § 2699, also known as the California Private Attorneys General Act ("PAGA").

Plaintiff brings this action on her own behalf and on behalf of a class of allegedly similarly situated employees who did not timely receive their final wages at the time their employment with Defendant allegedly ended for purposes of Labor Code §§ 201 and 202. In their removal papers, Defendant asserted that at least 277,380 temporary assignments ended during the four-year period preceding the filing of the Complaint. It is currently unknown as to how many of those individuals received their final paychecks for services rendered on a temporary assignment on a date other than the day their temporary assignment ended.

Defendant denies that Plaintiff and any of the putative class of similar individuals were not paid their final wages in manner consistent with California law. Specifically, Defendant denies that its employees were "discharged" or "resigned" pursuant to Labor Code Sections 201 and 202 when every temporary work assignment was completed. Defendant also denies that this matter is appropriate for class certification and further denies that, irrespective of liability, Plaintiff is entitled to penalties pursuant to PAGA or recovery pursuant to California Business and Professions Code Section 17200, *et seq.*

**3.   The principal factual issues in dispute are as follows:**

1. The policy and practice of Defendant with respect to when employees hired to fill temporary staffing positions at client sites receive their wages at the end of each assignment.

2. The policy and practice of Defendant with respect to when Defendant considers the employment of employees hired to fill temporary staffing positions to have ended.

3. When Plaintiff's employment with Defendant ended, if at all.

4. The individualized practice of each putative class member for finding and accepting temporary staffing assignments.[1]

5. The belief of each individual putative class member as to when his or her employment with Defendant did end or will end.[2]

6. The nature and extent to which Defendant has taken any position in a legal proceeding (before a court, administrative agency or governmental body) as to what it considers the last day of employment with respect to an employee hired to fill a temporary staffing position.

**4.    Legal Issues:**

The principal legal issues in dispute are:

1. Whether this action can be maintained as a class action.

2. Whether Plaintiff is entitled to prosecute her Labor Code § 2699 claim as a representative action regardless of whether a class is certified.

3. Whether Defendant's policy and practice with regard to the payment of final paychecks to employees for services rendered on a temporary assignment satisfies the requirements of Labor Code §§ 201 and 202.

4. If Defendant's policy and practice with regard to the

---

[1] Plaintiff does not agree to this factual issue.

[2] Plaintiff does not agree to this factual issue.

payment of final paychecks for services rendered on a temporary assignment does not satisfy the requirements of Labor Code §§ 201 and 202, whether its failure to do so was willful within the meaning of Labor Code § 203.

5. Whether a violation of Labor Code §§ 201 or 202 can form the basis for an unfair business practices claim under Business & Professions Code §§ 17200, *et seq.*

6. Whether a violation of Labor Code §§ 201 or 202 can form the basis for civil penalties under Labor Code § 2699.

7. Assuming liability, what level of civil penalty, if any, is appropriate under Labor Code § 2699.

8. Whether Plaintiff is entitled to costs and attorneys fees.

**5.** **Motions**:

No motions are pending. Plaintiff will file a motion for class certification. Plaintiff may need to file discovery motions. Defendant expects to file a dispositive motion after conducting some discovery.

**6.** **Amendment of Pleadings**:

The parties agree that the deadline by which pleadings will be amended is December 31, 2007.

**7.** **Evidence Preservation**:

The parties have taken measures to ensure preservation of documents related to this action. Defendant has suspended document retention/document destruction policies applicable to materials reasonably related to the subject matter of this lawsuit.

**8.** **Disclosures**:

The parties have agreed to exchange their initial disclosures by mail

service on September 24, 2007.

**9.    Discovery**:

Defendant has noticed Plaintiff's deposition for October 2, 2007 and propounded a document request. Plaintiff has likewise propounded a document request. Plaintiff intends to serve interrogatories and one or more Rule 30(b)(6) deposition notices after an opportunity to review Defendant's document production and Initial Disclosures. Other necessary witnesses will be deposed thereafter.

If Defendant believes that any protective order is necessary to safeguard confidential documents to be disclosed in discovery, it agrees to provide a draft to Plaintiff before September 19, 2007 and submit a joint proposed protective order to the Court before the date that it is due to respond to the outstanding document request from Plaintiff.

Proposed limitations and a discovery plan are outlined in detail below.

   **a.    Initial Disclosures**:

The parties have agreed to exchange their initial disclosures by mail service on September 24, 2007.

   **b.    General Subjects of Discovery:**

The parties agree that discovery should be limited to discovery necessary for Plaintiff to prepare and file her class certification motion. However, the parties recognize that they may have differing opinions regarding whether a particular discovery request is appropriate at the class certification phase. Each party reserves the right to seek the Court's assistance should a dispute as to the proper scope of discovery arise.

   **c.    Changes to Limitations on Discovery:**

The parties agree that no changes to the limitations prescribed

by the Federal Rules of Civil Procedure are necessary at this point. The parties will again examine this issue following Defendant's receipt of Plaintiff's Motion for Class Certification and Plaintiff's receipt of Defendant's Opposition to Plaintiff's Motion for Class Certification.

  **d. Joint Proposed Class Certification Discovery and Motion Schedule:**

| | |
|---|---|
| Initial Disclosures: | Sept. 24, 2007 |
| Class Certification Discovery Cut-Off: | February 22, 2008 |
| Initial Class Cert Expert Disclosures: | March 21, 2008 |
| Rebuttal Class Cert Expert Disclosures: | April 12, 2008 |
| Class Cert Expert Discovery Cut-Off: | May 2, 2006 |
| Last Day to file Class Cert Motion: | May 22, 2008 |

**10. Class Actions**:

  **a. Plaintiff's position (Local Rule 16-9(b))**: This action is maintainable as a class action because it meets all the prerequisites of Fed. R. Civ. P. 23(a)(1)-(4). In addition to meeting the prerequisites of Rule 23(a), the action satisfies one or more of the three alternatives listed under Rule 23(b).

  The proposed class is all persons who, at any time during the four year period preceding the filing of the Complaint, were employed by Defendant in the State of California to fill temporary staffing positions at client sites and did not timely receive their final wages as required by Labor Code §§ 201 and 202.

  All of the requirements of Rule 23(a) are present. The Rule 23(a)(1) numerosity requirement is satisfied. In this regard, in its removal papers, Defendant asserted that over 277,000 individuals have ended temporary assignments in California over the past four years. It can

reasonably be assumed that some significant subset of that population did not receive their final wages on the day their assignment ended.

Plaintiff also contends the commonality requirement of Rule 23(a)(2) and the typicality requirement of Rule 23(a)(3) are present here. Plaintiff contends that both liability and the injuries that flow from such liability all arise from the same course of conduct engaged in by Defendant and turn on the same legal arguments. With respect to subsection (a)(4), Plaintiff and her chosen counsel will adequately represent the interests of the proposed class.

Rule 23(b)(1)(A) allows an action to be maintained as a class action if the prosecution of individual actions might result in inconsistent or varying adjudications which would establish incompatible standards of conduct for the defendant. If multiple plaintiffs pursued individual actions in state court venues and/or before the California State Labor Commissioner, the potential for inconsistent or varying adjudications would be substantial.

Rule 23(b)(3) authorizes a court to certify a class action if the questions of fact or law common to the members of the class predominate over questions affecting only individual members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy. After discovery, Plaintiff contends she will be able to provide sufficient evidence to demonstrate that common questions will predominate over individual ones in determining the legal efficacy of the policy and practice of Defendant with respect to the payment of final wages to employees hired to fill temporary staffing positions. Plaintiff also contends she will be able to establish that a class action is superior to other methods of adjudication.

Plaintiff further contends certification under subsection (b)(2) would be appropriate because Defendant has acted on grounds generally applicable to the putative class as a whole.

As stated above, Plaintiff expects to be prepared to file a motion for class certification by no later than May 22, 2008.

   **b.** **Defendant's position**: The proposed classes cannot be certified because Plaintiff cannot establish the requirements of Fed.R.Civ.P. 23.

**11.** **Related Cases**:

There are currently no related cases pending before another court or administrative body.

**12.** **Relief**:

 **a.** **Plaintiff's position:** Plaintiff seeks waiting time penalties under Labor Code § 203, civil penalties under Labor Code § 2699, restitution, disgorgement and injunctive relief under Business & Professions Code §§ 17200, *et seq.*, and fees and costs as provided for in Labor Code § 2699(g)(1) and California Code of Civil Procedure § 1021.5.

 **b.** **Defendant's position:** Plaintiff is not entitled to any damages or other relief.

**13.** **Settlement and ADR**:

At the present time, the parties are agreeable to private mediation after the Court has ruled on Plaintiff's Motion for Class Certification.

**14.** **Consent to Magistrate Judge For All Purposes**:

The parties do not consent to the designation of a magistrate judge to conduct these proceedings.

**15.** **Other References**:

Other references are not warranted at this time.

**16.    Narrowing of Issues**:

Not applicable at this time.

**17.    Expedited Schedule**:

Discovery has just commenced. However, the parties are willing to discuss streamlined procedures.

**18.    Scheduling**:

The parties agree that no other dates should be set until the Court rules on Plaintiff's motion for class certification.

**19.    Trial**:

Whether the case will be tried to a jury or to the court and the expected length of the trial.

   **a.    Court or Jury Trial**: Plaintiff has demanded a jury trial.

   **b.    Estimated Length of Trial**: If the class is not certified, 1-3 days will be needed for a trial of Plaintiff's individual claims. It is impossible at this time to predict the number of days needed for a trial if the class were certified.

**20.    Disclosure of Non-party Interested Entities or Persons**:

The parties have filed respective "Certifications of Interested Entities or Persons" as required by Civil Local Rule 3-16. The parties each reaffirm the accuracy of their respective certifications.

//
//
//
//
//
//
//

JOINT CASE MANAGEMENT STATEMENTS AND            Case No. CV 07-02784 CW
RULE 26 DISCOVERY PLAN

**21.  Miscellaneous**:

The parties will work together to facilitate an expeditious adjudication of this matter.

Dated: September 4, 2007  **KELLER GROVER LLP**

By: /s/Eric A. Grover
ERIC A. GROVER
Attorneys for Plaintiff

Dated:   September 4, 2007  **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By: /s/Geoffrey D. DeBoskey
DEREK R. HAVEL
GEOFFREY D. DEBOSKEY
Attorneys for Defendant