ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
VALERIE L. SHARPE (Of Counsel) (SBN 191344)
vsharpe@kellergrover.com
**KELLER GROVER LLP**
425 Second St., Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Fax: (415) 543-7861

Attorneys for Plaintiff
CATHERINE SULLIVAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE SULLIVAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KELLY SERVICES, INC., and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.:  CV 07-02784 CW<br><br>CLASS ACTION<br><br>**PLAINTIFF CATHERINE SULLIVAN'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY**<br><br>[Fed. R. Civ. Proc. 34, 37]<br><br>Date:       TBA[1]<br>Time:      TBA<br>Judge:     TBA<br>Courtroom: TBA |

---

[1] Pursuant to Judge Wilken's Clerk, Sheilah Cahill, this Motion will be referred to a Magistrate Judge whose Clerk shall send notice to the parties as to the date, time, and location of the hearing on above-captioned Motion.

# NOTICE OF MOTION

TO DEFENDANT AND ITS ATTORNEY OF RECORD:

**PLEASE TAKE NOTICE** that on a date, time and location to be set by the Magistrate Judge to whom this matter is assigned by Judge Wilken, Plaintiff Catherine E. Sullivan ("Plaintiff") will move for an order compelling Defendant Kelly Services, Inc. ("Defendant" or "the Company") to provide a complete and full response to Plaintiff's Request for Production Nos. 21, 22 and 23. These requests seeks documents showing instances where Defendant has taken the position in the last 10 years with the Unemployment Insurance Appeals Board, the Employment Development Department and/or the Workers' Compensation Appeals Board that a California employee was not entitled to benefits because their employment with Defendant had ended.  These documents are relevant and discoverable because they may demonstrate Defendant's policies and practices regarding when employment with Kelly Services terminates in relation to cessation of an assignment.  This type of evidence is relevant to Plaintiff's ability to move for class certification because it goes to issues of commonality and typicality.  It is also relevant to Plaintiff's ability to oppose Defendant's planned motion for summary judgment.

This Motion will be based upon this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Valerie L. Sharpe with exhibits, the papers and records on file herein, and on oral documentary evidence as may be presented at the hearing of the Motion.

Dated: January 28, 2008            **KELLER GROVER LLP**


By: _____/s/_____
    VALERIE L. SHARPE
    Attorneys for Plaintiff
    Catherine E. Sullivan

1

Plaintiff's Notice of Motion and Motion to Compel                         Case No. CV-07-02784 CW

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

Defendant is a temporary staffing agency that operates nationally. This case arises from Defendant's failure to comply with California Labor Code sections 201 and 202 with respect to the manner in which it pays its California employees upon conclusion of a work assignment. Sections 201 and 202 require that an employee be paid his or her final unpaid wages immediately upon termination. However, when an employee's employment with Defendant ceases because his or her work assignment has terminated and the employee is not scheduled to perform work for Defendant prior to the next pay day, the employee is not paid his or her final wages on the last day of work. Instead, final wages are paid the Friday of the week following the last week in which the employee performed work for Defendant. Declaration of Valerie L. Sharpe ("Sharpe Decl.") ¶ 10, Exh. H.[1] Such practice results in Defendant's employees having to wait seven or more days to receive their final wages. Defendant appears to contend, however, that this pay practice does not violate the California Labor Code because, although the employee's temporary assignment may have ended and the employee is not actively performing work for Defendant, the employee is still employed by Defendant and, therefore, not entitled to payment of wages in accordance with Labor Code sections 201 and 202. Thus, the issue of when an employee's employment with Defendant terminates so as to trigger the requirement of payment in accordance with Labor Code sections 201 and 202 is central to the issue of liability in this case. Likewise, and of central import to the instant Motion, Defendant's policies and practices regarding when employment with Defendant terminates is central to the issue of class certification. Accordingly, discovery on this topic is entirely relevant and appropriate at this stage in the case.

In connection with her pursuit of class certification discovery, Plaintiff propounded a series of document requests to Defendant. In particular, Plaintiff requested documents pertaining to instances between January 1, 1997 and the present wherein Defendant has taken the position with

---

[1] All "Exh." References are to exhibits attached to the Declaration of Valerie L. Sharpe.

1

Plaintiff's Notice of Motion and Motion to Compel                              Case No. CV-07-02784 CW

the Employment Development Department, the Workers' Compensation Appeals Board and/or the Unemployment Insurance Appeals Board that a California employee of Defendant was not entitled to benefits because his or her employment with Defendant had ended. Sharpe Decl. ¶ 2, Exh. A, *See* Request Nos. 21, 22 and 23. Although Plaintiff offered to temporally narrow these requests to cover the five year period prior to the filing of the Complaint, Defendant has refused to produce any responsive documents. Sharpe Decl. ¶¶ 3, 6, and 7, Exh. B, E and F. Defendant claims that the requests go to the merits of the case and that they are burdensome. Sharpe Decl. ¶ 3, 5 and 7, Exh. B, D and F. As set forth below, however, Plaintiff is entitled to the discovery sought because it is wholly relevant to class certification issues and to Plaintiff's ability to oppose Defendant's planned motion for summary judgment.

**II.    STATEMENT OF FACTS**

Plaintiff, an employee of Defendant, was assigned to work, on a temporary basis, for Managed Health Network, a client of Defendant. Plaintiff worked at Managed Health Network from March 16, 2006 until August 11, 2006, when her assignment with Managed Health Network ended. At the time her assignment with Managed Health Network ended, Plaintiff was not scheduled to perform work for any of Defendant's other clients nor did she subsequently receive any work assignments from Defendant. Thus, although her employment with Defendant ended as of August 11, 2006, she did not receive her final paycheck until August 16, 2006. Compl. ¶ 2, 11-14.

When Plaintiff inquired as to why she was not receiving her final paycheck on August 11, 2006 as mandated by the California Labor Code, she was told that she would be paid in accordance with Defendant's regular pay roll practices on Defendant's regular payday because she was still an employee of Defendant. Sharpe Decl. ¶ 9, Exh. G (Depo. 112:9-117:6.). Pursuant to the Kelly Services Employee Handbook, payday is "the Friday following the week worked." Sharpe Decl. ¶ 10, Exh. H. Pursuant to this stated practice, Plaintiff did not receive her final paycheck on her last day of work, but instead received it during the week following her last day of work. Compl. ¶ 2, 11-14.

Based on Defendant's apparent position that, although an employee may stop performing work for Defendant and have no promise of future work from Defendant, he or she is still an

employee such that Defendant does not have to follow the mandates of Labor Code sections 201 and 202, Plaintiff sought discovery regarding Defendant's policies and practices regarding when it deems employees to be terminated. To this end, when Plaintiff served her First Request for Production of Documents on August 22, 2007, she sought the following: "All documents evidencing, relating to or concerning any instance, during the time frame January 1, 1997 to the present, wherein Defendant has taken the position with the California Unemployment Insurance Appeals Board that a California employee of Defendant was not entitled to benefits because their employment with Defendant had ended." She also made the same request with respect to the position Defendant has taken with the Employment Development Department and the Workers' Compensation Appeals Board regarding cessation of employment. Sharpe Decl. ¶ 2, Exh. A, *See* Request Nos. 21, 22 and 23.

On October 9, 2007, Defendant served its responses to Plaintiff's document requests and provided no documents that were responsive to Request Nos. 21, 22, or 23. Defendant objected to these requests on various grounds, including that they were irrelevant, vague and ambiguous, burdensome, and that the requests went to damages and merits issues and, therefore, not properly propounded until, and if, a class was certified. Sharpe Decl. ¶ 3, Exh. B. On November 16, 2007, Plaintiff's counsel wrote defense counsel to meet and confer regarding various discovery disputes. Sharpe Decl. ¶ 4, Exh. C. Therein, Plaintiff's counsel set forth her position regarding the discoverability of the documents sought by Requests Nos. 21, 22, and 23: "Such information is discoverable because it may demonstrate that Defendant has taken a consistent position regarding when employment with Kelly Services terminates in relation to cessation of an assignment. This sort of evidence is clearly relevant to Plaintiff's ability to move for class certification because it goes to issues of commonality and typicality." *Id.*

On December 7, 2007, Defendant responded to Plaintiff's initial meet and confer efforts and reiterated its position that the discovery sought was merits based and not appropriate at this time. Defendant also asserted that the requests were burdensome. Sharpe Decl. ¶ 5, Exh. D. In deference to Defendant's assertion of irrelevance and burden, Plaintiff's counsel wrote Defendant on December 10, 2007 and offered to limit the time frame of the requests to 5 years. Sharpe Decl. ¶ 6,

3

Plaintiff's Notice of Motion and Motion to Compel                          Case No. CV-07-02784 CW

Exh. E.  On December 14, 2007, Defendant wrote Plaintiff's counsel and rejected the offer of compromise.  Sharpe Decl. ¶ 7, Exh. F.  Since the parties were not able to reach a mutually agreeable compromise regarding Plaintiff's Request for Production Nos. 21, 22 and 23, Plaintiff filed the instant motion.  Sharpe Decl. ¶ 8.

**III.   ARGUMENT**

    **A.   The Discovery Sought Is Relevant To Class Certification Issues.**

Although the Court has not issued a specific order limiting discovery at this time to class certification issues, the Court has established a deadline for the close of "class certification" discovery.  Sharpe Decl. ¶ 12.  Moreover, Plaintiff recognizes that prior to certification, discovery in putative class actions is limited to certification issues.  *Babbit v. Albertson's, Inc.* 1992 WL 605652 (N.D. Cal. Nov. 30, 1992) * 3, citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 359 (1978). Discovery on the merits is generally deferred until after, and if, a class is certified.  *Id.*, citing *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177 (1974).  As this case is currently in the precertification stage, Defendant has primarily objected to the discovery sought on grounds that it goes to damages and merit issues and is, therefore, premature.  Sharpe Decl. ¶ 3, 5 and 7, Exhs. B, D and F. However, the discovery sought is not premature because it does, in fact, go directly to issues of commonality and typicality, which are prerequisites to class certification under Federal Rule of Civil Procedure, Rule 23.

When Plaintiff requested her final paycheck in accordance with Labor Code sections 201 and 203, she was told Defendant did not need to issue her a final paycheck pursuant to the Labor Code because she was still employed and would receive her outstanding wages per the regular pay policy – on the Friday following the week she worked.  Sharpe Decl. ¶ 9,  Exh. G.  It is Plaintiff's contention, however, that she was entitled to a final paycheck on her last day of work because although she may have been eligible to receive temporary work assignments from Defendant, her employment had terminated.  That is, her work assignment had ended and she was not scheduled to perform any subsequent work for Defendant nor was she promised any subsequent work.  Because it appears that Defendant has pinned liability to the issue of when employment ceases, Defendant's policies and practices in this regard are entirely relevant to whether Plaintiff's claim is typical of the

4

class and whether common issues of law and fact predominate so as to justify treatment as a class under Rule 23. In her motion for class certification, Plaintiff will need to address the nature of Defendant's policies and practices regarding when it deems employment of its temporary staffing employees to end and whether such policies and practices are consistently implemented as to all proposed class members. *See, e.g., Loy v. Motorola, Inc.*, 2004 WL 2967069 (N.D. Ill. Nov. 23, 2004) (permitting precertification discovery regarding employer's practices for calculating productivity where plaintiff alleged that company illegally, and to employee's detriment, incorporated protected leave time into productivity statistics).

That such evidence may be contained in the documents sought by Plaintiff's Request Nos. 21, 22 and 23 is demonstrated by California Unemployment Insurance Appeals Board, Precedent Disability Decision No. P-D-469. Sharpe Decl. ¶ 11, Exh. I. Therein, Kelly Services argued in 1989 that it was not liable for benefits paid to the claimant, a former Kelly Services employee, because the claimant's employment had ended prior to her disabling injury. Specifically, Kelly Services argued that the claimant's employment with Kelly Services terminated on the day that she last worked on an assignment for Kelly Services – June 28, 1989. Although Kelly Services had offered the claimant an assignment on July 7, 1989, because the claimant declined the assignment due to an injury that occurred on July 6, Kelly Services deemed her employment to have ended on June 28, 1989. This Decision demonstrates the likelihood that the additional documents covered by the Requests at issue in this Motion may contain evidence of Defendant's policies and practices regarding when it deems employment to have ended.

The fact that the discovery sought may also implicate merits and damages issues does not preclude Plaintiff from obtaining it. As this Court recognized in *Babbitt v. Albertson's, Inc.*, 1992 WL 605652 at *3 (N.D. Cal. Nov. 30, 1992), "the merits/certification distinction is not always clear. Facts relevant to the class action determination and definition may largely be the same as those relevant to the merits case." There, then-Magistrate Judge Hamilton permitted discovery that implicated merits-based issues but was also relevant to class certification because it went to numerosity and commonality. *Id.* Indeed, the Advisory Committee Notes pertaining to 2003

5

Plaintiff's Notice of Motion and Motion to Compel                                          Case No. CV-07-02784 CW

amendments to Rule 23(c)(1) state that legitimate precertification discovery will often involve discovery on the merits:

> Although an evaluation of the probable outcome on the merits is not properly part of the certification decision, discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. In this sense it is appropriate to conduct controlled discovery into the "merits," limited to those aspects relevant to making the certification decision.

Fed. R. Civ. P. 23(c)(1) advisory committee's notes, 2003 amends. Accordingly, Defendant's objection to Plaintiff's Request for Production Nos. 21, 22 and 23 on grounds they implicate merits and damages issues is insufficient to warrant withholding the documents since the discovery sought also implicates certification issues.

### B. The Discovery Sought Is Relevant To Establishing Liability On Plaintiff's Individual Claims.

Defendant has represented that it intends to file a motion for summary judgment prior to Plaintiff's filing her motion for class certification. In negotiating an extension of the deadline for completing class certification discovery and the filing of Plaintiff's motion for class certification, Defendant requested that a hearing date for Defendant's summary judgment motion be set prior to the motion for class certification. Sharpe Decl. ¶ 13, Exh. J. Thus, prior to class certification, Defendant intends to raise liability issues as part of a summary judgment motion and Plaintiff will need to have obtained discovery necessary to oppose summary judgment. Accordingly, the discovery at issue is not only relevant to Plaintiff's ability to move for class certification, but it will also be relevant to Plaintiff's ability to oppose the forthcoming summary judgment motion.

In particular, two of Defendant's affirmative defenses foreshadow the types of arguments that Defendant can be expected to make in a summary judgment motion. In its Nineteenth Affirmative Defense, Defendant asserts: "Neither Plaintiff nor any of the persons on whose behalf Plaintiff purports to sue can recover waiting time penalties because any alleged failure to pay wages was based on a good faith dispute regarding the applicable law or facts." Sharpe Decl. ¶ 14, Exh. K.

In its Twentieth Affirmative Defense, Defendant asserts: "At all times relevant, Defendant acted in good faith, with honestly of purpose and without any willful intention to withhold payment." *Id.* As noted previously, Defendant appears to justify the manner in which it paid Plaintiff her final wages by arguing that even though her work assignment had ended and there were no subsequent work assignments in the pipeline, she was still an employee and not entitled to payment per Labor Code sections 201 and 202. If there is evidence that Defendant has taken a different position regarding the cessation of employment, such evidence would be relevant to challenging a defense of good faith. As demonstrated by the position Defendant took in Precedent Disability Decision No. P-D-469, Defendant has acknowledged previously that the employment relationship ends when the work assignment ends. Thus, the documents sought by Request Nos. 21, 22 and 23 will enable Plaintiff to determine whether Defendant has taken this position (which is contrary to the manner in which it treated Plaintiff) in a more relevant time frame and thereby enable Plaintiff to present evidence that Defendant did not act in good faith *vis-à-vis* payment of Plaintiff's final wages. For this additional reason, Plaintiff's Motion to Compel should be granted.

### C. Defendant Has Not Shown That The Discovery At Issue Is Burdensome So As To Excuse Its Obligation To Produce The Relevant Documents.

Although Defendant asserted in its objections and in meet and confer letters that the requested documents posed an undue burden, the nature of Defendant's objections are boilerplate. Indeed, Defendant objected to 17 of Defendant's 23 document requests on grounds of "burden." Sharpe Decl. ¶ 3, Exh. B. Such boilerplate objections are insufficient to obviate Defendants obligation to produce relevant, non-privileged documents. *Burlington Northern & Santa Fe Ry. Corp. v. United States Dist. Court for Dist. of Montana,* 408 F.3d 1142, 1148 (9th Cir. 2005). Moreover, as the party resisting discovery, Defendant has the burden of showing why the discovery should not go forward. *Blankenship v. Hearst Crop.,* 519 F. 2d 418, 429 (9th Cir. 1975). Defendant has not done this except to say requests at issue would require review of many documents. Sharpe Decl. ¶ 5 and 7, Exh. D and F. Defendant, however, provided no specifics as to the nature and extent of burden imposed by the Requests. For example, Defendant has not indicated how many unemployment claims or disability have been filed in California in the relevant time frame. And, in

7

Plaintiff's Notice of Motion and Motion to Compel                    Case No. CV-07-02784 CW

any event, it is hard to imagine that the Requests will require manual review of truck loads of documents. Given the size of Defendant's operations in California, it is reasonable to assume that Defendant has some type of mechanism to track claims in order to ensure they are handled consistently. As the responding party, Defendant was required to identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing and provide detail to enable Plaintiff to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources. Adv. Comm. Note to 2006 Amendment to FRCP Rule 26(b)(2). As Defendant has utterly failed to do this, one can only assume that Defendant's claim of burden is merely boilerplate and should not be relied upon as grounds to prevent Plaintiff from obtaining relevant and critical discovery.

**D. Prior To Bringing This Motion, Plaintiff Attempted, In Good Faith, To Meet And Confer.**

As set forth in the Statement of Facts section herein, prior to brining this Motion, Plaintiff's counsel set forth its position, in writing, as to Plaintiff's entitlement to the documents sought.[1] Defense counsel disagreed with Plaintiff's position and continued to refuse to produce the documents requested. In an offer of compromise, Plaintiff offered to narrow the scope of the requests to the five year period prior to the filing of the Complaint. Such offer was intended to strike a balance between Defendant's contention that because the discovery implicated the merits, Defendant was protected from the burden of responding to the request since only certification discovery was relevant at this stage and Plaintiff's position that the discovery, although implicating the merits, was also relevant to class certification. Defendant rejected this offer of compromise. Sharpe Decl. ¶ 7, Exh. F. As a result, Plaintiff deemed it necessary, to file the instant Motion. Sharpe Decl. ¶ 8.

---

[1] At the time of meeting and conferring, Plaintiff was unaware of Defendant's intention regarding the filing of summary judgment prior to Plaintiff's motion for class certification. Sharpe Decl. ¶ 13.

8

Plaintiff's Notice of Motion and Motion to Compel          Case No. CV-07-02784 CW

### III. CONCLUSION

For all of the reasons set forth above, Plaintiff requests that this Court grant her Motion to Compel in its entirety.

Dated: January 28, 2008                                    KELLER GROVER LLP


                                                          _____/s/_____
                                                          VALERIE L. SHARPE
                                                          Attorneys for Plaintiff
                                                          CATHERINE E. SULLIVAN