ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
VALERIE L. SHARPE (Of Counsel) (SBN 191344)
vsharpe@kellergrover.com
**KELLER GROVER LLP**
425 Second St., Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Fax: (415) 543-7861

Attorneys for Plaintiff
CATHERINE SULLIVAN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CATHERINE SULLIVAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KELLY SERVICES, INC., and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.: CV 07-02784 CW<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF VALERIE L. SHARPE IN SUPPORT OF PLAINTIFF CATHERINE SULLIVAN'S MOTION TO COMPEL DISCOVERY** |

I, VALERIE L. SHARPE, do hereby declare and state as follows:

1. I am an attorney licensed to practice law in the State of California and in the 9th Circuit. I am Of Counsel with the law firm Keller Grover LLP, counsel of record for Plaintiff in the above-captioned matter. If called as a witness to testify, I could and would testify as to the following, based on my own personal knowledge.

2. In connection with her pursuit of class certification discovery, Plaintiff propounded a series of document requests to Defendant. Attached hereto as Exhibit A is a true and correct copy of Plaintiff's First Request for Production of Documents.

3. Attached hereto as Exhibit B is a true and correct copy of Defendant's Responses to Plaintiff's First Request for Production of Documents.

4. On November 16, 2007, I wrote defense counsel in an effort to meet and confer regarding Defendant's Responses to Plaintiff's First Request for Production of Documents. Attached hereto as Exhibit C is a true and correct copy of said letter.

5. On December 7, 2007, defense counsel responded, in writing, to my November 16 letter. Attached hereto as Exhibit D is a true and correct copy of said letter.

6. I responded to Defendant's December 7 letter, in writing, on December 10, 2007. Therein, I offered to limit the scope of Requests Nos. 21, 22, and 23 to the five year period prior to the filing of Plaintiff's Complaint. Such offer was intended to strike a balance between Defendant's contention that because the discovery implicated the merits, Defendant was protected from the burden of responding to the request since only certification discovery was relevant at this stage and Plaintiff's position that the discovery, although implicating the merits, was also relevant to class certification. Attached hereto as Exhibit E is a true and correct copy of said letter.

1

Declaration of Valerie L. Sharpe ISO Motion to Compel          Case No. CV-07-02784 CW

7. On December 14, 2007, defense counsel responded to my December 7 letter. Attached hereto as Exhibit F is a true and correct copy of said letter.

8. As it was not feasible to resolve the parties' dispute regarding Request Nos. 21, 22 and 23 through meet and confer efforts, I deemed it necessary to file the instant Motion.

9. On October 29, 2007, I defended Plaintiff's deposition. Attached hereto as Exhibit G are true and correct copies of relevant excerpts from Plaintiff's deposition.

10. Attached hereto as Exhibit H is a true and correct copy of a page from the Employee Handbook that was produced by Defendant in discovery. This page reflects Defendant's stated pay policy.

11. A true and correct copy of the California Unemployment Insurance Appeals Board, Precedent Disability Decision No. P-D-469 is attached hereto as Exhibit I.

12. Although the Court has not issued a specific order limiting discovery at this time to class certification issues, the Court has established a deadline for the close of "class certification" discovery. That deadline is reflected in the Initial Case Management Order and subsequent Order to modify deadlines set forth therein.

13. At the time of meeting and conferring Plaintiff's counsel was unaware that Defendant intended to file for summary judgment before Plaintiff's motion for class certification was to be filed. However, in negotiating a stipulation to extend the cut off date for class certification discovery, I was informed by defense counsel, Lauren Thibedeaux, that Defendant intended to file a motion for summary judgment prior to Plaintiff's filing her motion for class certification. She requested that Plaintiff stipulate to a hearing date of April 24, 2008 for Defendant's summary judgment motion. Attached hereto as Exhibit J is a true and correct copy of the email I received from defense counsel wherein she provided a revised version of Plaintiff's proposed stipulation

which sets a hearing date of April 24, 2008 for Defendant's summary judgment motion. On January 17, 2008 the Court Ordered an extension of the deadline for the completion of class certification discovery and set a hearing date for Defendant's summary judgment motion that is prior to the deadline for Plaintiff to file her motion for class certification.

14. Attached hereto as Exhibit K is a true and correct copy of the Answer Defendant filed in State Court prior to removing the case to this Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 28th day of January, 2008 in San Francisco, California.

_____/s/_____
VALERIE L. SHARPE