EXHIBIT A

ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
JADE BUTMAN (SBN 235920)
jbutman@kellergrover.com
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, California 94107
Phone: (415) 543-1305
Facsimile: (415) 543-7861

Attorneys for Plaintiff
Catherine E. Sullivan

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE E. SULLIVAN, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>KELLY SERVICES, INC, and DOES 1 TO 10, inclusive,<br><br>                    Defendants. | Case No. CV 07-02784 JL<br><br>CLASS ACTION<br><br>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**<br><br>**[Complaint Filed April 20, 2007]**<br>**Trial Date: None Set** |

PROPOUNDING PARTY:  Plaintiff Catherine E. Sullivan

RESPONDING PARTY:    Defendant Kelly Services, Inc.

SET NUMBER:               One

NUMBERS:                    1 - 23

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant Kelly Services, Inc., in accordance with the Definitions and Instructions set forth herein, produce for inspection and copying the documents described in the following document requests. A copy of the responsive documents, answers and any objections Defendant may have to the Document Requests must be served on the undersigned attorneys within thirty-three (33) days of the service hereof at KELLER GROVER LLP, located at 425 Second Street, Suite 500, San Francisco, CA 94107.

## DEFINITIONS AND INSTRUCTIONS

### A.    Definitions

1.    The term "person" means a natural person, corporation, association, company, firm, partnership, joint venture, trust, estate, agency, department or bureau, governmental or judicial person and/or legal entity.

2.    The term "Defendant," "you," "your" or "yours" shall mean, unless otherwise specified in a particular request, either individually or collectively, any one or more of the following: Kelly Services, Inc., its predecessors or successor entities, its officers, directors, shareholders, parent and subsidiary companies (whether direct or indirect), employees, agents, attorneys, representatives and other persons acting or authorized to act on behalf of Kelly Services, Inc.

3.    The term "plaintiff" shall mean Catherine E. Sullivan.

4.    The term "class period" shall refer to the time period April 20, 2003, to the present.

5.    The term "document" means any writing or recorded matter of every kind or description, however produced or reproduced, whether in draft or final, original or reproduction, in custody or control of you or known by you to have been created, including but not limited to:  letters, correspondence, memoranda, notes, minutes of meetings, telephone conversations or personal conversations, contracts,

1

REQUEST FOR PRODUCTION OF DOCUMENTS                    Case No. CV 07-02784 JL

1  agreements, transcripts, reports, photographs, tape recordings, videotapes, audio tapes,

2  films, drawings, graphs, charts, monthly statements, electronic data, discs or other

3  magnetic storage devices, faxes, electronic file notes and correspondence, emails,

4  telephone logs, any memoranda, printouts, or statements. "Document" also includes

5  any summarization, compilation, or reproduction of documents. "Document" also

6  means a copy where the original is not in your possession or custody and means every

7  copy of every document where such copy is not an identical copy or the original.

8  "Document" also includes any writing as that term is defined in Rule 34 of the Federal

9  Rules of Civil Procedure.

10        6.    The phrase "concern" or "concerning" includes relating to,

11 reflecting, constituting, evidencing, referring to, involving, dealing with, or bearing on

12 (whether legally, factually, or otherwise), in whole or in part.

13        7.    The term "communication" means, without limitation, the transfer

14 of any information in any form, whether written, oral or otherwise, from one person to

15 another person. This includes but is not limited to any meeting, conference, face-to-face

16 conversation, telephone conversation, or conference or communication employing or

17 using any method or media, as well as any written, taped, or recorded communication of

18 any kind whatsoever.

19        8.    The term "identify" or "specify," when used with respect to an

20 individual, shall mean to state the name and present or last known home and business

21 address and phone numbers of each such person.  When used with respect to a

22 corporation, "identify," or "specify" shall mean to state the corporation's full name and

23 the address of its principal place of business.  When used with respect to a person other

24 than an individual or a corporation, identify" or "specify" means to state its official name

25 or designation and the address of its principal place of business.  When used with respect

26 to facts or actions, "identify" or "specify" means to set forth in detail a description of

27 those facts or actions, including the dates, locations, products, customers, manufacturers,

28

REQUEST FOR PRODUCTION OF DOCUMENTS                Case No. CV 07-02784 JL

funeral homes, and any persons necessary to provide detailed information concerning the relevant facts or actions. "Identify" or "specify," with reference to documents, means top state the title or description of the document, the date of the document or the date it was prepared, the identity of the author or authors, and the recipient(s) of the document.

        9.     The terms "and/or," "or" and "and" are used inclusively, not exclusively.

        10.    The terms "any" and "all" mean "each" and "every."

        11.    The term "including" means "including but not limited to."

**B.**    **Instructions**

        1.     Unless otherwise specified within a specific request, the relevant time period for these requests is from April 20, 2003, through the present and continuing to the time of trial.

        2.     In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

        3.     Documents are to be produced in full; redacted documents will not constitute compliance with this Request. If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason that document is being withheld.

        4.     In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

---

REQUEST FOR PRODUCTION OF DOCUMENTS        Case No. CV 07-02784 JL

5.    Documents shall be produced as they are kept in the usual course of business.

6.    All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

7.    Documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

8.    Documents attached to each other should not be separated.

9.    Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this discovery request, or if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

10.    If any portion of a document is responsive to any request, the whole document is to be produced.

11.    If any documents requested herein have been lost, discarded, destroyed, or are otherwise no longer in your possession, custody or control, or have been transferred voluntarily or involuntarily, to another person or persons, or otherwise disposed of, they shall be identified as completely as possible including, but not limited to, information necessary to identify the document and the following information:  date of disposal or transfer; manner of disposal or transfer; reason for disposal or transfer; person authorizing the disposal or transfer; and person disposing of or transferring the document.

12.    If you claim the attorney-client privilege, or any other privilege or

4

work product protection for any document, you shall provide the following information with respect to each such document:

     a.    the type of document;

     b.    a description of general subject matter and physical size of the document (e.g., number of pages);

     c.    the actual date or, if unavailable, the approximate date of the document; and

     d.    the author(s) of the document and each and every other person who prepared or participated in the preparation of the document;

     e.    all addressees and recipients of the original document or a copy thereof, together with the date or approximate date on which said recipient(s) received the document or a copy thereof;

     f.    all other persons to whom the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure;

     g.    the present location of the document and all copies thereof;

     h.    each and every person having possession, custody or control of the document and all copies thereof; and

     i.    a statement of the basis upon which a privilege or other rule of law is relied upon and any facts supporting your position.

### SUPPLEMENTATION OF RESPONSES

This Request for Production of Documents shall be deemed continuing under Rule 26 of the Federal Rules of Civil Procedure, and shall require future and

REQUEST FOR PRODUCTION OF DOCUMENTS     Case No. CV 07-02784 JL

supplemental responses and document production if you obtain additional information or documents responsive hereto between the time the responses to this Request are served and the time of trial in this matter.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

Any AND all DOCUMENTS DEFENDANT provided to PLAINTIFF during her employment with DEFENDANT.

**Request for Production No. 2:**

Any AND all DOCUMENTS RELATING TO PLAINTIFF's employment with DEFENDANT, including any AND all employment agreements, contracts, employee handbooks, policies, procedures, memoranda AND correspondence.

**Request for Production No. 3:**

Any AND all DOCUMENTS RELATING TO evaluations of PLAINTIFF'S job performance, whether formal OR informal, while PLAINTIFF was employed by DEFENDANT.

**Request for Production No. 4:**

Any AND all DOCUMENTS RELATING TO the terms and conditions of PLAINTIFF'S employment with DEFENDANT.

**Request for Production No. 5:**

Copies of the personnel file and any other files maintained by DEFENDANT regarding PLAINTIFF.

**Request for Production No. 6:**

Copies of all records regarding PLAINTIFF that DEFENDANT is

REQUEST FOR PRODUCTION OF DOCUMENTS                Case No. CV 07-02784 JL

1  required to maintain to comply with Labor Code § 226, including all of the items

2  specified in Labor Code § 226(a)

3  **Request for Production No. 7:**

4             For the period April 20, 2003 to the present, documents that describe the

5  frequency with which DEFENDANTS' California employees were paid, including

6  copies of all pay day notices required by Labor Code § 207.

7

8  **Request for Production No. 8:**

9             Copies of all payroll stubs <u>and</u> payroll checks issued to PLAINTIFF

10 between April 20, 2003 and the present.

11 **Request for Production No. 9**:

12

13            For the entire time period during which PLAINTIFF was employed by or

14 affiliated with DEFENDANT, all DOCUMENTS that evidence, relate to or CONCERN

15 the work schedule of PLAINTIFF.

16 **Request for Production No. 10:**

17            Any AND all DOCUMENTS REFLECTING any summaries of witness

18 interviews RELATING TO any contentions in the COMPLAINT.

19

20 **Request for Production No. 11:**

21            Any AND all (1) witness statements, (2) witness declarations, OR (3)

22 written communications from witnesses RELATING TO any contentions in the

23 COMPLAINT.

24 **Request for Production No. 12**:

25            All DOCUMENTS that evidence, relate to or CONCERN any statements,

26

27 declarations or communications from putative class members in connection with this

28

REQUEST FOR PRODUCTION OF DOCUMENTS          Case No. CV 07-02784 JL

lawsuit.

**Request for Production No. 13:**

All DOCUMENTS evidencing, relating to OR CONCERNING any COMMUNICATIONS between DEFENDANT and PLAINTIFF relating to the issuance of paychecks, and timing of delivery of paychecks including, but without limitation, any e-mails, memoranda, correspondence, notes or other written materials.

**Request for Production No. 14:**

For the time period April 20, 2003, to the present, all DOCUMENTS that evidence, relate to, CONCERN or reflect any guidelines relating to the issuance of paychecks, and timing of delivery of paychecks that were applicable to any California employee of DEFENDANT including, but without limitation, any DOCUMENTS that discuss the timing of payments to terminated or discharged employees, or similar DOCUMENTS.

**Request for Production No. 15:**

For the time period April 20, 2003, to the present, all DOCUMENTS that evidence, relate to, CONCERN or reflect any guidelines relating to when a California employee of DEFENDANT is or was to be considered terminated or discharged for any purposes, including but not limited to the purpose of determining the timing and delivery of final paychecks to such employees.

**Request for Production No. 16:**

For the time period April 20, 2003, to the present, all reference manuals, training manuals, procedure manuals, policy manuals, human resources manuals, manager manuals, operations manuals, checklists or similar DOCUMENTS or electronic

REQUEST FOR PRODUCTION OF DOCUMENTS                    Case No. CV 07-02784 JL

files setting forth the standards, specifications or procedures for paying California employees of DEFENDANT.

**Request for Production No. 17:**

Any AND all DOCUMENTS RELATING TO PLAINTIFF's receipt of wages, salaries, earnings, bonuses, commissions, unemployment insurance benefits, disability insurance payments, retirement benefits OR any other financial benefits, compensation OR income PLAINTIFF received from DEFENDANT

**Request for Production No. 18:**

Any and all DOCUMENTS relating to any complaints, lawsuits and/or administrative actions filed against YOU in connection with failure to make timely payment of wages between January 1, 1997, through and including the present.

**Request for Production No. 19:**

Any and all DOCUMENTS sufficient to show every type of payroll check issued to California employees of DEFENDANTS who were not on direct deposit during the period April 20, 2003, through and including the present. This Request includes, but is not limited to, sample paychecks. Such sample paychecks must be sufficient to show, in addition to other changes in form, all changes in payor(s), if any. Payee names other than PLAINTIFF'S may be redacted.

**Request for Production No. 20:**

Any and all DOCUMENTS sufficient to show every type of payroll check issued to PLAINTIFF by DEFENDANT. This Request includes, but is not limited to, sample paychecks. Such sample paychecks must be sufficient to show, in addition to other changes in form, all changes in payor(s), if any.

9

REQUEST FOR PRODUCTION OF DOCUMENTS                    Case No. CV 07-02784 JL

**Request for Production No. 21:**

All DOCUMENTS evidencing, relating to OR CONCERNING any instance, during the time frame January 1, 1997 to the present, wherein DEFENDANT has taken the position with the California Unemployment Insurance Appeals Board that a California employee of DEFENDANT was not entitled to benefits because their employment with DEFENDANT had ended.

**Request for Production No. 22:**

All DOCUMENTS evidencing, relating to OR CONCERNING any instance, during the time frame January 1, 1997 to the present, wherein DEFENDANT has taken the position with the Employment Development Department that a California employee of DEFENDANT was not entitled to benefits because their employment with DEFENDANT had ended.

**Request for Production No. 23:**

All DOCUMENTS evidencing, relating to OR CONCERNING any instance, during the time frame January 1, 1997 to the present, wherein DEFENDANT has taken the position with the Workers' Compensation Appeals Board that a California employee of DEFENDANT was not entitled to benefits because their employment with DEFENDANT had ended.

Dated August 23, 2007                    KELLER GROVER LLP


By

JADE BUTMAN

Attorneys for Plaintiff
Catherine E. Sullivan

10

## PROOF OF SERVICE

I, Francheska Machado, am employed in the county of San Francisco, State of California. I am over the age of eighteen and not a party to the within action. My business address is 425 Second Street, Suite 500, San Francisco, California 94107. On August 23, 2007, I served the following document(s):

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

on the interested party(ies) below, using the following means:

Richard J. Simmons, Esq.
Derek R. Havel, Esq.
Geoffrey D. Deboskey, Esq.
Lauren D. Thibodeaux, Esq.
**SHEPPARD   MULLIN   RICHTER   &**
**HAMPTON LLP**
333 South Hope Street, 48th Floor
Los Angeles, CA 90071
Telephone: (213) 620-1780
Facsimile: (213) 620-1398

☒      (BY UNITED STATES MAIL)  I enclosed the document(s) in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.    I am familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing of affidavit.

☐      (BY OVERNIGHT DELIVERY)  I placed a true copy in a sealed envelope addressed as indicated above this date. I am familiar with the firm's practice of collection and processing correspondence for Federal Express delivery. It is deposited in a Federal Express depository on that same day in the ordinary course of business for delivery to the parties above the next business day.

☐      (BY PERSONAL SERVICE)  I delivered such envelope(s) by hand to the office(s) of the addressee(s).

1

1    ☐    (BY MESSENGER SERVICE)  I served the documents by placing them in an
envelope or package addressed to the respective address(es) of the party(ies) stated
2    above and providing them to a professional messenger service for delivery.

3
☐    (BY FACSIMILE)  Based on an agreement of the parties to accept service by fax
4    transmission, from fax machine telephone number (415) 543-7861, I faxed a full and
5    complete copy of the above-referenced document(s) to the party(ies) at the indicated fax
numbers above.
6
7    ☐    (BY ELECTRONIC MAIL)   Based on a court order or an agreement of the
parties to accept service by email, I caused the document(s) to be sent to the respective
8    email address(es) of the party(ies) as stated above.  I did not receive, within a reasonable
amount of time after the transmission, any electronic message or other indication that the
9    transmission was unsuccessful.
10
☐    (STATE)   I declare under penalty of perjury under the laws of the State of
11    California that the foregoing is true and correct.
12
☒    (FEDERAL)  I declare that I am employed in the office of a member of the bar of
13    this court at whose direction the service was made.
14
15                                                Francheska Machado
16                                         Francheska Machado
17
18
19
20
21
22
23
24
25
26
27
28
                                        2

PROOF OF SERVICE                                Case No. CV 07-02784 JL

EXHIBIT B

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
    RICHARD J. SIMMONS, Cal. Bar No. 72666
3   DEREK R. HAVEL, Cal. Bar No. 193464
    GEOFFREY D. DEBOSKEY, Cal. Bar No. 211557
4   LAUREN D. THIBODEAUX, Cal. Bar No. 239997
    333 South Hope Street, 48th Floor
5   Los Angeles, California 90071-1448
    Telephone:  213-620-1780
6   Facsimile:   213-620-1398
    rsimmons@sheppardmullin.com
7   dhavel@sheppardmullin.com
    gdeboskey@sheppardmullin.com
8   lthibodeaux@sheppardmullin.com

9   Attorneys for Defendant
    KELLY SERVICES, INC.
10

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

15   CATHERINE E. SULLIVAN, on          Case No. CV 07-02784 JL
     behalf of herself and all others similarly
16   situated,                          CLASS ACTION

17                  Plaintiff,          DEFENDANT KELLY SERVICES,
                                        INC'S RESPONSES TO
18        v.                            PLAINTIFF'S FIRST REQUEST
                                        FOR PRODUCTION OF
19   KELLY SERVICES, INC, and DOES 1    DOCUMENTS
     TO 10, inclusive,
20                                      [Complaint Filed:  April 20, 2007]
                  Defendants.           Trial Date:  None Set
21

22
     PROPOUNDING PARTY:      PLAINTIFF CATHERINE E. SULLIVAN
23
     RESPONDING PARTY:       DEFENDANT KELLY SERVICES, INC.
24
     SET NO.:                ONE
25
     NUMBERS:                1 – 23
26

27

28

W02-WEST:1LDT1\400424471.1          DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST
                                    REQUEST FOR PRODUCTION OF DOCUMENTS

1    Defendant Kelly Services, Inc. ("Defendant") hereby answers, objects,
2 and otherwise responds to the Request for Production of Documents, Set One
3 propounded by Plaintiff Catherine Sullivan, as follows:

4

5    **GENERAL OBJECTIONS**

6    1.    Defendant has not fully completed an investigation of the facts
7 relating to this case, has not completed discovery in this matter, and has not fully
8 completed preparation for trial. Accordingly, all of the following responses
9 contained herein are based only on such information and documents which are
10 presently available to and specifically known to Defendant at this time.
11 Furthermore, these responses disclose only those contentions which presently occur
12 to Defendant.

13

14    2.    It is anticipated that further discovery, independent investigation,
15 legal research and analysis may supply additional facts and add meaning to the
16 known facts as well as establish entirely new factual contentions and legal
17 contentions, all of which may lead to substantial additions to, changes in and
18 variations from the responses set forth herein. These responses are given without
19 prejudice to Defendant's rights to produce evidence of any subsequently discovered
20 facts or documents and/or tangible things which Defendant may later discover or
21 recall. Accordingly, Defendant hereby reserves the right to add to, modify or
22 otherwise change or amend these responses as additional facts are ascertained,
23 analysis and contentions are made, and legal research is completed.

24

25    3.    The responses contained herein are made in a good faith effort to
26 supply as much factual information and as much specification of legal contentions
27 as is presently known, but should in no way prejudice Defendant in relation to
28 further discovery, research or legal analysis.

-1-

1    4.    No incidental or implied admissions are intended by the

2 responses herein.  That Defendant answered or objected to any request should not be

3 taken as an admission that Defendant accepts or admits the existence of any "facts"

4 set forth or assumed by such request.  That Defendant has answered part or all of a

5 request is not intended to be, and should not be construed to be, a waiver by

6 Defendant of any part of any objection to a request.

7

8    5.    Defendant objects to Plaintiff's requests for production in so far

9 as they seek information that is protected from disclosure by the attorney-client

10 privilege or the attorney work product doctrine.  Defendant hereby claims such

11 privileges and to the extent that Defendant inadvertently provides information that

12 may arguably be protected from discovery under the attorney-client privilege or the

13 work product doctrine, such inadvertent disclosure does not constitute a waiver of

14 any such privilege or doctrine.

15

16    6.    Defendant objects to the production of personnel information

17 including names and addresses of current or former employees, as such information

18 is protected by their right to privacy under the California Constitution and cannot be

19 produced without a specific waiver by those individuals.

20

21    Subject to and without limiting these objections, Defendant hereby

22 responds to Plaintiff's Request for Production of Documents as follows:

23

24    **RESPONSES TO REQUESTS FOR PRODUCTION**

25

26 **REQUEST FOR PRODUCTION NO. 1:**

27    Any AND all DOCUMENTS DEFENDANT provided to PLAINTIFF

28 during her employment with DEFENDANT.

-2-

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

2              Defendant objects to this request on the following grounds: it seeks

3    documents that are not relevant to the subject matter involved in the pending action,

4    and are not reasonably calculated to lead to the discovery of admissible evidence; it

5    is vague and ambiguous; it is overbroad, burdensome, and oppressive; it calls for the

6    production of documents that are equally available to the Plaintiff.

7

8              Subject to and without waiving the foregoing objections, Defendant

9    responds as follows:  Defendant will produce documents given to Plaintiff when she

10   was hired by Defendant as well as her personnel file.

11

12   **REQUEST FOR PRODUCTION NO. 2:**

13             Any AND all DOCUMENTS RELATING TO PLAINTIFF's

14   employment with DEFENDANT, including any AND all employment agreements,

15   contracts, employee handbooks, policies, procedures, memoranda AND

16   correspondence.

17

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

19             Defendant objects to this request on the following grounds: it seeks

20   documents that are not relevant to the subject matter involved in the pending action,

21   and are not reasonably calculated to lead to the discovery of admissible evidence; it

22   seeks documents which are privileged by the attorney-client privilege and/or the

23   attorney work product doctrine; it is overbroad, burdensome, and oppressive; it calls

24   for Defendant to make a legal conclusion as to which documents relate to a certain

25   subject and which do not; it is vague and ambiguous as to the phrase "relating to."

26

27             Subject to and without waiving the foregoing objections, Defendant

28   responds as follows:  Defendant will produce documents given to Plaintiff when she

-3-

1    was hired by Defendant, Plaintiff's personnel file, and the employee handbooks for

2    the time period during which Plaintiff was employed by Defendant which are in its

3    possession, custody, or control.

4

5    **REQUEST FOR PRODUCTION NO. 3:**

6          Any AND all DOCUMENTS RELATING TO evaluations of

7    PLAINTIFF'S job performance, whether formal OR informal, while PLAINTIFF

8    was employed by DEFENDANT.

9

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

11          Defendant objects to this request on the following grounds: it seeks

12    documents that are not relevant to the subject matter involved in the pending action,

13    and are not reasonably calculated to lead to the discovery of admissible evidence; it

14    is vague and ambiguous as to the phrases "job performance evaluations" and

15    "relating to;" it is overbroad, burdensome, and oppressive; it calls for Defendant to

16    make a legal conclusion as to which documents relate to a certain subject and which

17    do not.

18

19          Subject to and without waiving the foregoing objections, Defendant

20    responds as follows: Defendant will produce any formal job performance

21    evaluations of Plaintiff within its possession, custody, or control.

22

23    **REQUEST FOR PRODUCTION NO. 4:**

24          Any AND all DOCUMENTS RELATING TO the terms and conditions

25    of PLAINTIFF'S employment with DEFENDANT.

26

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

2           Defendant objects to this request on the following grounds: it seeks

3  documents that are not relevant to the subject matter involved in the pending action,

4  and are not reasonably calculated to lead to the discovery of admissible evidence; it

5  seeks documents which are privileged by the attorney-client privilege and/or the

6  attorney work product doctrine; it is vague, ambiguous, and overbroad as to the

7  phrase "relating to;" it calls for Defendant to make a legal conclusion as to which

8  documents relate to a certain subject and which do not; and it is overbroad,

9  burdensome, and oppressive;.

10

11          Subject to and without waiving the foregoing objections, Defendant

12  responds as follows:  Defendant will produce Plaintiff's personnel file and the

13  employee handbooks for the time period during which Plaintiff was employed by

14  Defendant which are in its possession, custody, or control.

15

16  **REQUEST FOR PRODUCTION NO. 5:**

17          Copies of the personnel file and any other files maintained by

18  DEFENDANT regarding PLAINTIFF.

19

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

21          Defendant will produce Plaintiff's personnel file.

22

23  **REQUEST FOR PRODUCTION NO. 6:**

24          Copies of all records regarding PLAINTIFF that DEFENDANT is

25  required to maintain to comply with Labor Code § 226, including all of the items

26  specified in Labor Code § 226(a).

27

28

W02-WEST:1LDT1\400424471.1                    DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST
                                              REQUEST FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this request on the following grounds: it is overbroad and ambiguous in that section 226 only requires employers to maintain records regarding deductions made to an employee's wages.

Subject to and without waiving the foregoing objection, Defendant responds as follows:  Defendant will produce copies of Plaintiff's earnings statement, W-2 wage and tax statement, and pay checks within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

For the period April 20, 2003 to the present, documents that describe the frequency with which DEFENDANTS' California employees were paid, including copies of all pay day notices required by Labor Code § 207.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this request on the following grounds: it is overbroad, burdensome, and oppressive; it seeks documents that are not relevant to the subject matter involved in the pending action, and are not reasonably calculated to lead to the discovery of admissible evidence; it improperly seeks information pertaining to liability and damages.  This case is presently in the pre-certification discovery phase and questions pertaining to liability and damages issues are unduly oppressive, harassing, and burdensome.  Plaintiff will have the opportunity to propound discovery on liability and damages issues if the proposed class is certified. However, if Defendant is subjected to such discovery prior to class certification, it will be forced to incur the burdens of a collective action before it has been determined by the Court that it is appropriate to proceed by way of a collective action.

-6-

1    Subject to and without waiving the foregoing objections, Defendant

2  responds as follows:  Defendant will produce the requested documents for Plaintiff

3  for the time period of Plaintiff's employment.

4

5  **REQUEST FOR PRODUCTION NO. 8:**

6    Copies of all payroll stubs and payroll checks issued to PLAINTIFF

7  between April 20, 2003 and the present.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

10    Defendant objects to this request of the following grounds: it vague and

11  ambiguous as to the phrase "payroll stubs."

12

13    Subject to and without waiving the foregoing objection, Defendant

14  responds as follows:  Defendant will produce copies of Plaintiff's earnings

15  statement, W-2 wage and tax statement, and pay checks within its possession,

16  custody, or control.

17

18  **REQUEST FOR PRODUCTION NO. 9:**

19    For the entire time period during which PLAINTIFF was employed by

20  or affiliated with DEFENDANT, all DOCUMENTS that evidence, relate to or

21  CONCERN the work schedule of PLAINTIFF.

22

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

24    Defendant objects to this request on the following grounds: it seeks

25  documents that are not relevant to the subject matter involved in the pending action,

26  and are not reasonably calculated to lead to the discovery of admissible evidence; it

27  is overbroad, burdensome, and oppressive; that it is vague and ambiguous as to the

28  phrase "evidence, relate to or concern;" it seeks documents which are privileged by

-7-

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS

1  the attorney-client privilege and/or the attorney work product doctrine; it calls for

2  Defendant to make a legal conclusion as to which documents relate to or concern a

3  certain subject and which do not.

4

5  **REQUEST FOR PRODUCTION NO. 10:**

6         Any AND all DOCUMENTS REFLECTING any summaries of

7  witness interviews RELATING TO any contentions in the COMPLAINT.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

10        Defendant objects to this request on the following grounds: it seeks

11  documents that are not relevant to the subject matter involved in the pending action,

12  and are not reasonably calculated to lead to the discovery of admissible evidence; it

13  is vague and ambiguous; it seeks documents which are privileged by the attorney-

14  client privilege and/or the attorney work product doctrine; it calls for Defendant to

15  make a legal conclusion as to which documents relate to a certain subject and which

16  do not; it is overbroad as to time.

17

18        Subject to and without waiving the foregoing objections, Defendant

19  responds as follows:  After a diligent search and a reasonable inquiry, Defendant

20  does not have any responsive, non-privileged documents in it's possession, custody,

21  or control.

22

23  **REQUEST FOR PRODUCTION NO. 11:**

24        Any AND all (1) witness statements, (2) witness declarations, OR

25  (3) written communications from witnesses RELATING TO any contentions in the

26  COMPLAINT.

27

28

-8-

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this request on the following grounds: it seeks documents that are not relevant to the subject matter involved in the pending action, and are not reasonably calculated to lead to the discovery of admissible evidence; it is vague and ambiguous; it seeks documents which are privileged by the attorney-client privilege and/or the attorney work product doctrine; it calls for Defendant to make a legal conclusion as to which documents relate to a certain subject and which do not; it is overbroad as to time; it is duplicative of Request No. 10.

Subject to and without waiving the foregoing objections, Defendant responds as follows: After a diligent search and a reasonable inquiry, Defendant does not have any responsive, non-privileged documents in it's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that evidence, relate to or CONCERN any statements, declarations or communications from putative class members in connection with this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this request on the following grounds: it seeks documents that are not relevant to the subject matter involved in the pending action, and are not reasonably calculated to lead to the discovery of admissible evidence; that it is vague and ambiguous as to the phrase "evidence, relate to or concern;" it seeks documents which are privileged by the attorney-client privilege and/or the attorney work product doctrine; it calls for Defendant to make a legal conclusion as to which documents relate to or concern a certain subject and which do not.

1          Subject to and without waiving the foregoing objections, Defendant

2    responds as follows:  After a diligent search and a reasonable inquiry, Defendant

3    does not have any responsive, non-privileged documents in it's possession, custody,

4    or control.

5

6    **REQUEST FOR PRODUCTION NO. 13:**

7          All DOCUMENTS evidencing, relating to OR CONCERNING any

8    COMMUNICATIONS between DEFENDANT and PLAINTIFF relating to the

9    issuance of paychecks, and timing of delivery of paychecks including, but without

10   limitation, any e-mails, memoranda, correspondence, notes or other written

11   materials.

12

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

14         Defendant objects to this request on the following grounds: it seeks

15   documents that are not relevant to the subject matter involved in the pending action,

16   and are not reasonably calculated to lead to the discovery of admissible evidence; it

17   is overbroad, burdensome, and oppressive; that it is vague and ambiguous as to the

18   phrase "evidencing, relating to or concerning;" it seeks documents which are

19   privileged by the attorney-client privilege and/or the attorney work product doctrine;

20   it calls for Defendant to make a legal conclusion as to which documents relate to or

21   concern a certain subject and which do not.

22

23         Subject to and without waiving the foregoing objections, Defendant

24   responds as follows:  Defendant will produce documents which are in its possession,

25   custody, or control.

26

27

28

-10-

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS

1  **REQUEST FOR PRODUCTION NO. 14:**

2          For the time period April 20, 2003, to the present, all DOCUMENTS

3  that evidence, relate to, CONCERN or reflect any guidelines relating to the issuance

4  of paychecks, and timing of delivery of paychecks that were applicable to any

5  California employee of DEFENDANT including, but without limitation, any

6  DOCUMENTS that discuss the timing of payments to terminated or discharged

7  employees, or similar DOCUMENTS.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

10          Defendant objects to this request on the following grounds:  it seeks

11  documents that are not relevant to the subject matter involved in the pending action,

12  and are not reasonably calculated to lead to the discovery of admissible evidence; is

13  overbroad, burdensome, and oppressive; it is vague and ambiguous as to the

14  phrases, "evidence, relate to, concern or reflect," and "guidelines relating to the

15  issuance of paychecks;" it seeks documents which are privileged by the attorney-

16  client privilege and/or the attorney work product doctrine; it calls for Defendant to

17  make a legal conclusion as to which documents relate to and concern a certain

18  subject and which do not.

19

20          Subject to and without waiving the foregoing objections, Defendant

21  responds as follows: Defendant will produce documents reflecting any guidelines

22  relating to the issuance of paychecks for the time period during which Plaintiff was

23  employed by Defendant which are in its possession, custody, or control.

24

25  **REQUEST FOR PRODUCTION NO. 15:**

26          For the time period April 20, 2003, to the present, all DOCUMENTS

27  that evidence, relate to, CONCERN or reflect any guidelines relating to when a

28  California employee of DEFENDANT is or was to be considered terminated or

-11-

1  discharged for any purposes, including but not limited to the purpose of determining
2  the timing and delivery of final paychecks to such employees.

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

5              Defendant objects to this request on the following grounds:  it seeks
6  documents that are not relevant to the subject matter involved in the pending action,
7  and are not reasonably calculated to lead to the discovery of admissible evidence; is
8  overbroad, burdensome, and oppressive; it is vague and ambiguous as to the
9  phrases, "evidence, relate to, concern or reflect;" it seeks documents which are
10  privileged by the attorney-client privilege and/or the attorney work product doctrine;
11  it calls for Defendant to make a legal conclusion as to which documents relate to
12  and concern a certain subject and which do not.

13

14              Subject to and without waiving the foregoing objections, Defendant
15  responds as follows: Defendant will produce documents that reflect any guidelines
16  relating to when a California employee is to be considered terminated or discharged
17  for the time period during which Plaintiff was employed by Defendant which are in
18  its possession, custody, or control.

19

20  **REQUEST FOR PRODUCTION NO. 16**:

21              For the time period April 20, 2003, to the present all reference manuals,
22  training manuals, procedure manuals, policy manuals, human resources manuals,
23  manager manuals, operations manuals, checklists or similar DOCUMENTS or
24  electronic files setting forth the standards, specifications or procedures for paying
25  California employees of DEFENDANT.

26

27

28

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this request on the following grounds: it seeks documents that are not relevant to the subject matter involved in the pending action, and are not reasonably calculated to lead to the discovery of admissible evidence; it is overbroad, burdensome, and oppressive; it improperly seeks information pertaining to liability and damages. This case is presently in the pre-certification discovery phase and questions pertaining to liability and damages issues are unduly oppressive, harassing, and burdensome. Plaintiff will have the opportunity to propound discovery on liability and damages issues if the proposed class is certified. However, if Defendant is subjected to such discovery prior to class certification, it will be forced to incur the burdens of a collective action before it has been determined by the Court that it is appropriate to proceed by way of a collective action.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce documents for the time period during which Plaintiff was employed by Defendant which are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 17:**

Any AND all DOCUMENTS RELATING TO PLAINTIFF's receipt of wages, salaries, earnings, bonuses, commissions, unemployment insurance benefits. disability insurance payments, retirement benefits OR any other financial benefits, compensation OR income PLAINTIFF received from DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to this request on the following grounds: it seeks documents that are not relevant to the subject matter involved in the pending action,

-13-

1    and are not reasonably calculated to lead to the discovery of admissible evidence; is

2    overbroad, burdensome, and oppressive; it is vague and ambiguous as to the phrase

3    "relating to;" it seeks documents which are privileged by the attorney-client

4    privilege and/or the attorney work product doctrine; it calls for Defendant to make a

5    legal conclusion as to which documents relate to a certain subject and which do not;

6    it calls for the production of documents that are equally available to the Plaintiff.

7

8        Subject to and without waiving the foregoing objections, Defendant

9    responds as follows: Defendant will produce copies of Plaintiff's earnings statement,

10   W-2 wage and tax statement, and pay checks within its possession, custody, or

11   control.

12

13   **REQUEST FOR PRODUCTION NO. 18:**

14        Any and all DOCUMENTS relating to any complaints, lawsuits and/or

15   administrative actions filed against YOU in connection with failure to make timely

16   payment of wages between January 1, 1997, through and including the present.

17

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

19        Defendant objects to this request on the following grounds:  it seeks

20   documents that are not relevant to the subject matter involved in the pending action,

21   and are not reasonably calculated to lead to the discovery of admissible evidence; is

22   overbroad, burdensome, and oppressive; it is vague and ambiguous as to the phrases

23   "relating to" and "failure to make timely payment of wages;" it seeks documents

24   which are privileged by the attorney-client privilege and/or the attorney work

25   product doctrine; it calls for Defendant to make a legal conclusion as to which

26   documents relate to a certain subject and which do not; it is overbroad as to time.

27

28

-14-

**REQUEST FOR PRODUCTION NO. 19:**

Any and all DOCUMENTS sufficient to show every type of payroll check issued to California employees of DEFENDANTS who were not on direct deposit during the period April 20, 2003, through and including the present. This Request includes, but is not limited to, sample paychecks. Such sample paychecks must be sufficient to show, in addition to other changes in form, all changes in payor(s), if any, Payee names other than PLAINTIFF'S may be redacted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to this request on the following grounds: it seeks documents that are not relevant to the subject matter involved in the pending action, and are not reasonably calculated to lead to the discovery of admissible evidence; it is vague and ambiguous as to the phrase "sufficient to show every type of payroll check.."

Defendant further objects on the grounds that this request improperly seeks information pertaining to liability and damages. This case is presently in the pre-certification discovery phase and questions pertaining to liability and damages issues are unduly oppressive, harassing, and burdensome. Plaintiff will have the opportunity to propound discovery on liability and damages issues if the proposed class is certified. However, if Defendant is subjected to such discovery prior to class certification, it will be forced to incur the burdens of a collective action before it has been determined by the Court that it is appropriate to proceed by way of a collective action.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce the requested documents which

-15-

1  Plaintiff received during her employment with Defendant which are within

2  Defendant's possession, custody, or control.

3

4  **REQUEST FOR PRODUCTION NO. 20:**

5          Any and all DOCUMENTS sufficient to show every type of payroll

6  check issued to PLAINTIFF by DEFENDANT.  This Request includes, but is not

7  limited to, sample paychecks. Such sample paychecks must be sufficient to show, in

8  addition to other changes in form, all changes in payor(s), if any.

9

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

11          Defendant objects to this request on the following grounds: it seeks

12  documents that are not relevant to the subject matter involved in the pending action,

13  and are not reasonably calculated to lead to the discovery of admissible evidence; it

14  is overbroad, burdensome, and oppressive; it is vague and ambiguous as to the

15  phrase "sufficient to show every type of payroll check."

16

17          Subject to and without waiving the foregoing objections, Defendant

18  responds as follows:  Defendant will produce the payroll checks issued to Plaintiff

19  during her employment with Defendant.

20

21  **REQUEST FOR PRODUCTION NO. 21:**

22          All DOCUMENTS evidencing, relating to OR CONCERNING any

23  instance, during the time frame January 1, 1997 to the present; wherein

24  DEFENDANT has taken the position with the California Unemployment Insurance

25  Appeals Board that a California employee of DEFENDANT was not entitled to

26  benefits because their employment with DEFENDANT had ended.

27

28

-16-

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

2      Defendant objects to this request on the following grounds: it seeks

3  documents that are not relevant to the subject matter involved in the pending action,

4  and are not reasonably calculated to lead to the discovery of admissible evidence; it

5  is vague and ambiguous as to the phrase "evidencing, relating to or concerning;" it is

6  overbroad, burdensome, and oppressive; it calls for Defendant to make a legal

7  conclusion as to which documents relate to or concern a certain subject and which

8  do not; it seeks documents which are privileged by the attorney-client privilege

9  and/or the attorney work product doctrine; it is overbroad as to time.

10

11      Defendant further objects on the grounds that this request improperly

12  seeks information pertaining to liability and damages.  This case is presently in the

13  pre-certification discovery phase and questions pertaining to liability and damages

14  issues are unduly oppressive, harassing, and burdensome.  Plaintiff will have the

15  opportunity to propound discovery on liability and damages issues if the proposed

16  class is certified.  However, if Defendant is subjected to such discovery prior to

17  class certification, it will be forced to incur the burdens of a collective action before

18  it has been determined by the Court that it is appropriate to proceed by way of a

19  collective action.

20

21      Subject to and without waiving the foregoing objections, Defendant

22  responds as follows:  Defendant will produce any such documents which relate to

23  Plaintiff and her employment with Defendant.

24

25  **REQUEST FOR PRODUCTION NO. 22:**

26      All DOCUMENTS evidencing, relating to OR CONCERNING any

27  instance, during the time frame January 1, 1997 to the present, wherein

28  DEFENDANT has taken the position with the Employment Development

-17-

1  Department that a California employee of DEFENDANT was not entitled to

2  benefits because their employment with DEFENDANT had ended.

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

5          Defendant objects to this request on the following grounds: it seeks

6  documents that are not relevant to the subject matter involved in the pending action,

7  and are not reasonably calculated to lead to the discovery of admissible evidence; it

8  is overbroad, burdensome, and oppressive; it is vague and ambiguous as to the

9  phrase "evidencing, relating to or concerning;" it calls for Defendant to make a legal

10  conclusion as to which documents relate to or concern a certain subject and which

11  do not; it seeks documents which are privileged by the attorney-client privilege

12  and/or the attorney work product doctrine; it is overbroad as to time.

13

14          Defendant further objects on the grounds that this request improperly

15  seeks information pertaining to liability and damages.  This case is presently in the

16  pre-certification discovery phase and questions pertaining to liability and damages

17  issues are unduly oppressive, harassing, and burdensome.  Plaintiff will have the

18  opportunity to propound discovery on liability and damages issues if the proposed

19  class is certified.  However, if Defendant is subjected to such discovery prior to

20  class certification, it will be forced to incur the burdens of a collective action before

21  it has been determined by the Court that it is appropriate to proceed by way of a

22  collective action.

23

24          Subject to and without waiving the foregoing objections, Defendant

25  responds as follows:  Defendant will produce any such documents which relate to

26  Plaintiff and her employment with Defendant.

27

28

-18-

**REQUEST FOR PRODUCTION NO. 23**:

All DOCUMENTS evidencing, relating to OR CONCERNING any instance, during the time frame January 1, 1997 to the present.. wherein DEFENDANT has taken the position with the Workers' Compensation Appeals Board that a California employee of DEFENDANT was not entitled to benefits because their employment with DEFENDANT had ended.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

Defendant objects to this request on the following grounds: it seeks documents that are not relevant to the subject matter involved in the pending action, and are not reasonably calculated to lead to the discovery of admissible evidence; it is overbroad, burdensome, and oppressive; it is vague and ambiguous as to the phrase "evidencing, relating to or concerning;" it calls for Defendant to make a legal conclusion as to which documents relate to or concern a certain subject and which do not; it seeks documents which are privileged by the attorney-client privilege and/or the attorney work product doctrine; it is overbroad as to time.

Defendant further objects on the grounds that this request improperly seeks information pertaining to liability and damages. This case is presently in the pre-certification discovery phase and questions pertaining to liability and damages issues are unduly oppressive, harassing, and burdensome. Plaintiff will have the opportunity to propound discovery on liability and damages issues if the proposed class is certified. However, if Defendant is subjected to such discovery prior to class certification, it will be forced to incur the burdens of a collective action before it has been determined by the Court that it is appropriate to proceed by way of a collective action.

W02-WEST:1LDT1\400424471.1

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS

1    Subject to and without waiving the foregoing objections, Defendant

2 responds as follows:  Defendant will produce any such documents which relate to

3 Plaintiff and her employment with Defendant.

4

5 Dated:  October 9, 2007

6                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

7

8                    By

9                              RICHARD J. SIMMONS
10                              DEREK R. HAVEL
                                GEOFFREY D. DEBOSKEY
11                              LAUREN D. THIBODEAUX

12                              Attorneys for
13                              Defendant KELLY SERVICES, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-20-

ROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

     On **October 9, 2007**, I served the following document(s) described as **DEFENDANT KELLY SERVICES, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Eric A. Grover, Esq.         Tel: 415-543-1305
Jade Butman, Esq.          Fax: 415-543-7861
Keller Grover LLP
425 Second Street, Ste. 500
San Francisco, CA 94107

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 213-620-1398. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

☒ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

     Executed on **October 9, 2007**, at Los Angeles, California.

_____
Donna J. McCurdy

EXHIBIT C

# KELLER GROVER LLP

425 SECOND STREET, SUITE 500
SAN FRANCISCO, CALIFORNIA 94107
TELEPHONE: (415) 543-1305
FAX: (415) 543-7861

*Valerie L. Sharpe, Esq.*
*Of Counsel*
*(510) 569-6998 (direct)*
*vsharper@kellergrover.com*

November 16, 2007

**BY FAX & U.S. MAIL**
**(213) 620-1398**

Geoff Deboskey, Esq.
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 48th Floor
Los Angeles, CA  90071

> **Re:    Sullivan v. Kelly Services, Inc.**

Dear Geoff:

I am writing in response to Defendant Kelly Services, Inc.'s Responses to Plaintiff's First Request for Production of Documents and Defendant's Initial Disclosures.  As discussed in detail below, Defendant's Initial Disclosures and various of Defendant's responses to requests for documents are inadequate.

### Defendant's Responses to Plaintiff's First Request for Production of Documents

**General Issues**:

Objections Based on Attorney-Client Privilege and/or Work Product Doctrine.  In its general objections and many of its responses, Defendant objects on the grounds that the information sought is protected from discovery under the attorney-client privilege and/or work product doctrine.  Please provide a privilege log detailing the information specified in Rule 26(b)(5) so that Plaintiff can assess the applicability of the claimed privilege or protection.

Objections Based on Defendant's Claim That It Hasn't Completed Its Investigation.  In its general objections, Defendant objects on grounds that "Defendant has not fully completed an investigation of the facts" and on grounds that that "further discovery, independent investigation, legal research and analysis may supply additional facts and add meaning to the known facts as well as establish entirely new factual contentions and legal contentions, all of which may lead to substantial additions to, changes in and various from the responses set forth herein."  Such far reaching and self-serving qualifications to Defendant's responses make the responses practically

Geoff Deboskey, Esq.
October 29, 2007
Page 2

meaningless. Defendant is not permitted to postpone its production indefinitely simply because the discovery process is ongoing. To the contrary, a responding party's discovery responses are due 30 days after service of the request or on the due date of an agreed extension. FRCP 34(b). As such, please promptly supplement Defendant's responses where appropriate.

**Request for Production Nos. 7, 14, 15 and 16:**

These Requests seek documents that pertain to the frequency with which Defendant paid California employees (including payroll notices as required by California Labor Code § 207), guidelines regarding issuance of paychecks, guidelines regarding when an employee is considered terminated, and procedures for paying employees. Defendant responded that it would produce responsive documents there were applicable to Plaintiff's period of employment. In so responding, Defendant has placed an artificial and improper time limitation on the documents produced.

Defendant is entitled to responsive documents for the time period April 20, 2003 to present (*i.e.*, the class period). Such documents are directly relevant to issues in this case as they relate to Defendant's pay roll practices generally and practices with respect to when employees are paid following cessation of a job assignment. Whether these practices varied over the course of the class period and the extent to which they may have varied is relevant to class certification and the issue of commonality. Accordingly, please revise and supplement Defendant's responses to Request Nos. 7, 14, 15 and 16.

**Request for Production No. 9:**

This Request seeks documents that show the dates and times during which Plaintiff performed work for a Kelly Services client. Without having documentary evidence as to the dates on which Plaintiff's job assignments ended, Plaintiff is hindered in her ability to prove liability on her individual Labor Code claims. Indeed, these documents are directly relevant to the issue of whether and to what extent Defendant paid Plaintiff in compliance with Labor Code §§ 201 and 202. Because the viability of Plaintiff's individual claim could be raised as a challenge to her adequacy as a class representative and is, thus, an issue for class certification, such information is discoverable immediately. Accordingly, please provide these documents forthwith.

**Request for Production Nos. 21, 22, and 23:**

These Requests seek documents showing instances where Defendant has taken the position in the last 10 years with the Unemployment Insurance Appeals Board, the Employment Development Department and/or the Workers' Compensation Appeals Board that a California employee was not entitled to benefits because their employment with Defendant had ended. Such information is discoverable because it may demonstrate that Defendant has taken a consistent position regarding when employment with Kelly Services terminates in relation to

Geoff Deboskey, Esq.
October 29, 2007
Page 3

cessation of an assignment. This sort of evidence is clearly relevant to Plaintiff's ability to move for class certification because it goes to issues of commonality and typicality. Accordingly, please provide these documents forthwith.

### Defendant's Initial Disclosures

Defendant's initial disclosures merely disclose names and categories of persons likely to have discoverable information. Pursuant to Rule 26(a)(1)(A), however, a party is also required to provide the address and telephone number, if known, of each person likely to have discoverable information and to identify the subject of information known by each person. Defendant's initial disclosures do not provide the addresses, telephone numbers or subjects of information known by each person. Please promptly amend Defendant's initial disclosures in accordance with Rule 26(a)(1)(A).

Additionally, it appears that Defendant has neglected to identify a number of persons with discoverable information. For example, documents bates labeled Kelly 0042-0052 appear to contain evidence of communications Kelly Services employees had with Plaintiff regarding her request for her final paycheck and the extent to which she performed work for any Kelly Services' clients after August 11, 2006. Each of these documents contain references to various potential witnesses (*e.g.* persons with last names Masri, Baker, Galetto, Knox, Chandler and a woman in payroll named "Cherri"). None of these individuals, however, are identified in Defendant's initial disclosures. Likewise, it does not appear that Defendant has identified any of the Managed Health Network ("MHN") employees with whom Defendant communicated regarding Plaintiff's assignment at MHN. Certainly, all of the aforementioned persons are likely to have discoverable information and Plaintiff is entitled to know their identities and contact information. Accordingly, please amend Defendant's initial disclosures to include these individuals and any others whom Defendant has similarly failed to disclose.

I plan to schedule a PMK deposition in the near future and, therefore, would like to resolve the aforementioned discovery issues as soon as possible. As such, please provide a privilege log, revised responses and/or further documents by November 12, 2007. If I do not hear from you by that date, I will assume that it is necessary to move to compel and proceed accordingly.

Sincerely,

*Valerie L. Sharpe /ss/*

VALERIE L. SHARPE