SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
DEREK R. HAVEL, Cal. Bar No. 193464
GEOFFREY D. DEBOSKEY, Cal. Bar No. 211557
LAUREN D. THIBODEAUX, Cal. Bar No. 239997
333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
Telephone:  213-620-1780
Facsimile:   213-620-1398
rsimmons@sheppardmullin.com
dhavel@sheppardmullin.com
gdeboskey@sheppardmullin.com
lthibodeaux@sheppardmullin.com

Attorneys for Defendant KELLY
SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE E. SULLIVAN, on behalf of herself and all others similarly situated,<br><br>                  Plaintiff,<br><br>        v.<br><br>KELLY SERVICES, INC., and DOES 1 TO 10, inclusive,<br><br>                  Defendants. | Case No. CV 07-02784 CW (BZ)<br><br>[Compliant Filed April 20, 2007]<br><br>**DEFENDANT KELLY SERVICES, INC.'S OPPOSITION TO PLAINTIFF CATHERINE SULLIVAN'S MOTION TO COMPEL DISCOVERY**<br><br>Date:         TBD<br>Time:        TBD<br>Judge:       Hon. Bernard Zimmerman<br>Courtroom.:  TBD |

-1-

W02-WEST:1LDT1\400703217.3

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3

4        Defendant Kelly Services, Inc. ("Kelly") is engaged in the staffing

5    services industry.  It places its employees on assignments with its customers for

6    periods that vary from a few days to several weeks or months in duration.  When an

7    employee applies to work for Kelly as a temporary employee, he or she enters into

8    an Agreement with Kelly that confirms both parties' intention of maintaining an

9    ongoing relationship that continues until one party acts to affirmatively end it.

10   Under the express terms of the Agreement, Kelly seeks assignments for employees

11   on an ongoing basis and both parties understand that their employment relationship

12   does not end at the conclusion of each assignment.  Pursuant to Labor Code Section

13   204, employees are paid within seven days of the close of each weekly pay period

14   that runs from Monday to Sunday.

15

16        During her tenure with Kelly, Plaintiff Catherine Sullivan ("Plaintiff")

17   worked as a temporary employee and was on only one assignment for a Kelly

18   customer.  Per Kelly's policy and in compliance with the Labor Code, following the

19   end of this assignment, Plaintiff was paid on the next regular occurring payday,

20   which was approximately six days after the end of her assignment.  On April 20,

21   2007, Plaintiff filed the instant lawsuit alleging that she is entitled to waiting time

22   penalties pursuant to Labor Code 203 because she was not paid on the last day of

23   her assignment.

24

25        By this motion, Plaintiff seeks to compel all documents for the past 10

26   years that evidence, relate to or concern instances in which Kelly has taken the

27   position before the California Unemployment Insurance Appeals Board ("CUIAB"),

28   the Employment Development Department ("EDD"), or the Workers' Compensation

-2-

1  Appeals Board ("WCAB") that an employee was not entitled to benefits because his

2  or her employment had ended.

3

4          In order to respond to Plaintiff's requests, Kelly would be required to

5  undergo an arduous multiple step process, much, if not all, of which would require

6  manual searching.  First, Kelly must determine which of its hundreds of thousands

7  of California employees filed an administrative claim with any of these three

8  agencies within the last 10 years.  Second, Kelly must review each employee's

9  administrative claim to determine the specific facts of each claim and make a

10 determination as to what position Kelly took in defense of the claim.  Third, Kelly

11 must separate out those claims in which it was Kelly's position that the employee

12 was not entitled to benefits because his or her employment had ended.  Finally,

13 Kelly must determine which documents evidence, relate to, or concern these

14 particular administrative claims.  Moreover, because Plaintiff's requests are overly

15 broad, in order to fully comply, Kelly would need to produce documents that are

16 protected by the attorney-client privilege, documents that contain employees' private

17 information, documents that include employees' reasons for discharge, and

18 documents that are completely irrelevant to Plaintiff's causes of action.

19

20         Clearly, due to the overbroad nature of Plaintiff's document requests,

21 the burden Plaintiff seeks to impose upon Kelly far exceeds the remote likelihood of

22 discovering admissible evidence.  Therefore, for the reasons discussed below, each

23 of the discovery requests at issue in this motion are impermissibly overbroad,

24 enormously time intensive, burdensome, and oppressive and Plaintiff's motion to

25 compel further responses should be denied.

26

27

28

-3-

DEFENDANT KELLY SERVICES, INC.'S
OPPOSITION TO PLAINTIFF CATHERINE
SULLIVAN'S MOTION TO COMPEL DISCOVERY

1

## II.    PROCEDURAL HISTORY

2

3          Plaintiff brings the instant motion to compel the production of

4   documents responsive to her Request for Production of Documents Nos. 21-23

5   which seek all documents <u>for the past 10 years</u> that <u>evidence, relate to or concern</u>

6   instances in which Kelly has taken the position before the CUIAB, the EDD, and the

7   WCAB that an employee was not entitled to benefits because his or her employment

8   had been terminated. (Exhibits A-F to Motion.)   Plaintiff was not satisfied with

9   Kelly's offer to provide documents that relate specifically to Plaintiff and her

10  employment with Kelly. (Exhibit B to Motion, pp. 16-20.)  Instead, Plaintiff simply

11  offered to limit these Requests to a five year period. (Exhibit E to Motion.)

12

13

## III.   LEGAL ARGUMENT

14

15          Plaintiff sets forth two reasons as to why Kelly should be compelled to

16  produce documents responsive to her Request for Production of Documents Nos.

17  21-23. First, Plaintiff claims that the documents sought are relevant to class

18  certification issues. Second, Plaintiff claims that the documents sought are relevant

19  to establishing liability on Plaintiff's individual claims.  For the reasons set forth

20  more fully below, Kelly should not be compelled to produce these documents

21  because Plaintiff's requests are entirely overbroad and seek irrelevant information.

22  Therefore, the burden imposed upon Kelly to produce these documents grossly

23  outweighs the likelihood that Plaintiff will discover admissible evidence.

24

25

26

27

28

W02-WEST:1LDT1\400703217.3

DEFENDANT KELLY SERVICES, INC.'S
OPPOSITION TO PLAINTIFF CATHERINE
SULLIVAN'S MOTION TO COMPEL DISCOVERY

A.    Plaintiff's Requests Are Entirely Overbroad and the Burden on Kelly Clearly
      Outweighs Any Potential Benefit

         A motion to compel may be denied on the grounds that the burden or
expense of the proposed discovery outweighs the likely benefit.  (Federal Rule of
Civil Procedure 26(b)(c)(iii).)  Even the case upon which Plaintiff relies to
demonstrate that these merit and damages based discovery requests are appropriate
prior to class certification specifically indicates that discovery must be restricted
where it is burdensome and irrelevant.  Loy v. Motorola, Inc., 2004 WL 2967069,
*6-7 (N.D. Ill. 2004)(citation omitted)("Discovery must be sufficiently broad to give
the plaintiff a realistic opportunity to meet the requirements of class certification,
but at the same time, a defendant should be protected from overly burdensome or
irrelevant discovery.")    Plaintiff's document requests are exactly the type of overly
burdensome and irrelevant discovery that the Court in Loy warned that a defendant
must be protected from engaging in.

      1.    Plaintiff Has Not Demonstrated That the Burden is Outweighed by the
            Likelihood of Discovering Admissible Evidence

         Kelly employs hundreds of thousands of temporary employees.  (See
Declaration of Lauren D. Thibodeaux, ¶ 2; Exh. A.)  At the time Kelly removed this
action to Federal Court, Kelly estimated that 277,380 temporary assignments ended
during Plaintiff's proposed four year class period.  (Id.)  In the calendar year 2006,
approximately 35,903 California-based temporary employees completed temporary
assignments.  (Id.)  Given the magnitude of the number of Kelly temporary
employees, Plaintiff's demand that Kelly sift through these employees' files to
determine who filed claims with the specified administrative agencies, the nature of
their claims, and supporting documents related to whether, when , and why

-5-

1    employment ended would create an undue burden for the sole purpose of generating
2    irrelevant and inadmissible information.
3
4            Furthermore, Plaintiff's production requests improperly seek
5    information that is protected by the attorney-client privilege and work product
6    doctrines.  Plaintiff's requests seek <u>all</u> documents that <u>evidence, relate to, or concern</u>
7    a position taken by Kelly while defending against administrative charges.  If ordered
8    to produce these documents, Kelly would potentially need to produce documents
9    that reflect communications between Kelly and its legal counsel regarding the
10   administrative charge and Kelly's defense of it.  Also implicated by Plaintiff's
11   requests are any documents related to its counsel's legal theories, notes taken by
12   counsel or for counsel, and drafts of any position statements, motions, or arguments
13   made during Kelly's defense of the administrative charge.  These documents are
14   clearly privileged and Kelly should not be compelled to produce them.  <u>Clarke v.
15   Am. Commerce Nat'l Bank</u>, 974 F.2d 127, 129 (9th Cir. 1992); <u>Fisher v. United
16   States</u>, 425 U.S. 391, 403 (1976); <u>United States v. Hirsch</u>, 803 F.2d 493, 496 (9th
17   Cir. 1986).
18
19           Moreover, Plaintiff's Request for Production Nos. 21-23 are not
20   narrowly tailored to limit the request to documents that are publicly available.
21   Rather, these overly broad Requests improperly seek <u>all</u> documents, including non-
22   public documents that are included in employees' personnel files and contain Kelly's
23   employees' private information.  California employees have a constitutional right to
24   privacy as to their private, confidential information.  Cal. Const. Art. I, sec. 1.  The
25   right to privacy includes confidential information contained in personnel files and
26   prohibits automatic discovery of this information from employers.  (<u>See</u> <u>Board of
27   Trustees v. Superior Court</u>, 119 Cal. App. 3d 516 (1981); <u>Harding Lawson Assoc. v.
28   Superior Court</u>, 10 Cal. App. 4th 7 (1992).)  In <u>Board of Trustees</u>, the court

-6-

1  explained that the employer has the <u>duty</u> to resist production of confidential

2  information and cannot waive the rights of their employees. (<u>Id.</u> at 525-26.)  An

3  employee is entitled to "expect" that his or her right to privacy will be asserted by

4  his or her employer in response to such a request. (<u>Id.</u>)  Once the constitutional right

5  to privacy is asserted, the court must engage in a "careful balancing of the

6  compelling public need for discovery against the fundamental right of privacy."

7  (<u>Board of Trustees</u>, 119 Cal. App. 3d at 525 <u>citing</u> <u>City of Santa Barbara v.</u>

8  <u>Adamson</u>, 27 Cal. 3d 123, 130 (1980); <u>Valley Bank of Nevada v. Superior Court</u>,

9  15 Cal. 3d 652, 657 (1975); <u>White v. Davis</u>, 13 Cal. 3d 757, 774-775 (1975).)  Here,

10  because Plaintiff's document requests are impermissibly over broad, Plaintiff has

11  requested documents that may include private information for former and current

12  Kelly employees that are irrelevant to the present litigation.  This is certainly not the

13  "compelling need" that is contemplated to compel the production of private

14  documents related to employees' administrative claims.

15

16        In essence, by her document requests, Plaintiff asked Kelly to engage in

17  a costly fishing expedition to determine whether any responsive documents exist for

18  any of Kelly's California employees over the last ten years.  Plaintiff justifies this

19  fishing expedition by arguing that the document requests are relevant to class

20  certification because a 1990 CUIAB Precedent Disability Decision demonstrates

21  that Kelly has claimed in the past that an employee was not entitled to benefits

22  because her employment terminated when her last temporary assignment ended.

23  (Plaintiff's Motion, Section III.A., p. 5:9-20.)  The facts of the matter that resulted in

24  the 1990 CUIAB Precedent Disability Decision are not clear from the decision.

25  Furthermore, a position taken by Kelly 18 years ago in defense of an action before

26  the CUIAB is not relevant to the matter at hand.  Different administrative agencies

27  are governed by different regulations which provide for different legal standards.

28

-7-

1        This illustrates why Plaintiff's requests are burdensome and why her

2    claims are not appropriate for class certification. If Kelly is ordered to comply with

3    these requests, Kelly would need to determine the factual situation underlying each

4    and every one of the administrative claims brought against it in California to

5    determine whether they are responsive to Plaintiff's claims. Kelly would then have

6    to explore the underlying facts and outcomes of each administrative claim to

7    determine whether it is relevant or irrelevant to Plaintiff's requests. Such an

8    individualized inquiry is clearly unduly burdensome on Kelly.

9

10       Moreover, the existence of a decision regarding a single claim made by

11   one of hundreds of thousands of Kelly employees does not demonstrate that any

12   other such claims exist. Therefore, the burden of requiring Kelly to search through

13   hundreds of thousands of records to gather this information, to produce potentially

14   privileged and private documents is not outweighed by the likelihood that Plaintiff

15   will find relevant or admissible evidence.

16

17   2.    <u>Plaintiff's Requests Are Overbroad and Burdensome Because They</u>

18       <u>Seek Irrelevant Information Regarding Kelly Employees' Claims</u>

19

20       Plaintiff points to the 1990 CUIAB Precedent Disability Decision to

21   demonstrate that her document requests seek relevant information related to her

22   ability to meet the class certification requirements. However, her requests are not

23   narrowly tailored to seek only these documents. Rather, documents responsive to

24   these requests would include all documents that are even tangentially related to each

25   and every instance where Kelly made the argument that an employee was not

26   entitled to unemployment insurance benefits because he or she was terminated. This

27   includes any instances where a permanent Kelly employee was terminated for cause

28   and therefore, Kelly took the position that he or she was not entitled to benefits.

-8-

            DEFENDANT KELLY SERVICES, INC.'S
OPPOSITION TO PLAINTIFF CATHERINE
SULLIVAN'S MOTION TO COMPEL DISCOVERY

1  This also includes instances when a temporary employee quit his or her employment

2  prior to applying for benefits and therefore, Kelly took the position that he or she

3  was not entitled to benefits. The requests also implicate any other combination of

4  scenarios where an employee was not entitled to benefits because his or her

5  employment with Kelly had been terminated.  Such instances are completely

6  irrelevant to Plaintiff's causes of action, but are nonetheless responsive to Plaintiff's

7  overbroad discovery requests.

8

9    3.    Plaintiff's Requests Are Overbroad and Burdensome Because They

10        Seek Clearly Irrelevant Information Regarding All of Kelly's California

11        Employees

12

13        Plaintiff's First Amended Complaint defines the putative class as "a

14  class of Kelly Services employees assigned to work for Kelly Services' customers

15  whose employment in California ended from four years prior to the filing of this

16  action through the date this action is resolved and who did not receive their final

17  check on the final day they worked for Defendant." (Plaintiff's Complaint p.3, ¶ 17,

18  ll. 19-23.)  By her Motion to Compel, Plaintiff claims that the requested documents

19  are relevant to her ability to demonstrate the typicality and commonality

20  requirements for class certification, and therefore should be compelled despite the

21  fact that this information goes to merit and damages issues.  (Motion at 4:13-18;

22  4:26-5:2.)  However, it is clear that Plaintiff's document requests are overbroad in

23  light of her proposed class as defined in her Complaint.

24

25        Plaintiff makes no effort to limit her requests to employees who were

26  similarly situated to her, *i.e.* Kelly temporary employees assigned to work for Kelly

27  customers.  Given the definition of the putative class, Plaintiff's request is overbroad

28  because she seeks information regarding every type of Kelly employee in California.

-9-

1   In addition to temporary employees, Kelly also employs permanent employees who

2   staff Kelly offices; work to place temporary employees in assignments; and work to

3   sell Kelly's services to new and existing customers.  Therefore, Plaintiff's demand

4   that Kelly scour through documents submitted to each of the three listed agencies

5   for the past ten years for temporary employees <u>and</u> all other Kelly employees in

6   order to make a conclusion regarding whether the documents evidence, relate to, or

7   concern a particular position taken by Defendant is clearly overbroad, burdensome,

8   and oppressive.

9

10      4.      <u>Plaintiff's Request Is Overbroad as to Time Because It Requests</u>

11              <u>Documents From January 1, 1997 to the Present</u>

12

13          Plaintiff claims that her Request for Production Nos. 21-23 are relevant

14  to the establishment of liability as to her individual claims and her ability to

15  demonstrate that Kelly did not act in good faith by failing to pay her on the last day

16  she worked in her assignment at Managed Health Network.  In her Motion, Plaintiff

17  admits that by her document requests she is essentially fishing for documents similar

18  to the 1990 CUIAB Precedent Disability Decision, from "a more relevant time

19  frame" that demonstrate that Kelly has taken the position that an employee is not

20  entitled to benefits because his or her employment ended.  (Motion at 7:10-14.)

21  However, despite Plaintiff's search for documents from "a more relevant time

22  frame," Plaintiff's request remains overbroad because the statute of limitations

23  applicable to Plaintiff's claim for Labor Code Section 203 penalties is only one-year.

24  (<u>McCoy v. Superior Court</u>, 157 Cal.App.4th 225, 233 (2007).)  Plaintiff provides no

25  explanation as to why documents dating back ten years would be relevant to her

26  individual claims or to class certification.

27

28

W02-WEST:1LDT1\400703217.3

DEFENDANT KELLY SERVICES, INC.'S
OPPOSITION TO PLAINTIFF CATHERINE
SULLIVAN'S MOTION TO COMPEL DISCOVERY

1

## IV.   CONCLUSION

2

3        For the foregoing reasons, Kelly respectfully requests that Plaintiff's

4   motion to compel further discovery responses by denied in its entirety.

5

6   Dated:  February 13, 2008

7                                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

8

9                         By  _____

10                               RICHARD J. SIMMONS
                                 DEREK R. HAVEL
11                               GEOFFREY D. DEBOSKEY
                                 LAUREN D. THIBODEAUX
12

13                           Attorneys for Defendant KELLY SERVICES,
                             INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:1LDT1\400703217.3

DEFENDANT KELLY SERVICES, INC.'S
OPPOSITION TO PLAINTIFF CATHERINE
SULLIVAN'S MOTION TO COMPEL DISCOVERY

1

<u>PROOF OF SERVICE</u>

2

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

3

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope

4

Street, 48th Floor, Los Angeles, California 90071-1448.

5

On **February 13, 2008**, I served the following document(s) described as
**DEFENDANT KELLY SERVICES, INC.'S OPPOSITION TO PLAINTIFF**

6

**CATHERINE SULLIVAN'S MOTION TO COMPEL DISCOVERY** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or

7

packages addressed as follows:

8

Eric A. Grover, Esq.                    Tel:  415-543-1305
Valerie Sharpe, Esq.                   Fax:  415-543-7861

9

Jade Butman, Esq.
Keller Grover LLP

10

425 Second Street, Ste. 500
San Francisco, CA  94107

11

12

☒    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited

13

with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on

14

motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in

15

affidavit.

16

☒    **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the

17

office of a member of the bar of this Court at whose direction the service was made.

Executed on **February 13, 2008**, at Los Angeles, California.

18

19

_____

20

Corina Aguilar

21

22

23

24

25

26

27

28

W02-WEST:1LDT1\400322298.2                    -12-