1  ERIC A. GROVER (SBN 136080)
   eagrover@kellergrover.com
2  VALERIE L. SHARPE (Of Counsel) (SBN 191344)
   vsharpe@kellergrover.com
3  **KELLER GROVER LLP**
   425 Second St., Suite 500
4  San Francisco, CA 94107
5  Telephone:  (415) 543-1305
   Fax:  (415) 543-7861
6

7
   Attorneys for Plaintiff
8  CATHERINE SULLIVAN

9
10                     **UNITED STATES DISTRICT COURT**

11                     **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CATHERINE SULLIVAN, on behalf of herself and all others similarly situated, | Case No.:  CV 07-02784 CW |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| KELLY SERVICES, INC., and DOES 1 through 10 inclusive, | **PLAINTIFF CATHERINE SULLIVAN'S REPLY TO DEFENDANT KELLY SERVICES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** |
| Defendants. | **[Fed. R. Civ. Proc. 34, 37]** |
| | **Date:** TBD<br>**Time:** TBD<br>**Judge:** Magistrate Bernard Zimmerman<br>**Courtroom:** TBD |

---

Plaintiff's Reply to Defendant's Opposition                                  Case No. CV-07-02784 CW
To Plaintiff's Motion to Compel

**I.   INTRODUCION**

With this Motion, Plaintiff seeks documents that are directly relevant to her ability to move for class certification and her ability to oppose Defendant's planned summary judgment motion. In her Complaint, Plaintiff alleges that, when her temporary assignment with Defendant ended on August 11, 2006, she should have been paid her final wages on that day in accordance with Labor Code Sections 201 and 202. Defendant contends that although Plaintiff did not work for Defendant subsequent to August 11, 2006 and did not have the guarantee of any work subsequent to August 11, 2006, her employment had not terminated and Defendant, therefore, was not obligated to pay Plaintiff in accordance with Labor Code sections 201 and 202. Defendant's general and standardized policies and practices with respect to when it deems the employment relationship with its temporary staffing employees to have ended so that the requirements of Labor Code sections 201 and 202 are triggered are directly relevant to Plaintiff's ability to demonstrate that her claim is typical of the class and that common issues of fact and law predominate. Accordingly, with this Motion, Plaintiff seeks documents wherein Defendant has taken the position with the Employment Development Department, the Workers' Compensation Appeals Board and/or the Unemployment Insurance Appeals Board that a California employee of Defendant was not entitled to benefits because his or her employment with Defendant had ended. Plaintiff is already aware of one California Unemployment Insurance Appeals Board Decision wherein Defendant took the position that a claimant was not entitled to benefits because her employment ended on the last day of her assignment. (Declaration of Valerie L. Sharpe in Support of Plaintiff's Motion to Compel, ¶ 11, Exh. I) ("Sharpe Decl. in Support of Motion to Compel.") It is very likely that similar documents from a more recent time frame will provide Plaintiff with further evidence of Defendant's policies and practices regarding when it deems the employment of temporary staffing employees to end.

Defendant makes a number of unpersuasive arguments in opposing Plaintiff's Motion to Compel. Defendant argues in its Opposition that the Requests are overbroad. However, subsequent to Plaintiff's receipt of Defendant's Opposition, Plaintiff's counsel and defense counsel engaged in further meet and confer efforts and determined that Defendant's concern that the Requests are

1

Plaintiff's Reply to Defendant's                                             Case No. CV-07-02784 CW
Opposition to Motion to Compel

overbroad could be resolved, as detailed herein, through compromise. Defendant also argues that it should not be required to respond to the disputed Requests because they are unduly burdensome. That claim, however, should be summarily rejected. Not only does Defendant present no evidence to support this claim, but the parties' most recent meet and confer efforts reveal that Defendant's claim of burdensomeness is conclusory and speculative, as it is clear that defense counsel has made little to no effort to ascertain exactly what is involved in responding to the disputed Requests. Similarly, Defendant has failed to demonstrate why the documents sought are not likely to lead to the discovery of admissible evidence. Defendant alleges that, because the Requests are overbroad, they also seek irrelevant information. However, since Plaintiff has agreed to narrow its inquiry to alleviate the concerns of over broadness, Defendant's basis for asserting that the documents sought are irrelevant is moot. Accordingly, since none of the grounds upon which Defendant resists production are valid, Plaintiff's Motion should, subject to the recently agreed upon limits, be granted.

## II.    DEFENDANT'S CONCERN THAT THE REQUESTS ARE OVERBROAD IS MOOT.

Without providing any information that would allow Plaintiff or the Court to conduct an analysis as to the validity of its objections, Defendant claims that Request Nos. 21, 22 and 23 are overbroad in that they cover attorney-client privileged documents, documents protected from disclosure by the attorney-work product doctrine and documents protected from disclosure by third party privacy rights (*i.e.* documents in employee personnel files). Defendant also alleges that the disputed Requests are overbroad because they cover documents pertaining to the employment of permanent employees who are not potential putative class members. Defendant's concerns in this regard have, since Plaintiff's filing of the instant Motion, been resolved through mutual compromise.[1]

---

[1] Although Defendant objected to Request Nos. 21, 22 and 23 on grounds of attorney-client privilege, attorney work product and over broadness, Defendant did not, at any time, assert an objection on third party privacy grounds. Sharpe Decl. in Support of Motion to Compel ¶ 3, Exh. B. Moreover, as the claims of privilege and the overbroad objections were contained in a boilerplate paragraph of objections and since Defendant did not address the privilege, privacy or overbroad concerns in its December 7 or December 14 meet and confer letters, Plaintiff did not have the

2

Plaintiff's Reply to Defendant's                                    Case No. CV-07-02784 CW
Opposition to Motion to Compel

Pursuant to Magistrate Zimmerman's Initial Discovery Order, Plaintiff's counsel initiated a meeting with defense counsel to meet and confer regarding the instant Motion, which had already been filed at the time of issuance of Magistrate Zimmerman's Order. As defense counsel is located in Los Angeles and Plaintiff's counsel is in San Francisco, the parties met and conferred by means of a tape recorded telephone conference on February 15, 2008. (Declaration of Valerie L. Sharpe in Support of Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Compel, ¶¶ 6, 7) (Sharpe Decl. in Support of Reply.") Therein, Plaintiff's counsel clarified the intent of Request Nos. 21, 22 and 23 – to obtain documents that were submitted to one of the specified agencies wherein Defendant took the position that the claimant was not entitled to benefits because his or her employment had ended. Plaintiff's counsel explained that the Requests were not intended to cover privileged or confidential documents and agreed that the Requests could be narrowed to cover only those responsive documents that were <u>submitted</u> to the specified agencies. Similarly, Plaintiff's counsel agreed that the Requests could be narrowed so as to only apply to documents that were submitted by Defendant in response to a claim filed by a temporary staffing employee as opposed to a permanent employee of Defendant. Defense counsel indicated that such limitations would appropriately address Defendant's concerns that Request Nos. 21, 22 and 23 were overbroad. Sharpe Decl. in Support of Reply ¶ 8. Accordingly, Defendant's Opposition to the instant Motion on these grounds should be disregarded.

## II. THE DOCUMENTS SOUGHT ARE RELEVANT AND DEFENDANT HAS NOT DEMONSTRATED OTHERWISE.

It is well settled that the party resisting discovery on the grounds of relevancy has the obligation to substantiate its objection. *In re ATM Fee Antitrust* Litigation, 233 F.R.D. 542, 545 (N.D. Cal. 2005) (objecting party has burden to substantiate objections); *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296 (E.D. Pa. 1980) (objecting party "must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not

---

opportunity to respond to these concerns until after Defendant filed its Opposition. Indeed, Defendant's Opposition was the first time these concerns were ever specifically addressed by Defendant. Sharpe Decl. in Support of Motion to Compel, ¶¶ 5, 7, Exhs. D, F.

3

Plaintiff's Reply to Defendant's  
Opposition to Motion to Compel

Case No. CV-07-02784 CW

1 relevant…"); *Schapp v. Executive Indus., Inc.,* 130 F.R.D. 384, 386-87 (N.D. Ill 1990) (party objecting on relevancy grounds has burden to substantiate objection). Defendant's objection to Request Nos. 21, 22 and 23 on grounds of relevancy should be rejected because Defendant has failed to substantiate this objection and, as demonstrated in Plaintiff's moving papers, the disputed requests do, in fact, seek relevant information.

Defendant offers no explanation as to why the documents sought would not be relevant to Plaintiff's ability to oppose Defendant's planned motion for summary judgment. Indeed, as noted in Plaintiff's moving papers, one of Defendant's affirmative defenses is that it acted in good faith and did not willfully violate the Labor Code. (Plaintiff's Motion 6:12-7:12.) If there is evidence that Defendant takes, for self serving purposes, conflicting positions as to when employment of its temporary staffing employees ends (*i.e.* when it defeats a claim of disability benefits, Defendant claims employment ends on the last day of an assignment but when it defeats liability on a Labor Code violation, Defendant claims that employment continues even after a temporary employee stops working for Defendant) such evidence is relevant to challenging an affirmative defense of good faith. Notably, Defendant did not, in its Opposition, disavow the notion that it would pursue a good faith defense in its motion for summary judgment. Indeed, Defendant's silence on this point is telling – the information sought is relevant, Plaintiff's are entitled to it and Defendant knows this to be the case. *See Resolution Trust Corporation v. International Insurance Company*, 1992 WL 69846 (March 25, 1992, E.D. La.) (granting motion to compel evidence that goes to affirmative defenses to complaint). Moreover, the United States Supreme Court explained that relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). Clearly, evidence that could be used to defeat an asserted affirmative defense bears on a matter in the case and should be produced. For this reason alone, Plaintiff's Motion to Compel should be granted.

Defendant also fails to demonstrate why the disputed requests are not relevant to Plaintiff's motion for class certification. In her motion for class certification, Plaintiff will need to address the nature of Defendant's policies and practices regarding when it deems employment of its temporary

4

Plaintiff's Reply to Defendant's  Case No. CV-07-02784 CW
Opposition to Motion to Compel

1 staffing employees to end and whether such policies and practices are consistently implemented as
2 to all proposed class members. In the parties' February 15, 2008 meet and confer telephone
3 conference, defense counsel indicated that determinations in this regard may vary from office to
4 office. (Sharpe Decl. in Support of Reply, ¶ 10.) This assertion makes the documents sought even
5 more relevant to Plaintiff's ability to move for class certification. If Defendant intends to assert that
6 each office takes different approaches to when it deems the employment of its temporary staffing
7 employees to end, it is critical that Plaintiff be afforded access to the evidence that can test this
8 assertion. The California Unemployment Appeals Board decision already known to Plaintiff
9 demonstrates the very real likelihood that evidence of Defendant's policies and procedures regarding
10 when it deems employment of temporary staffing employees to end will be contained in the
11 documents sought. (Sharpe Decl. in Support of Motion to Compel, ¶ 11, Exh. I.) Such evidence
12 will enable Plaintiff to demonstrate whether commonality and typicality exist so as to justify class
13 certification.

14 At most, Defendant alleges that the documents sought are not relevant because the Requests
15 cover documents demonstrating positions taken with respect to permanent employees, who are not
16 potential putative class members. (Defendant's Opposition, 9:13-23.) However, as noted above,
17 this concern has been addressed by Plaintiff's agreement to narrow the request to documents
18 submitted to the specified agencies in response to claims filed by temporary staffing employees.
19 Thus, because Defendant has failed to meet its burden to show how the disputed requests seek
20 irrelevant information, Plaintiff's Motion to Compel should be granted.

**IV. DEFENDANT HAS NOT ADEQUATELY DEMONSTRATED THAT THE DISPUTED REQUESTS ARE UNDULY BURDENSOME.**

23 As the party resisting discovery, Defendant has not adequately demonstrated that Request
24 Nos. 21, 22 and 23 are unduly burdensome so as to prevent Plaintiff from obtaining evidence that is
25 relevant to her motion for class certification and her opposition to Defendant's planned summary
26 judgment motion. In *In re ATM Fee Antitrust Litigation*, 233 F.R.D. 542 (N.D.Cal. 2005), this
27 Court granted plaintiff's motion to compel despite defendant's objection that the discovery was, in
28 part, burdensome. There, the Court noted that defendant had failed to provide specifics sufficient to

5

1  justify denying the discovery and stated that the objecting party has the burden to substantiate its
2  objections. *Id.* at 545. In so stating, the court relied, in part, on *Employers Commercial Union*
3  *Insurance Company of America, et al. v. Browning-Ferris Industries of Kansas City, Inc.,* 1993 WL
4  210012 (D.Kan.1993). In *Employers Commercial Union*, the court stated that with respect to
5  objections on grounds of burden, the objecting party is required to specifically show how the request
6  is burdensome "by submitting affidavits or offering evidence revealing the nature of the burden."
7  *Id.* at *2. Moreover, in *Paulsen v. Case Corp.,* 168 F.R.D. 285, 289 (C.D.Cal. 1996), the court noted
8  that objections such as "overly burdensome" are improper when a party fails to submit any
9  evidentiary declarations supporting such objections. *See also Coker v. Duke & Co., Inc.,* 177 F.R.D.
10 682, 686 (M.D.Al. 1998) ("…a party seeking to avoid discovery on a burdensomeness argument
11 must substantiate the position with detailed affidavits…[and] cannot rely on simple conclusory
12 assertions about the difficulty of complying with the requests."); *Pleasants v. Allbaugh,* 208 F.R.D.
13 7, 12 (D.D.C. 2002) (the party opposing discovery based on burden must make a specific showing,
14 supported by declaration, as to why the production sought would be unreasonably burdensome);
15 *McCoy v. Whirlpool Corp.,* 214 F.R.D. 642, 646 (D.Kan. 2003) (overruling an undue burden
16 objection in part because of lack of affidavit or other evidentiary support).

17 Although in her moving papers Plaintiff practically invited Defendant to submit evidence
18 demonstrating the alleged burden of responding to Request Nos. 21, 22 and 23, Defendant has
19 provided absolutely no evidentiary support to justify its burden objection. The only declaration
20 submitted by Defendant indicates how many staffing employees had temporary assignments that
21 ended during the claimed class period. Such evidence reveals nothing of the burden involved in
22 responding to Plaintiff's Request Nos. 21, 22 and 23. It is astonishing that Defendant has been on
23 notice for approximately five months as to the type of information Plaintiff is seeking with this
24 Motion and Defendant has not submitted a single declaration concerning how many unemployment,
25 workers compensation and/or disability claims have been filed in California or to how many of such
26 claims it has responded. Likewise, Defendant has not submitted a declaration to state the manner in
27 which the records sought are kept nor the effort and expense that might be involved in searching the
28

6

Plaintiff's Reply to Defendant's                                              Case No. CV-07-02784 CW
Opposition to Motion to Compel

1 records. As it stands, Defendant's assertion of burden is merely conclusory and insufficient, as a
2 matter of law, to justify denying Plaintiff the discovery sought.[2]

3     Moreover, absent evidence to the contrary, it is possible that there is, in fact, minimal burden
4 involved in obtaining the documents. In this day and age of computers, most employers of any size
5 have sophisticated Human Resource Information Systems (HRIS) which are capable of tracking a
6 wide variety of human resource information. Indeed, there are even specific software systems that
7 specialize in claims management and specifically track workers' compensation and disability claims.
8 (*See* Request for Judicial Notice In Support of Plaintiff's Motion to Compel, Exh. A.) Given the
9 size of Defendant's operations in California alone, it is difficult to believe that Kelly does not have
10 any such computerized tracking mechanism (or have a third party claims administrator that utilizes
11 such software) which would make responding to Request Nos. 21, 22 and 23 a manageable
12 undertaking. Whether the information requested can be obtained (to any extent) through the use of
13 any such computerized system is not indicated in Defendant's Opposition, because defense counsel
14 has not bothered to obtain this information from its client. During the meet and confer telephone
15 conference on February 15, Plaintiff's counsel asked whether there was any sort of computer
16 tracking mechanism for such information and whether Defendant utilized a third party vendor to
17 respond to claims from any or all of the specified agencies. Defense counsel admitted that he had
18 not obtained this information from his client and did not know the manner in which such information

---

[2] Even if Defendant had properly shown that the undertaking would involve significant time and expense, such showing would not be dispositive. Mere burden is not sufficient to prevent the discovery from going forward. "The mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and possibility of injury to the business of the party from whom discovery is sought does not of itself require denial of the motion." 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure § 2214, at 647-48 (1970) (citations omitted).* "The fact that an unwieldy record keeping system would require heavy expenditures of time and effort to produce requested documents, [sic] is not a sufficient reason to prevent disclosure of otherwise discoverable material." *Snowden v. Connaught Lab., Inc.,* 137 F.R.D. 336 (D.Kan. 1991). "In making a decision regarding burdensome, a court should balance the burden on the interrogated party against the benefit to the discovering party of having the information." *Rich v. Martin Marietta Corp.,* 522 F. 2d 333 (10th Cir. 1975). As noted herein, the documents sought are needed by Plaintiff to oppose Defendant's motion for summary judgment and to move for class certification. Weighed against a speculative cost, Plaintiff's clear need for the discovery warrants production.

7

Plaintiff's Reply to Defendant's                                        Case No. CV-07-02784 CW
Opposition to Motion to Compel

was maintained. When asked for the factual basis of defense counsel's claim that securing the requested documents would be burdensome, defense counsel responded that he only knew that his client said it would be unduly burdensome to obtain such documents. (Sharpe Decl. in Support of Reply, ¶ 9.)

Clearly, Defendant's claim of burden is conclusory, unsupported and based on pure speculation from defense counsel. In *Employers Commercial Union Ins. Co. of America v. Browning-Ferris Industries of Kansas City, Inc.*, 1993 WL 210012 (D. Kan. 1993), the court stated in no uncertain terms that such speculation was wholly insufficient to justify resisting discovery. There, the court wrote:

> Plaintiff has submitted no affidavit or other proof to show that the requested production of documents would be unduly burdensome. Nor has it otherwise shown undue burden from anything of record. Mere assertions in argument that its record-keeping system prevents production without undue burden do not suffice. The court declines to speculate on this point. The scales of justice will generally weigh in favor of the production of relevant documents when weighed against mere conjecture of undue burden.

*Id.* at *5. Because Defendant has submitted absolutely no evidence to support its claim that producing the requested documents would be unduly burdensome, this Court should summarily reject Defendant's burden argument and order production of the requested documents.

## IV.   CONCLUSION

The documents sought by Plaintiff's Motion to Compel are relevant to her ability to oppose Defendant's planned motion for summary judgment and her ability to move for class certification. Defendant has provided no evidence to demonstrate the manner and extent to which it would be burdensome to provide the documents sought by Request Nos. 21, 22 and 23. Accordingly, this Court should grant Plaintiff's Motion and order Defendant to produce all documents it submitted in the five years prior the filing of Plaintiff's Complaint to the EDD, CUIAB and WCAB wherein Defendant took the position that a temporary staffing employee in California was not entitled to

8

1 | benefits because his or her employment had ended.

2 | Dated:  February 20, 2008                                          KELLER GROVER LLP

4 | _____/s/_____
5 | VALERIE L. SHARPE
    Attorneys for Plaintiff
6 | CATHERINE E. SULLIVAN