ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
VALERIE L. SHARPE (Of Counsel) (SBN 191344)
vsharpe@kellergrover.com
**KELLER GROVER LLP**
425 Second St., Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Fax: (415) 543-7861


Attorneys for Plaintiff
CATHERINE SULLIVAN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CATHERINE SULLIVAN, on behalf of herself and all others similarly situated, | Case No.: CV 07-02784 CW |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| KELLY SERVICES, INC., and DOES 1 through 10 inclusive, | **DECLARATION OF VALERIE L. SHARPE IN SUPPORT OF PLAINTIFF CATHERINE SULLIVAN'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |
| Defendants. | |

I, VALERIE L. SHARPE, do hereby declare and state as follows:

1. I am an attorney licensed to practice law in the State of California and in the 9th Circuit. I am Of Counsel with the law firm Keller Grover LLP, counsel of record for Plaintiff in the above-captioned matter. If called as a witness to testify, I could and would testify as to the following, based on my own personal knowledge.

2. On August 22, 2007, Plaintiff served her First Request for Production of Documents on Defendant. See Exhibit A to the Declaration of Valerie L. Sharpe in Support of Plaintiff's Motion to Compel Discovery filed on January 28, 2008.

3. Plaintiff agreed to grant Defendant's request for an extension of time (*i.e.* two weeks) to provide its responses to Plaintiff's First Request for Production of Documents and Defendants served their responses on October 9, 2007.

4. Although I drafted a meet and confer letter to be sent to defense counsel on October 29, 2007, it appears that (possibly as the result of a clerical error) the letter was not received by defense counsel until November 16, 2007, when my office re-sent the letter. Therein, we requested that Defendant respond to the meet and confer letter by November 28, 2007.

5. On November 28, 2007, defense counsel agreed to provide a response to the meet and confer letter by November 30, 2007. On December 4, 2007, when we had not received Defendant's response to the meet and confer letter, my office emailed defense counsel and inquired as to the status of the response. Defendant promised to provide a response by Thursday, December 6, 2007. Said response was not provided on December 6, 2007 as promised. It was not until my office emailed, defense counsel on December 7, 2007 inquiring, again, as to the status of the response that we finally received a written response to Plaintiff's meet and confer letter. A true and correct copy of the emails reflecting these communications are attached hereto as Exhibit A.

1

Decl. of Valerie L. Sharpe in Support of Reply                      Case No. CV-07-02784 CW
to Defendant's Opposition to Motion to Compel

6. After filing this motion on January 28, 2008, we received notice that the matter had been referred to Magistrate Judge Bernard Zimmerman and that Magistrate Zimmerman required that the parties meet and confer in person or by telephone in instances where counsel are not located in the Bay Area. Defense counsel is located in Los Angeles. Accordingly, on February 1, 2008, I wrote defense counsel and proposed February 4 and 5, 2008 as dates to meet and confer. Defense counsel indicated that they were not available on those dates. Due to mutual scheduling problems, we were not able to schedule a telephone conference to meet and confer regarding Plaintiff's Motion to Compel until February 15, 2008.

7. On February 15, 2008, I had a telephone conference with Geoff Deboskey, attorney for Defendant, to meet and confer regarding Plaintiff's Motion to Compel. Mr. Deboskey tape recorded the telephone conversation and confirmed, in a telephone conversation on February 19, 2008, that he has preserved the tape recording of the telephone conversation and that the tape is available for the Court to review should the Court deem such action necessary.

8. In our February 15, 2008 telephone conversation we addressed the issues raised in Defendant's Opposition to Plaintiff's Motion to Compel. With respect to Defendant's objection that the disputed document requests are overly broad, I clarified the intent of Request Nos. 21, 22 and 23 – to obtain documents that were submitted to one of the specified agencies wherein Defendant took the position that the claimant was not entitled to benefits because his or her employment had ended. I explained that the Requests were not intended to cover privileged or confidential documents and agreed that the Requests could be narrowed to cover only those responsive documents that were <u>submitted</u> to the specified agencies. Similarly, I agreed that the Requests should be narrowed so as to only apply to documents that were submitted by Defendant in response to a claim filed by a temporary staffing employee as opposed to a permanent employee of

2

Decl. of Valerie L. Sharpe in Support of Reply                    Case No. CV-07-02784 CW
to Defendant's Opposition to Motion to Compel

Defendant. Mr. Deboskey indicated that such limitations would appropriately address Defendant's concerns that Request Nos. 21, 22 and 23 were overbroad.

9. With respect to Defendant's objections that the disputed requests were unduly burdensome, I asked Mr. Deboskey whether Defendant had any sort of computer tracking mechanism for information pertaining to claims submitted to the Employment Development Department ("EDD"), the California Unemployment Insurance Appeals Board ("CUIAB") and/or the Workers' Compensation Appeals Board ("WCAB"). I also asked whether Defendant utilized a third- party vendor to respond to claims from any or all of the specified agencies. Defense counsel admitted that he had not obtained this information from his client and did not know the specifics of the manner in which such information was maintained. When I asked Mr. Deboskey how he knew that obtaining the requested documents would be burdensome, he replied that "what we got back" from the client was that Requests Nos. 21, 22 and 23 were "unduly burdensome." He indicated that his client had not elaborated for him the manner in which obtaining the documents would be unduly burdensome except to state that he had been informed that from the year 2000 to the present, 100,000 claims for unemployment benefits had been filed. He further acknowledged that his client had not attempted to manually search a small portion of records in order to assess the length of time and costs involved in manually searching potentially responsive documents.

10. With respect to Defendant's claim that the disputed requests sought irrelevant documents, Mr. Deboskey claimed that he had been told that the manner in which Defendant responds to matters before the EDD, CUIAB and WCAB may vary from office to office. On this basis, Mr. Deboskey asserted that the documents sought may not be relevant to showing common policies and/or practices.

3

1  I declare under penalty of perjury under the laws of the United States that the foregoing is
2  true and correct. Executed this 20th day of February 2008 in Oakland, California.

_____/s/_____
VALERIE L. SHARPE

# EXHIBIT A

**Stephanie Shattuck**

| | |
|---|---|
| **From:** | Eric A. Grover |
| **Sent:** | Friday, December 07, 2007 10:37 AM |
| **To:** | Lauren Thibodeaux |
| **Cc:** | Geoff DeBoskey; Valerie Sharpe; Derek Havel |
| **Subject:** | RE: Catherine Sullivan v. Kelly Services, Inc. |

We did not receive a response yesterday as promised.  What is the status.

Eric A. Grover, Esq.
Keller Grover LLP
425 Second Street
Suite 500
San Francisco, CA 94107
(415) 543-1305
(415) 543-7861 (fax)
eagrover@kellergrover.com
www.kellergrover.com

---

**From:** Lauren Thibodeaux [mailto:LThibodeaux@sheppardmullin.com]
**Sent:** Tuesday, December 04, 2007 2:44 PM
**To:** Eric A. Grover
**Cc:** Geoff DeBoskey; Valerie Sharpe; Derek Havel
**Subject:** RE: Catherine Sullivan v. Kelly Services, Inc.

We are still in the process of drafting our response and we will be able to provide it to you by Thursday.

---

**From:** Eric A. Grover [mailto:eagrover@KellerGrover.com]
**Sent:** Tuesday, December 04, 2007 2:25 PM
**To:** Lauren Thibodeaux
**Cc:** Geoff DeBoskey; Valerie Sharpe
**Subject:** RE: Catherine Sullivan v. Kelly Services, Inc.

The end of the week has come and gone.  Where are we with the response.  If we need to file a motion to compel, we want to get it filed before the holidays.

Eric A. Grover, Esq.
Keller Grover LLP
425 Second Street
Suite 500
San Francisco, CA 94107
(415) 543-1305
(415) 543-7861 (fax)
eagrover@kellergrover.com
www.kellergrover.com

---

**From:** Lauren Thibodeaux [mailto:LThibodeaux@sheppardmullin.com]

**Sent:** Wednesday, November 28, 2007 2:00 PM
**To:** Eric A. Grover
**Cc:** Geoff DeBoskey
**Subject:** Catherine Sullivan v. Kelly Services, Inc.

Mr. Grover,

We are in receipt of your November 16, 2007 meet and confer letter regarding Defendant's responses to Plaintiff's Request for Production of Documents. Our client is currently in the process of reviewing the response, therefore, we anticipate being able to provide you with the response by the end of this week.

Thank you,

Lauren Thibodeaux

Sheppard, Mullin, Richter &Hampton
333 S. Hope Street
48th Floor
Los Angeles, CA 90071
Office: 213-617-5582
Fax: 213-443-2807

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**Sheppard, Mullin, Richter & Hampton LLP**
Please visit our website at www.sheppardmullin.com

**Stephanie Shattuck**

| | |
|---|---|
| **From:** | Eric A. Grover |
| **Sent:** | Tuesday, December 04, 2007 2:25 PM |
| **To:** | Lauren Thibodeaux |
| **Cc:** | Geoff DeBoskey; Valerie Sharpe |
| **Subject:** | RE: Catherine Sullivan v. Kelly Services, Inc. |

The end of the week has come and gone. Where are we with the response. If we need to file a motion to compel, we want to get it filed before the holidays.

Eric A. Grover, Esq.
Keller Grover LLP
425 Second Street
Suite 500
San Francisco, CA 94107
(415) 543-1305
(415) 543-7861 (fax)
eagrover@kellergrover.com
www.kellergrover.com

---

**From:** Lauren Thibodeaux [mailto:LThibodeaux@sheppardmullin.com]
**Sent:** Wednesday, November 28, 2007 2:00 PM
**To:** Eric A. Grover
**Cc:** Geoff DeBoskey
**Subject:** Catherine Sullivan v. Kelly Services, Inc.

Mr. Grover,
We are in receipt of your November 16, 2007 meet and confer letter regarding Defendant's responses to Plaintiff's Request for Production of Documents. Our client is currently in the process of reviewing the response, therefore, we anticipate being able to provide you with the response by the end of this week.

Thank you,

Lauren Thibodeaux

Sheppard, Mullin, Richter &Hampton
333 S. Hope Street
48th Floor
Los Angeles, CA 90071
Office: 213-617-5582
Fax: 213-443-2807

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**Sheppard, Mullin, Richter & Hampton LLP**
Please visit our website at www.sheppardmullin.com

**Stephanie Shattuck**

**From:** Eric A. Grover
**Sent:** Tuesday, November 27, 2007 8:34 AM
**To:** Geoff DeBoskey
**Cc:** Valerie Sharpe
**Subject:** RE: Sullivan v. Kelly Services

Geoff --

We have no set deadline for a motion to compel; however, we have discovery and class cert deadlines and need to get these issues dealt with before we take the PMK deposition.

Eric A. Grover, Esq.
Keller Grover LLP
425 Second Street
Suite 500
San Francisco, CA 94107
(415) 543-1305
(415) 543-7861 (fax)
eagrover@kellergrover.com
www.kellergrover.com

---

**From:** Geoff DeBoskey [mailto:GDeBoskey@sheppardmullin.com]
**Sent:** Monday, November 26, 2007 11:29 PM
**To:** Eric A. Grover
**Subject:** RE: Sullivan v. Kelly Services

Eric:

I apologize that I did not get back to you sooner. I was out for most of the day today and am just now working my way through the outstanding email. I inadvertently did not forward your November 16th email to the associate primarily working on the discovery responses until Wednesday. I will check with the associate tomorrow on the status of the response. Many of the issues presented in your letter seem relatively straightforward, and I expect we will have a response shortly. Do you have a deadline to compel approaching?

-Geoff


Geoffrey D. DeBoskey, Esq.
Sheppard Mullin Richter & Hampton LLP
Labor & Employment Law Practice Group
Direct Dial: (213) 617-5547
Direct Facsimile: (213) 443-2762

---

**From:** Eric A. Grover [mailto:eagrover@KellerGrover.com]
**Sent:** Monday, November 26, 2007 11:34 AM
**To:** Geoff DeBoskey
**Subject:** Sullivan v. Kelly Services

Geoff --

I have not heard from you regarding the attached letter and my email below. Can we expect a response by November 28?

Eric A. Grover, Esq.
Keller Grover LLP
425 Second Street
Suite 500
San Francisco, CA 94107
(415) 543-1305
(415) 543-7861 (fax)
eagrover@kellergrover.com
www.kellergrover.com

---

**From:** Eric A. Grover [mailto:eagrover@KellerGrover.com]
**Sent:** Friday, November 16, 2007 11:30 AM
**To:** Geoff DeBoskey
**Cc:** Valerie Sharpe
**Subject:** Kelly Services mc letter 10 29 07.pdf

Geoff --

My assistant is out today so I can't get to the bottom of the meet and confer mystery. Attached is an unsigned copy of the letter that was supposed to go by fax and mail on October 29. (It is dated with today's date on page one because of the macro).

Can you get us a response by November 28?

Thanks.

Eric A. Grover, Esq.
Keller Grover LLP
425 Second Street
Suite 500
San Francisco, CA 94107
(415) 543-1305
(415) 543-7861 (fax)
eagrover@kellergrover.com
www.kellergrover.com

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**Sheppard, Mullin, Richter & Hampton LLP**
Please visit our website at www.sheppardmullin.com