ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
VALERIE L. SHARPE (Of Counsel) (SBN 191344)
vsharpe@kellergrover.com
**KELLER GROVER LLP**
425 Second St., Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Fax: (415) 543-7861

Attorneys for Plaintiff
CATHERINE SULLIVAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE SULLIVAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KELLY SERVICES, INC., and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.: CV 07-02784 CW<br><br>CLASS ACTION<br><br>**PLAINTIFF CATHERINE SULLIVAN'S REQUEST TO STRIKE DEFENDANT KELLY SERVICES, INC.'S IMPROPER SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**<br><br>[Fed. R. Civ. Proc. 34, 37; Local Rule 7-3(d)]<br><br>Date:        TBD<br>Time:       TBD<br>Judge:      Magistrate Bernard Zimmerman<br>Courtroom: TBD |

Plaintiff hereby requests that the Court strike from the record the following documents filed today by Defendant in violation of Local Rule 7-3(d): Defendant Kelly Services Inc.'s Sur-Reply in Support of Its Opposition to Plaintiff's Motion to Compel, the Declaration of Lauren D. Thibodeaux in Support of Defendant's Sur-Reply; the Declaration of Michael J. Tilley in Support of Defendant's Sur-Reply; and the Declaration of Matthew Harvill in Support of Defendant's Sur-Reply. These documents were filed by Defendant on February 27, 2008, six days <u>after</u> Plaintiff filed her Reply. As there is no indication that Defendant obtained prior approval from the Court before filing these supplemental papers, the filing of such papers violates Local Rule 7-3(d), and is prejudicial and improper. Local Rule 7-3(d) provides as follows:

> Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by serving and filing a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion - without argument. **<u>Otherwise, once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval.</u>** (Emphasis added.)

Because there is no record that Defendant obtained Court approval prior to filing its Sur-Reply and supporting papers, the Sur-Reply and supporting declarations should be stricken from the record. *G & C Auto Body Inc. v. GEICO General Ins. Co.*, No. C06-04898 MJJ, 2007 WL 3306629(N.D.Cal. Nov. 06, 2007) (J. Jenkins) (granting motion to strike unauthorized surreply for failing to comply with L.R. 7-3(d)); *Intagio Corp. v. Tiger Oak Publications, Inc.*, No. C-06-3592 PJH (EMC), 2007 WL 2781256 (N.D.Cal. Sept. 20, 2007) (J. Chen) (rejecting party's letter to the court as an unauthorized post-argument brief that failed to comply with L.R. 7-3(d)); *Certain Underwriters at Lloyd's London v. Rauw,* No. C 05-2377 SBA, 2007 WL 2729117(N.D.Cal. Sept. 18, 2007) (J. Armstrong) (rejecting party's improperly noticed motion to strike, which challenged

certain arguments raised in other party's reply and statements in declarations attached to reply, as an unauthorized surreply that failed to comply with L.R. 7-3(d)).

Moreover, it strains credulity that it is only <u>after</u> Plaintiff filed her Reply, that Defendant was able to provide any specific evidence of its claimed burden. Defendant has had since August 22, 2007 (*i.e.*, 5 months) to conduct its inquiry regarding the extent to which responding to Plaintiff's discovery at issue in the pending motion would be burdensome. Waiting until now to submit this evidence demonstrates that Defendant's meet and confer efforts were not conducted in good faith. Defense counsel admittedly resisted production on grounds of burden without really knowing the nature of the burden asserted. Tellingly, defense counsel offers no explanation as to why Defendant waited until after Plaintiff filed her Reply to produce evidence regarding the underpinnings of the claimed burden. Had Defendant acted in good faith during the meet and confer process, the parties could have discussed alternatives like starting with a more restrictive time period, conducting a statistically relevant sampling, and/or having Plaintiff's counsel assume the laboring oar of conducting a manual review. Additionally, by waiting until after the Reply was filed, Defendant's improper filing of the instant Sur-Reply has deprived Plaintiff of the opportunity to address the burdensomeness argument on the merits and is exactly the type of sandbagging the discovery statutes and local rules are designed to prevent.

/ / /

/ / /

/ / /

2

Plaintiff's Request to Strike                                    Case No. CV-07-02784 CW
Defendant's Improper Sur Reply

1  For the reasons stated herein and pursuant to Local Rule 7-3(d), the Court should strike
2 Defendant's Sur-Reply and the supporting declarations of Laruen D. Thibodeaux, Michael J. Tilley
3 and Matthew Harvill.

Dated: February 27, 2008                                          KELLER GROVER LLP

_____/s/_____
VALERIE L. SHARPE
Attorneys for Plaintiff
CATHERINE E. SULLIVAN