UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE SULLIVAN, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> v. ) <br> ) <br> KELLY SERVICES, ) <br> ) <br> Defendant(s). ) <br> ) | No. C07-2784 CW (BZ) <br><br> **ORDER GRANTING, IN PART PLAINTIFF'S MOTION TO COMPEL AND GRANTING PLAINTIFF'S MOTION TO STRIKE** |

On January 30, 2008, the Honorable Claudia Wilken referred all discovery disputes in this case to me for resolution.  Plaintiff has filed a motion to compel defendant to provide complete responses to her requests for production numbers 21, 22, and 23.  I find no need for oral argument. For the reasons set forth below, **IT IS ORDERED** that plaintiff's motion is **GRANTED IN PART**.

Plaintiff brought suit on behalf of herself and others similarly situated against defendant, a temporary staffing agency, under California Labor Code sections 201 and 202 which require payment of an employee's final wages immediately upon termination.  Plaintiff contends that it is defendant's

1

1 practice to pay its employees on the Friday following the week
2 that the employee worked, even if the employee's assignment
3 ends before that Friday and the employee is not scheduled to
4 begin work on another assignment.  Plaintiff argues this
5 practice violates Labor Code sections 201 and 202 because
6 without another assignment, the employment relationship is
7 terminated requiring immediate payment.  Defendant contends
8 that the employment relationship is ongoing, so immediate
9 payment is not necessary.  Plaintiff claims that when an
10 employee has sought benefits before the Unemployment Insurance
11 Appeals Board, the Employment Development Department and/or
12 the Workers' Compensation Appeals Board, defendant has, at
13 times, taken the opposite position; that a temporary employee
14 who is not currently on assignment is terminated.  Defendant
15 does not deny this may have happened.  Plaintiff is seeking an
16 order compelling the production of discovery regarding this
17 issue.
18     After filing their initial papers, the parties engaged in
19 further meet and confer discussions.  In response to
20 defendant's opposition that the requests for production are
21 overbroad and overly burdensome, plaintiff agreed to narrow
22 the scope of the requests.
23     In its opposition, defendant argued that producing the
24 requested documents would be unduly burdensome without
25 providing evidence setting forth the burden.  Plaintiff argued
26 that defendant's showing was inadequate.  Six days after
27 plaintiff filed her reply papers, defendant filed a sur reply
28 and declarations from two of its employees setting forth facts

regarding the burden it would suffer in order to respond to the requests.  Plaintiff immediately filed a motion to strike the improper sur reply and supporting declarations.  Civil Local Rule 7-3(d) provides that other than when filing a Statement of Recent Decision, "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval."  Here, defendant did not seek leave to file the sur reply and supporting declarations.  It is therefore **ORDERED** that plaintiff's motion to strike is **GRANTED**.

The issue of whether defendant takes a different position with regards to the termination status of employees whose assignments have ended for the purposes of payment of wages versus employees who are seeking benefits is relevant to issues of class certification, such as whether common issues of law and fact exist.  Fed.R.Civ.P. 26(b)(1); see also Babbitt v. Albertson's, Inc., 1992 WL 605652 at *3 (N.D.Cal. 1992).  Defendant's objection that the requests would be overly burdensome can be addressed by plaintiff's agreement to limit the scope of her requests[1] and by initially limiting the time period for which defendant shall respond to a six month

---

[1] Plaintiff agreed to limit the scope of her request to documents wherein defendant took the position that the claimant was not entitled to benefits because his or her employment had ended.  Plaintiff also agreed to limit the requests to documents submitted to the specified agencies by defendant in response to a claim filed by temporary staffing employees of defendants and to exclude defendant's permanent employees.

3

1  period beginning in May 29, 2003.[2]  It is therefore **ORDERED**
2  that plaintiff's motion to compel is **GRANTED IN PART** subject
3  to the above limitations.[3]  If after reviewing the documents
4  produced, plaintiff believes that the information it has
5  received warrant the production of documents for a broader
6  period, it may seek further discovery at that time.
7  Dated: March 4, 2008
8  _____
   Bernard Zimmerman
9  United States Magistrate Judge

10

G:\BZALL\-REFS\SULLIVAN V. KELLY\ORDER GRANTING IN PART MOTION TO COMPEL.wpd

---

[2] Plaintiff defines the putative class members as defendant's employees whose employment ended during the four year period prior to the filing of her suit, May 29, 2007, and who did not receive their final check on the final day they worked. (Pl.'s Compl. ¶ 13.)

[3] The court understands the parties have resolved all the issues of privacy and privilege.

4