ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
VALERIE L. SHARPE (Of Counsel) (SBN 191344)
vsharpe@kellergrover.com
**KELLER GROVER LLP**
425 Second St., Suite 500
San Francisco, CA 94107
Telephone:  (415) 543-1305
Fax:  (415) 543-7861


Attorneys for Plaintiff
CATHERINE SULLIVAN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE SULLIVAN, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>KELLY SERVICES, INC., and DOES 1 through 10 inclusive,<br><br>        Defendants. | Case No.:  CV 07-02784 CW<br><br>CLASS ACTION<br><br>**PLAINTIFF CATHERINE SULLIVAN'S NOTICE OF MOTION AND MOTION TO MODIFY CASE MANAGEMENT ORDER AND AMEND COMPLAINT; [PROPOSED] SECOND AMENDED COMPLAINT; [PROPOSED] ORDER**<br><br>[Fed. R. Civ. P. 16(b)(4), 15(a)(2)]<br><br>Date:    August 14, 2008<br>Time:   2:00 p.m.<br>Judge:  Honorable Claudia Wilken<br>Crtrm:  2, 4th Floor |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 14, 2008 at 2:00 p.m. or as soon thereafter as the matter may be heard before the Honorable Claudia Wilken in Courtroom 2 located at the United States District Court for the Northern District of California, Oakland Division, 1301 Clay Street, 4th Floor, Oakland, California 94612, Plaintiff Catherine E. Sullivan ("Plaintiff") will, and hereby does, move for an order modifying the Case Management Order and permitting Plaintiff to file a Second Amended Complaint. This Motion will be based upon this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Valerie L. Sharpe and exhibits thereto, the pleadings and other records on file herein, and on such other evidence as may be presented to the Court at the hearing.

Respectfully submitted,

Dated: July 10, 2008                    **KELLER GROVER LLP**

By: _____/s/_____
ERIC A. GROVER
Attorneys for Plaintiff
Catherine E. Sullivan

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3         Plaintiff Catherine E. Sullivan ("Plaintiff") respectfully requests that the Court modify the

4    Case Management Order to permit Plaintiff to file a Second Amended Complaint for damages and

5    injunctive relief, attached as Exhibit A.    The proposed Second Amended Complaint would add

6    claims based on facts that surfaced during the course of discovery.    Defendant Kelly Services, Inc.

7    ("Defendant") has known of Plaintiff's interest in pursuing these claims since these facts first

8    surfaced in late 2007; indeed, Defendant has responded to numerous discovery requests related to

9    these claims.    As discovery conducted to date has encompassed these claims and as the addition of

10   these claims would cause no undue delay or prejudice, Plaintiff respectfully asks the Court to

11   modify the Case Management Order to permit Plaintiff to file a Second Amended Complaint.

12   **II.   STATEMENT OF FACTS**

13        On April 20, 2007, Plaintiff filed a class complaint against Defendant in Alameda County

14   Superior Court.    The complaint alleged that she worked for Defendant as a temporary staffing

15   employee, was placed on a temporary assignment by Defendant, and that pursuant to California

16   Labor Code §§ 201 and 202, she was entitled to be paid her final wages on the last day she

17   performed work on that assignment.    Plaintiff further alleged that as a result of Defendant's failure

18   to timely pay her final wages, she is entitled to the penalty provided for in Labor Code § 203.

19   Defendant filed a notice of removal on May 29, 2007.    Upon stipulation of the parties, Plaintiff filed

20   the First Amended Complaint on July 27, 2007.  (Dkt. No. 16)  On September 17, 2007, this Court

21   issued a Case Management Order establishing December 31, 2007 as the deadline for adding claims

22   or parties to the First Amended Complaint.    (Dkt. No. 11)    Class certification discovery

23   subsequently commenced.

24        During the course of class certification discovery, Plaintiff first learned of Defendant's intent

25   to contest liability on Plaintiff's claims by asserting that Defendant was not obligated to pay Plaintiff

26   her final wages on the last day of her assignment because she was still Defendant's employee on the

27   last day of her assignment.  (Declaration of Valerie L. Sharpe ("Sharpe Decl.") ¶ 3.)  However,

Defendant had sent Plaintiff on several interviews with Defendant's customers and/or potential customers in an effort to secure additional business and did not pay Plaintiff for the hours she worked during these interviews or for the expenses she incurred performing this work. (*Id.*) Plaintiff began considering whether she could assert claims against Defendant under Labor Code sections 1194 and 2802. (*Id.* ¶ 4.)

At that time, December 2007, Plaintiff concluded that she lacked sufficient information to determine whether she could assert cognizable claims against Defendant. (*Id.*) Consequently, as of December 31, 2007, the deadline set by the Court for amending the complaint, Plaintiff was uncertain as to whether she had a basis to seek leave from the Court to file an amended complaint. (*Id.* ¶ 4.)

To determine if such a basis existed, Plaintiff immediately sought discovery from Defendant regarding the policies and procedures governing when, and under what circumstances, Defendant sent its temporary staffing employees on interviews with its customers and potential customers, when, and under what circumstances it paid its temporary staffing employees for work performed in connection with attending those interviews, and when, and under what circumstances, Defendant reimbursed its temporary staffing employees for expenses incurred in the discharge of their duties in connection with attending the interviews with Defendant's customers and potential customers. (*Id.* ¶¶ 5-6.) Defendant initially refused to respond to Plaintiff's discovery requests on these topics. (*Id.* ¶ 7.) On January 31, 2008, Plaintiff advised Defendant that it could allow discovery on these issues "to move forward and thereafter, [] stipulate to an amendment to the Complaint" or Plaintiff would "move for leave to amend or . . . file a new putative class action." (*Id.* ¶ 8, Exh. A.) On February 1, 2008, Defendant agreed to respond to Plaintiff's discovery requests. (*Id.* ¶ 9, Exh. B.)

Discovery on Plaintiff's potential claims under Labor Code sections 1194 and 2802 has been ongoing ever since. (*Id.* ¶¶ 6-15.) The parties are continuing to meet and confer regarding Plaintiff's discovery requests on these claims. (*Id.* ¶ 15.) Indeed, the parties are now discussing the possibility of a stipulation to address some of the issues that have arisen in connection with these requests. (*Id.* ¶ 15.)

1     As Plaintiff received the information, documents, and deposition testimony obtained from

2  Defendant during discovery, Plaintiff analyzed the viability of her potential claims under Labor

3  Code sections 1194 and 2802.  (*Id.* ¶ 16.)  Plaintiff decided to seek leave to amend her complaint.

4  On May 13, 2008, Plaintiff asked Defendant if it would enter into a stipulation permitting Plaintiff to

5  file an amended complaint and sent Defendant a copy of Plaintiff's proposed amended complaint.

6  (*Id.* ¶ 17, Exh. C.)   Between May 13, 2008 and June 25, 2008, Plaintiff repeatedly sought a

7  definitive response to this request.  (*Id.* ¶¶ 18-24.)  Defendant finally provided that response on

8  June 25, 2008.  (*Id.* ¶ 25, Exh. F.)  Defendant's refusal to enter into a stipulation permitting Plaintiff

9  to file an amended complaint thus necessitated this Motion.

10  **III.    ARGUMENT**

11     Pursuant to FED.R.CIV.P. 15(a)(2), district courts should freely grant leave to amend a

12  complaint "when justice so requires."  Because the deadline for doing so in this case has passed, the

13  Court's Case Management Order must first be modified.  *See* FED.R.CIV.P. 16(b)(4).   A party

14  seeking to modify a case management order "must first show 'good cause' for the amendment under

15  Rule 16(b), and second, if good cause is shown, the party must demonstrate that the amendment is

16  proper under Rule 15."  *Atmel Corp. v. AuthenTec, Inc.*, 2008 U.S. Dist. LEXIS 10846, *3 (N.D.

17  Cal. Jan. 31, 2008) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir.

18  1992)).  As Plaintiff here meets all of the requirements of Rules 16(b) and 15(a), her motion should

19  be granted.

20     **A.    Good Cause Exists to Modify the Case Management Order.**

21     Good cause exists here to modify the Case Management Order.  Plaintiff aggressively sought

22  discovery from Defendant as soon as she identified her potential claims under Labor Code sections

23  1194 and 2802.  (Sharpe Decl. ¶ 5-15.)  Although Defendant responded to these discovery requests,

24  it failed to do so in a timely manner.  For example, Plaintiff first asked for documents and deposition

25  testimony regarding her potential Labor Code sections 1194 and 2802 on December 20, 2007.  (*Id.*

26  ¶ 6.)  Defendant did not produce a witness who could testify on these matters until March 20, 2008

27

1    and only then did Plaintiff discover that an additional witness would have to be produced by

2    Defendant.  (*Id.* ¶ 13.) That witness was not produced until July 2, 2008.  (*Id.* ¶ 14.)

3          Likewise, when Plaintiff concluded that she had a good faith basis for amending her

4    complaint to add claims under Labor Code sections 1194 and 2802, she asked Defendant for a

5    stipulation that would permit Plaintiff to amend her complaint to add those claims.  (*Id.* ¶ 17.)

6    Plaintiff diligently pursued her request.  (*Id.* ¶¶ 17-25.)  Defendant took six (6) weeks to consider it.

7    (*Id.*)  And, when Defendant refused Plaintiff's request, Plaintiff promptly filed the instant motion.

8    Because Plaintiff aggressively sought and obtained discovery from Defendant regarding her

9    potential claims under Labor Code sections 1194 and 2802 for several months and was only recently

10   able to conclude that she had a basis for asserting those claims against Defendant, Plaintiff

11   respectfully submits that good cause exists to modify the Case Management Order to permit Plaintiff

12   to file an amended complaint.

13          **B.      Leave to Amend Should Be Granted.**

14          Leave to amend a complaint should be freely given "when justice so requires."  FED.R.CIV.P.

15   15(a)(2).  "This policy is to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon,*

16   *Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citations and quotation marks omitted).  Only if

17   amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates

18   undue delay should leave to amend be denied.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

19   604, 607 (9th Cir. 1992).  *See also Foman v. Davis*, 371 U.S. 178, 181 (1962).  None of these factors

20   is present here.

21          **1.      Amendment Will Not Prejudice Defendant.**

22          Discovery regarding Plaintiff's proposed new claims has been ongoing since December 20,

23   2007.  (*See* Sharpe Decl. ¶ 6.)  Moreover, Plaintiff intends to file her motion for class certification as

24   to all claims and causes of action in the proposed Second Amended Complaint on or before the

25   current due date of October 6, 2008.  (*See* Dkt. No. 36.)  Plaintiff also intends to complete class

26   certification discovery on or before the current cut-off date of September 4, 2008.  Provided that

27   such discovery proceeds in a timely manner between now and September 4, 2008, Plaintiff

anticipates no difficulty in doing so.  Moreover, if Defendant should require additional discovery from Plaintiff in connection with her new claims, Plaintiff would be amenable to responding to Defendant's discovery requests up until it files its opposition to Plaintiff's motion for class certification.  Defendant therefore will not be prejudiced, if the Court grants Plaintiff's request for leave to amend the complaint.

**2.    The Proposed Amendment Is Not Made In Bad Faith.**

Plaintiff is proposing to amend the complaint in an attempt to bring before the Court all of her claims against Defendant, not in an attempt to harass Defendant.  The proposed amendment therefore is not made in bad faith.

**3.    The Proposed Amendment Is Not Futile.**

Plaintiff has diligently investigated and analyzed the proposed new claims.  She has no reason to believe that the proposed amendment would be futile.  Nor has Defendant suggested otherwise.

**4.    Amendment Will Not Cause Undue Delay.**

Plaintiff anticipates that only one scheduled deadline might have to be modified—the class certification discovery cut-off date—and only then to accommodate Defendant.  Amendment of the complaint therefore will not cause undue delay in this case.[1]

## II.    CONCLUSION

For all of the reasons set forth above, Plaintiff's motion should be granted.

Respectfully submitted,

Dated: July 10, 2008                                **KELLER GROVER LLP**

By: _____/s/_____
                    ERIC A. GROVER
                    Attorneys for Plaintiff
                    Catherine E. Sullivan

---

[1] To the contrary, allowing Plaintiff to amend her complaint would *minimize* delay.  Unless Plaintiff can amend her complaint in this case, she will have no choice but to file a new complaint against Defendant.  One or both of the parties likely would file a notice of related case, which unavoidably would delay this litigation.

# Exhibit A

# Exhibit A

ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
VALERIE L. SHARPE (Of Counsel) (SBN 191344)
vsharpe@kellergrover.com
**KELLER GROVER LLP**
425 Second St., Suite 500
San Francisco, CA 94107
Telephone:  (415) 543-1305
Fax:  (415) 543-7861


Attorneys for Plaintiff
CATHERINE SULLIVAN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CATHERINE SULLIVAN, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>KELLY SERVICES, INC., and DOES l through 10 inclusive,<br><br>   Defendants. | Case No.:  CV 07-02784 CW<br><br><u>CLASS ACTION</u><br><br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff Catherine E. Sullivan (hereafter "Plaintiff"), by and through her attorneys, alleges upon personal knowledge as to herself and her acts stated herein, and upon information and belief as to all other matters, as follows:

## I. INTRODUCTION

1.      This class action is on behalf of several classes of current and former employees of Defendant KELLY SERVICES, INC. ("Defendant" or "KELLY SERVICES").  Defendant failed to pay these workers for all hours worked, failed to reimburse them necessary expenditures incurred in direct consequence of the discharge of their duties and failed to pay them their final checks in a timely manner, in violation of California Labor Code §§ 201-202, 1194 and 2802.

2.      Plaintiff, CATHERINE E. SULLIVAN, was hired by KELLY SERVICES on March 1, 2006.  During her employment with Defendant, Sullivan, at the direction of Defendant, attended at least four different interviews with Defendant's customers.  The purpose of Sullivan going on such interviews was to aid Defendant in securing business by presenting herself and her skills in a manner so as to ensure that the customer would select KELLY SERVICES to fill its temporary staffing needs.  In going on interviews as directed by Defendant, Sullivan incurred expenses, including, but not limited to, mileage, parking costs and bridge tolls.  Defendant did not pay Sullivan for the hours she worked going on interviews nor did Defendant reimburse Sullivan's expenses.  Consequently, Sullivan is entitled to her unpaid wages and expenses under Labor Code §§ 1194 and 2802.

3.      Sullivan worked on an assignment for KELLY SERVICES from March 16 through August 11, 2006.  Defendant failed to pay Sullivan her final paycheck on her last day of work, violating Labor Code § 201.  Consequently, Sullivan is entitled to waiting time penalties under Labor Code § 203.

4.      Plaintiff is informed and believe and thereon allege that Defendant's practice of not paying its employees' for all hours worked, not reimbursing its employees for expenses and not paying its employees their final paycheck in a timely manner following discharge or resignation extends to hundreds of people formerly and currently employed by Defendant, going back four years.

2

5.      California law, as set forth in Labor Code § 1194, states that any employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of his or her minimum wage compensation.

6.      California law, as set forth in Labor Code § 2802, requires an employer to reimburse an employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

7.      California law, as set forth in Labor Code §§ 201 and 202, provides that if an employer discharges an employee, the employer must pay the employee their earned and unpaid wages immediately.  The employee must also be paid immediately if he or she resigns and provides at least 72 hours notice of their resignation.  Finally, if an employee resigns without providing 72 hours notice of their resignation, the employer must pay the employee the final check within 72 hours.

8.      Plaintiff seeks all available remedies for violations of Labor Code §§ 201, 202, 203, 1194 and 2802 and, to the extent allowable by law, restitution and/or disgorgement in connection with Defendant's violation of California's Unfair Competition Law.

## II. JURISDICTION AND VENUE

9.      This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332, *et seq*.

10.     Plaintiff Sullivan's claims asserted herein arose in this judicial district and Defendant does business in this judicial district.  Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.  Assignment to the Oakland Divisions is proper because a substantial part of the conduct which gives rise to the claims asserted herein occurred in the County of Marin in that Plaintiff Sullivan is a resident of the County of Marin and transacted business with Defendants in San Rafael, California, County of Marin.

## III. THE PARTIES

11.     Plaintiff Catherine E. Sullivan is a California resident.  She worked for KELLY SERVICES as a temporary employee sent to Managed Health Network to work on projects from March 16 through August 11, 2006.

3

SECOND AMENDED COMPLAINT                    Case No. CV-07-02784 CW

12.    Defendant KELLY SERVICES, INC. is a Delaware corporation. Defendant owns and/or operates temporary agencies in California.  Defendant sends people it hires to work on projects for its clients throughout the state.

## IV. FACTUAL BACKGROUND

### A.    Defendant Failed to Pay Sullivan For All Hours Worked Or Reimburse Her For Expenses

14.    During her employment with Defendant, Sullivan was sent by Defendant to interview with Defendant's customers on at least four different occasions.  The purpose of the interviews was, in part, to convince the customer to select a Kelly Services temporary staffing employee to fill its temporary staffing needs.

15.    Sullivan spent time and incurred expenses, including, but not limited to, mileage, parking costs and bridge tolls, when she went on these interviews.

16.    Defendant did not pay Sullivan for the hours she worked attempting to secure business for Defendant.  Defendant also did not reimburse Sullivan for the expenses she incurred performing this work.

### B.    Defendant Failed to Timely Pay Plaintiff Her Final Pay Check

17.    Plaintiff was a temporary employee of Defendant sent out to a client of Defendant to work on projects.

18.    Sullivan's tenure at KELLY SERVICES lasted through August 11, 2006.  At that time, Defendant took Plaintiff off her assignment and did not reassign her to a new project.

19.    Plaintiff did not receive her final check on the final day she worked for Defendant.

20.    Sullivan had to wait until August 16, 2006 to receive her final check.

## V. CLASS ACTION ALLEGATIONS

21.    Plaintiff brings this action individually and on behalf of a class of people similarly situated.  This action is maintainable as a class action because it meets all the prerequisites of Fed. R. Civ. P. 23(a)(1)-(4).  In addition to meeting the prerequisites of Rule 23(a), the action satisfies one or more of the three alternatives listed under Rule 23(b).  Questions of law and fact common to the classes predominate over questions affecting individual members.  This class action satisfies the

numerosity, typicality, adequacy, predominance and superiority requirements of those provisions. Therefore, a class action is superior to other methods of adjudicating the claims.

22.    Plaintiff is informed and believe, and on that basis allege, that at all times herein mentioned, KELLY SERVICES engaged in a policy and practice of failing to pay workers for all hours worked, failing to reimburse them necessary expenditures incurred in direct consequence of the discharge of their duties and failing to timely pay wages owing to its employees assigned to its customers, upon separation, discharge or resignation from their employment in California.

23.    **Definition of the Classes**.  Plaintiff brings this action on behalf of herself and the following classes of current and former California KELLY SERVICES employees:

A.  Section 1194 Class:  All temporary staffing employees of Defendant in California, who, during the four years prior to the original filing of this action through the date this action is resolved, were not compensated for time spent going on interviews with Defendant's customers and potential customers.

B.  Section 2802 Class:  All temporary staffing employees of Defendant in California who, during the four years prior to the original filing of this action through the date this action is resolved, were not reimbursed necessary expenditures incurred in direct consequence of the discharge of their duties in connection with attending interviews with Defendant's customers and potential customers.

C.  Section 203 Class:  All temporary staffing employees of Defendant in California who, during the four years prior to the original filing of this action through the date this action is resolved, are entitled to waiting-time penalties under Labor Code § 203 based on Defendant's failure to timely pay the employees' final wages in accordance with Labor Code §§ 201 and 202.

Plaintiff reserves the right to amend or modify the class descriptions, or to seek to limit certification to specific issues.

24.    **Numerosity of the Classes**.  The Classes referenced in Paragraph 23 above are so numerous that individual joinder of all members of each Class is impractical under the circumstances of this case.  While the exact number of the members of each Class is unknown to Plaintiff at this

5

time and can only be ascertained after discovery directed to Defendant, Plaintiff believes and therefore alleges that each of the Classes consist of at least several hundred individuals.

25.    **Typicality of Claims**.  Plaintiff's claims are typical of the claims of the members of each of the Classes, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class Members she seeks to represent.  Plaintiff and all Class Members have sustained damages and face irreparable harm arising out of Defendant's common course of conduct as alleged herein. The damages sustained by each member of the Classes were caused directly by Defendant's wrongful conduct, as alleged herein.

26.    **Adequacy of Representation**.  Plaintiff will fairly and adequately protect the interests of the members of the Classes.  Plaintiff's claims are not antagonistic to those of the members of the Classes.  Plaintiff has retained attorneys who are experienced in the prosecution of class actions, including wage and hour class actions, and Plaintiff intends to prosecute this action vigorously.

27.    **Community of Interest; Existence and Predominance of Common Questions of Law or Fact**.  Common questions of law and fact exist as to all members of each of the Classes that predominate over any questions affecting only individual Class Members.  These common legal and factual questions, which do not vary among members of each of the Classes, and which may be determined without reference to the individual circumstances of any member of a class include, but are not limited to, the following:

> (a)    Does KELLY SERVICES maintain a policy of not paying its employees for work performed in connection with attending interviews with its customers and potential customers?
>
> (b)    Is KELLY SERVICES liable for failure to pay minimum wages in accordance with Labor Code § 1194?
>
> (c)    Is the violation of Labor Code § 1194 a basis upon which an unfair business practice cause of action can be maintained?
>
> (d)    Does KELLY SERVICES maintain a policy of not reimbursing its employees for expenses incurred in the discharge of their duties in connection with attending interviews with Defendant's customers and potential customers?

SECOND AMENDED COMPLAINT                                    Case No. CV-07-02784 CW

(e)     Is KELLY SERVICES liable for failure to reimburse its employees in accordance with Labor Code § 2802?

(f)     Is the violation of Labor Code § 2802 a basis upon which an unfair business practice cause of action can be maintained?

(g)     Does KELLY SERVICES maintain a policy and practice of not assuring that the final wages of its employees are timely paid in compliance with Labor Code §§ 201 and 202?

(h)     Is KELLY SERVICES liable for waiting-time remedies pursuant to Labor Code § 203 if it does not pay its employees within the time frames prescribed in Labor Code §§ 201 and 202?

(i)     Is the violation of Labor Code §§ 201 and 202 a basis upon which an unfair business practice cause of action can be maintained?

28.     **Superiority.**  A class action is superior to other available methods for the fair and efficient adjudication of these controversies, since individual litigation of the claims of each Class Member is impracticable.  Even if every individual Class Member could afford individual litigation, the court system could not.  It would be unduly burdensome to the court in which the individual litigation of the numerous cases would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of each class. Plaintiff anticipates no difficulty in the management of this action as a class action.

29.     The prosecution of separate actions by individual Class Members may create a risk of conflicting adjudications that would be dispositive of the interests of the other Class Members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class Members to protect their interests.

SECOND AMENDED COMPLAINT                    Case No. CV-07-02784 CW

30.    The prosecution of individual actions by Class Members would establish inconsistent standards of conduct for Defendant.

31.    Defendant has acted or has refused to act in a manner generally applicable to the members of each Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of each Class as a whole, as requested herein.  Likewise, Defendant's conduct as described above is unlawful, continuing and capable of repetition and will continue unless restrained and enjoined by the Court.

## FIRST CAUSE OF ACTION

### (Violation of Labor Code §§ 1194 and 203)

32.    Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

33.    KELLY SERVICES employed and sent Sullivan and other Section 1194 Class Members on interviews with its customers and potential customers.  The purpose of Defendant sending employees like Plaintiff and other Section 1194 Class Members on these interviews was, in part, to secure business for KELLY SERVICES.  That is, if the customer or potential customer liked the KELLY SERVICES employee being interviewed and selected KELLY SERVICES to perform work for it, Defendant would receive payment from the customer and obtain the benefit of an ongoing business relationship with the customer.

34.    Defendant did not pay Sullivan for the time she spent interviewing and is informed and believes that Defendant also did not pay Section 1194 Class Members for time spent interviewing.

35.    Defendant's failure to pay Sullivan and other Section 1194 Class Members for all hours worked violates the Labor Code § 1194, and Sullivan, on her behalf and on behalf of all Section 1194 Class Members seeks compensation, including interest thereon, for all unpaid hours for the three years preceding the filing of the Complaint and continuing therefrom.  Sullivan, on behalf of herself and all other Section 1194 Class Members, seeks costs and attorneys' fees as provided for by statute.

36.    Pursuant to Labor Code § 203, KELLY SERVICES is obligated to pay the Section 1194 Class Members who are former employees one day of wages for each day their wages were late up to a maximum of 30 days of wages.

## SECOND CAUSE OF ACTION

### (Violation of Cal. Business & Professions Code §§ 17200, et seq. – Labor Code § 1194)

37.    Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

38.    At all times relevant herein, Defendant has violated the provisions of Labor Code § 1194.

39.    Defendant's conduct described above in this Complaint constitutes an unfair and unlawful business practice in violation of the provisions of California Business & Professions Code sections 17200, *et seq*.

40.    Sullivan, on her own behalf and on behalf all other similarly situated persons seeks restitution for all losses caused by not being paid for the hours worked going on interviews with Defendant's customers and potential customers, which is a violation of Labor Code section 1194.

41.    Sullivan further demands an injunction against Defendant enjoining it from all future violations of Labor Code section 1194 and requiring it to pay its California employees for hours worked going on interviews with Defendant's customers and potential customers.

42.    Sullivan further seeks reasonable attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5.

## THIRD CAUSE OF ACTION

### (Failure to Reimburse Expenses in Violation of Labor Code § 2802)

43.    Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

44.    At all times herein relevant, Labor Code § 2802 provided that employers must reimburse and/or indemnify their employees for all expenses incurred by the employee in direct consequence of his or her discharge of his or her duties or of his obedience to the directions of his employer.

9

45.     If an employer fails to comply with Labor Code § 2802, it is liable to the employee for expenses incurred by the employee pursuant to Labor Code § 2802, plus interest from the date on which the employee incurred the necessary expense and attorneys' fees and costs required to obtain reimbursement as specified by Labor Code § 2802.

46.     Defendant failed to reimburse Sullivan for the expenses she incurred attending interviews with Defendant's customers.  On information and belief, Defendant also failed to reimburse Section 2802 Class Members for expenses they incurred attending interviews with Defendant's customers and potential customers.

47.     As a result of Defendant's failure to comply with the provisions of Labor Code § 2802, Sullivan and Section 2802 Class Members have suffered damages.  Sulllivan, individually and on behalf of the Section 2802 Class Members, requests reimbursement for the expenditures and losses incurred in the discharge of their respective duties, according to proof, including attorneys' fees provided for in Labor Code § 2802.

**FOURTH CAUSE OF ACTION**

**(Violation of Cal. Business & Professions Code § 17200 – Labor Code § 2802)**

48.     Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

49.     At all times relevant herein, Defendant has violated the above cited provisions of Labor Code § 2802.

50.     Defendant's conduct described above in this Complaint constitutes an unfair and unlawful business practice in violation of the provisions of California Business & Professions Code sections 17200, *et seq*.

51.     Sullivan, on her own behalf and on behalf all other similarly situated persons, seeks restitution for all out-of-pocket costs incurred and/or losses caused by having to incur expenses in direct consequence of the discharge of their duties, and/or of their obedience to Defendant's directions, that were not reimbursed, which is a violation of Labor Code § 2802.

SECOND AMENDED COMPLAINT                                    Case No. CV-07-02784 CW

52.     Sullivan further demands an injunction against Defendant enjoining it from all future violations of Labor Code § 2802 and requiring it to reimburse its California employees for expenses that are incurred by employees in direct consequence of the discharge of their duties and/or of their obedience to Defendant's directions.

53.     Sullivan further seeks reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5.

## FIFTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements)

54.     Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

55.     At all times relevant herein, Labor Code § 226 required that employers provide employees with itemized wage statements showing total hours worked.  Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a wage statement without the required information, the employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up to a total of $4,000, plus costs and attorneys' fees.

56.     Defendant knowingly and intentionally failed to provide Sullivan and the Section 1194 Class Members with timely and accurate wage statements as required by Labor Code § 226(a).  As a result, Sullivan and all Section 1194 Class Members are entitled to the maximum amount of damages, costs and attorneys' fees allowed by Labor Code § 226(e) for the three year period preceding the filing of the Complaint and continuing therefrom.

57.     Sullivan further seeks reasonable attorneys' fees and costs pursuant to Labor Code § 226(e).

## SIXTH CAUSE OF ACTION

### (Violation of Labor Code §§ 201, 202 and 203)

58.     Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

11

59.     KELLY SERVICES employed and paid Plaintiff and other Section 203 Class Members to work on projects for clients in California.

60.     Plaintiff is informed and believes and consequently alleges that during the time period embraced by the applicable statute of limitations, KELLY SERVICES' employment of over 100 employees in California ended by lay off, discharge or resignation and Section 203 Class Members were not timely paid their final uncontested wages as required by Labor Code §§ 201 and/or 202. Plaintiffs are informed and believe that KELLY SERVICES had a policy and practice of paying such persons without regard for the requirements of Labor Code §§ 201 and/or 202.

61.     Pursuant to Labor Code § 203, KELLY SERVICES is obligated to pay the Class Members one day of wages for each day their wages were late up to a maximum of 30 days of wages.

## SEVENTH CAUSE OF ACTION

### (Violation of Cal. Business & Professions Code § 17200 – Labor Code § 201, 202 and 203)

62.     Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

63.     Throughout the time period embraced by the applicable statute of limitations, Defendant engaged in and continued to engage in unlawful and unfair business practices in California by practicing, employing and utilizing the employment practices alleged above, namely failing to pay its employees final wages within the time periods specified under Labor Code §§ 201 and 202.

64.     Defendant's use of such unlawful and unfair business practices constitutes unfair competition and provides an unfair advantage over Defendant's competitors, in violation of California Business and Professions Code §§ 17200, *et seq.*

65.     Plaintiff seeks, on her behalf and on behalf of a class of people similarly situated, full restitution of monies and/or disgorgement of profits generated thereby, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendant and/or profits generated thereby by means of the unfair practices complained of herein.

66.     Plaintiff seeks, on her behalf and on behalf of a class of people similarly situated, an injunction prohibiting Defendant from continuing to engage in the unlawful and unfair business practices complained of herein.

12

67.     Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5

### EIGHTH CAUSE OF ACTION

### (Labor Code Private Attorneys General Act of 2004 – Labor Code §§ 201-203)

68.     Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

69.     Plaintiff is an "aggrieved employee" as that term is defined in Labor Code § 2699(a) because she is a person employed by the alleged violator and against whom one or more of the alleged violations was committed.

70.     Plaintiff has met all of the requirements set forth in Labor Code § 2699.3 necessary to commence a civil action against Defendant for violations of Labor Code §§ 201-203.

71.     By its actions herein, Defendant has failed to comply with the requirements of Labor Code §§ 201-203 as it relates to Plaintiff and the members of the Section 203 Class.

72.     Plaintiff therefore brings this action on behalf of herself and all former employees within the State of California who, within the applicable statutory period, did not timely receive all legally required wage payments to which they were entitled pursuant to Labor Code §§ 201-202.

73.     Therefore, Plaintiff, for herself and the members of the putative class, seeks the penalties provided for by Labor Code § 2699 for violations of Labor Code §§ 201-203.

74.     Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant, as follows:

### CLASS CERTIFICATION:

1.     That this action be certified as a class action;

2.     That Plaintiff be appointed as the representative of the alleged classes; and

3.     That Counsel for Plaintiff be appointed as class counsel.

## AS TO THE FIRST CAUSE OF ACTION:

4.    Upon the First Cause of Action, for all wages due Sullivan and Section 1194 Class Members in an amount according to proof, with interest thereon from the date such wages were due; and

5.    For reasonable attorneys' fees and costs allowed by law and according to proof.

## AS TO THE SECOND CAUSE OF ACTION:

6.    For restitution and/or disgorgement of profits as allowed by law and according to proof;

7.    For injunctive relief; and

8.    For attorneys' fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5.

## AS TO THE THIRD CAUSE OF ACTION:

9.    Upon the Third Cause of Action, compensatory damages in an amount, according to proof at time of trial, owed to Sullivan and Section 2802 Class Members representing the amount of unpaid reimbursements for the expenditures and losses incurred in the direct discharge of their respective duties for the applicable limitations period preceding the filing of this Complaint, up to and including the present;

10.    For reasonable attorneys' fees and costs allowed by law and according to proof; and

11.    For statutory interest.

## AS TO THE FOURTH CAUSE OF ACTION:

12.    For restitution and/or disgorgement of profits as allowed by law and according to proof;

13.    For injunctive relief; and

14.    For attorneys' fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5.

## AS TO THE FIFTH CAUSE OF ACTION:

15.    For the maximum amounts provided by Labor Code § 226(e) for the violations of Defendant of Labor Code § 226(a) owed to Sullivan and Section 1194 Class Members for the three years preceding the filing of the original Complaint and continuing therefrom; and

SECOND AMENDED COMPLAINT                    Case No. CV-07-02784 CW

16.   For attorneys' fees and costs pursuant to Labor Code § 226(e).

### AS TO THE SIXTH CAUSE OF ACTION:

17.   Upon the Sixth Cause of Action, for all waiting-time penalties due Plaintiff and any Section 203 Class Members who have left the employment of KELLY SERVICES in an amount according to proof, with interest thereon from the date such waiting-time penalties were due; and

18.   For all other amounts owed Plaintiff and the Section 203 Class Members for Defendant's violation of Labor Code §§ 201 and 202.

### AS TO THE SEVENTH CAUSE OF ACTION:

19.   For restitution and/or disgorgement of profits as allowed by law and according to proof;

20.   For injunctive relief; and

21.   For attorneys' fees and costs pursuant to Cal. Civ. Proc. Code 1021.5.

### AS TO THE EIGHTH CAUSE OF ACTION:

22.   For the civil penalties specified in Labor Code § 2699 for Plaintiff and the Section 203 Class for each violation of Labor Code §§ 201-203 during the applicable statute of limitations period; and

23.   For reasonable attorneys' fees and costs as provided for by Labor Code §2699(g)(1).

### JURY TRIAL DEMAND

24.   Plaintiff demands a trial by jury as to all claims and causes of action to which a jury trial allowed by law.

Dated: July __, 2008                    Respectfully submitted,

                                        **KELLER GROVER LLP**


                              By: _____
                                    ERIC A. GROVER
                                    Attorneys for Plaintiff
                                    15

SECOND AMENDED COMPLAINT                         Case No. CV-07-02784 CW