# Exhibit A

# Exhibit A

# KELLER GROVER LLP

425 SECOND STREET, SUITE 500
SAN FRANCISCO, CALIFORNIA 94107
TELEPHONE: (415) 543-1305
FAX: (415) 543-7861

*Valerie L. Sharpe, Esq.*
*Of Counsel*
*(510) 569-6998 (direct)*
*vsharpe@kellergrover.com*

January 31, 2008

**BY FAX & U.S. MAIL**
**(213) 620-1398**

Lauren Thibedeaux, Esq.
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 48th Floor
Los Angeles, California 90071

Re:   Sullivan v. Kelly Services, Inc.

Dear Lauren:

I am writing to meet and confer regarding Defendant's objections to Plaintiff's PMK depositions notices and document requests as well as Defendant's delay in providing alternate dates for said depositions.

## PLAINTIFF'S FIRST PMK DEPOSITION NOTICE

As a threshold matter, it is unclear as to whether and to what extent Defendant intends to produce witness on the topics noticed or documents on the subjects requested. As it stands, Defendant's objections to the document requests appear to indicate that Defendant does not intend to produce any documents. As you have indicated an intention to provide deposition dates, we can only assume that you at least intend to produce witnesses on some of the noticed subject matters. If this is the case, in as much as the document requests largely track the subject matter designations, it seems implausible that Defendant would not also produce responsive, non-privileged documents. So that we may meaningfully meet and confer it is critical that Defendant immediately disclose its intentions as to who and what Defendant intends to produce. To the extent Defendant intends to produce some documents, we note that the Federal Rules of Civil Procedure, Rule 34 (b) requires a responding party to indicate its intent as to what, if anything, will be produced.

Lauren Thibedeaux, Esq.
January 31, 2008
Page 3

staffing employees are given assignments, when assignments end, when paychecks are issued and communications regarding prospective work assignments. Such subjects are entirely relevant to issues of class certification as they are critical to Plaintiff's ability to demonstrate numerosity and whether there will be difficulties in the management of a class action. For example, whether or not there are records to demonstrate when paychecks were issued or to demonstrate that a putative class member had no guarantee of a future assignment, would be relevant to manageability. Accordingly, this information is appropriate at this stage in litigation and should be provided by Defendant. Please, therefore, advise whether, and to what extent, Defendant intends to produce a witness or documents on this topic.

Subject Matters 6, 8 and 9 and Document Request Nos. 6, 8 and 9:

Defendant's objection to these topics on grounds of relevancy serves to underscore the disingenuous nature of Defendant's overall objections. These topics seek to obtain information pertaining to payroll practices which are the central issue in the lawsuit and entirely relevant to class certification — e.g. whether common issues of law and fact predominate. Accordingly, this information is appropriate at this stage in litigation and should be provided by Defendant. Please, therefore, advise whether, and to what extent, Defendant intends to produce a witness or documents on these topics.

Subject Matters 11 and 12 and Document Request Nos. 11 and 12:

Plaintiff seeks information pertaining to whether and to what extent Defendant compensates its employees for time spent interviewing with Defendant's customers. It is Plaintiff's experience and belief that Defendant does not compensate its employees for time spent interviewing at customer locations and that she and others are entitled to unpaid wages for this time. While these topics may arguably not be relevant to the current Complaint, it is Plaintiff's intent to pursue such claims and information pertaining to these topics will ultimately be discoverable.

As such, there are several options as to how to proceed now. Defendant can allow the discovery on this topic to move forward and thereafter, can stipulate to an amendment to the Complaint. If Defendant does not wish to allow this discovery to go forward now, Plaintiff will either move for leave to amend or she will simply file a new putative class action that will be assigned to Judge Wilken as a related matter. Please advise as to how Defendant would like to proceed so that Plaintiff can act accordingly.

PLAINTIFF'S SECOND PMK DEPOSITION NOTICE

This deposition notice seeks to depose the person most knowledge regarding any voluntary plan of disability insurance that covers Defendant's employees in the relevant time frame and instances wherein Defendant has taken the position with the Employment

Lauren Thibedeaux, Esq.
January 31, 2008
Page 4

Development Department, Unemployment Appeals Board and/or Workers' Compensation Appeals Board that a claimant was not eligible for benefits because his or her employment had ended. With specific reference to eligibility based on whether an applicant was an employee or employed for purposes of making a claim, the notice also seeks to depose the person most knowledgeable regarding the policies and procedures, if any, used in responding to a claim filed against Defendant with the Employment Development Department, Unemployment Appeals Board and/or Workers' Compensation Appeals Board. The Notice also seeks related documents. For all of the reasons stated in Plaintiff's pending motion to compel, Plaintiff contends that this notice and the document request are proper and that Defendant's objections are improper.

It appears that Defendant does not intend to produce any responsive documents but it is not entirely clear, given our prior communications about obtaining alternate dates for the depositions, whether Defendant intends to designate and produce the person most knowledgeable regarding the noticed subjects. Please advise as to Defendant's position in this regard.

With respect to dates for the depositions, it is now 40 plus days since the notices were sent. Representing that you will get us dates "as soon as [you] can" is simply not soon enough. On January 9 you promised to get back to me with alternate deposition dates. Then, on January 18 you promised to provide dates "as soon as possible." Ten days later I still had not heard from you and inquired as to the status of dates. You again stated you would provide dates "as soon as possible." This is not good enough. We have a deadline for filing our class certification motion and can not tolerate further delay by Defendant. If Defendant does not substantively respond to this letter and/or provide dates certain for the depositions, we will file a motion to compel. As we fully expect to be forced to file a motion to compel, we want to get it on file by next week. As such, I expect your response by the close of business on Monday.

Sincerely,

*Valerie L. Sharpe /ss/*
VALERIE L. SHARPE