# Exhibit C

# Exhibit C

| | |
|---|---|
| **From:** | Stephanie Shattuck |
| **Sent:** | Tuesday, May 13, 2008 3:19 PM |
| **To:** | Derek Havel (dhavel@sheppardmullin.com) |
| **Cc:** | Eric A. Grover; Valerie Sharpe |
| **Subject:** | Sullivan v. Kelly Services |
| **Attachments:** | Kelly Services Second Amended Complaint.doc |

Hi Derek,
Attached please find the Second Amended Complaint which Valerie asked that I email to you.
Thanks,
Stephanie

STEPHANIE SHATTUCK
KELLER GROVER LLP
425 SECOND STREET, SUITE 500
SAN FRANCISCO, CA 94107
TELEPHONE: (415) 543-1305
FACSIMILE: (415) 543-7861
WWW.KELLERGROVER.COM

This e-mail, including any and all attachments hereto, is for the use of the intended recipient(s) only. It may contain legally privileged and/or confidential information. If you are not the intended recipient, you are notified that the further dissemination, distribution, or copying of this e-mail is strictly prohibited. If this e-mail has been received in error, please permanently delete this message and all copies or printouts hereof, and please notify me immediately.

7/9/2008

ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
VALERIE L. SHARPE (Of Counsel) (SBN 191344)
vsharpe@kellergrover.com
**KELLER GROVER LLP**
425 Second St., Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Fax: (415) 543-7861


Attorneys for Plaintiff
CATHERINE SULLIVAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE SULLIVAN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>KELLY SERVICES, INC., and DOES 1 through 10 inclusive,<br><br>    Defendants. | Case No.: CV 07-02784 CW<br><br>CLASS ACTION<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff Catherine E. Sullivan (hereafter "Plaintiff"), by and through her attorneys, alleges upon personal knowledge as to herself and her acts stated herein, and upon information and belief as to all other matters, as follows:

## I. INTRODUCTION

1. This class action is on behalf of a class of former employees of Defendant KELLY SERVICES, INC. ("KELLY SERVICES"). Defendant failed to pay these workers for all hours worked, failed to reimburse them necessary expenditures incurred in direct consequence of the discharge of their duties and failed to pay them their final checks in a timely manner, in violation of Labor Code §§ 201-202, 1194 and 2802.

2. Plaintiff, CATHERINE E. SULLIVAN, was hired by KELLY SERVICES on March 1, 2006. During her employment with Defendant, Plaintiff, at the direction of Defendant, attended at least four different interviews with Defendant's customers. The purpose of Plaintiff going on such interviews was to aid Defendant in securing business by presenting herself and her skills in a manner so as to ensure that the customer would select a Kelly Services temporary employee to fill its temporary staffing needs. In going on interviews as directed by Defendant, Plaintiff incurred expenses, including, but not limited to, mileage, parking costs and bridge tolls. Defendant did not pay Plaintiff for the hours she worked going on interviews nor did Defendant reimburse Plaintiff's expenses. Consequently, Plaintiff is entitled to her unpaid wages and expenses under Labor Code §§ 1194 and 2802.

3. Plaintiff worked on an assignment for KELLY SERVICES from March 16 through August 11, 2006. Defendant failed to pay Plaintiff her final paycheck on her last day of work, violating

SECOND AMENDED COMPLAINT                                          Case No. CV-07-02784 CW

1

Labor Code § 201. Consequently, Plaintiff is entitled to waiting time penalties under Labor Code § 203.

4. Plaintiff is informed and believes and thereon alleges that Defendant's practice of not paying its employees' for all hours worked, not reimbursing its employees for expenses and not paying its employees their final paycheck in a timely manner following discharge or resignation extends to scores of people formerly and currently employed by Defendant, going back four years.

5. California law, as set forth in Labor Code § 1194, states that any employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of his or her minimum wage compensation.

6. California law, as set forth in Labor Code § 2802, requires an employer to reimburse an employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

7. California law, as set forth in Labor Code §§ 201 and 202, provides that if an employer discharges an employee, the employer must pay the employee their earned and unpaid wages immediately. The employee must also be paid immediately if he or she resigns and provides at least 72 hours notice of their resignation. Finally, if an employee resigns without providing 72 hours notice of their resignation, the employer must pay the employee the final check within 72 hours.

8. Plaintiff seeks all available remedies for violations of Labor Code §§ 201, 202, 203, 1194 and 2802 and, to the extent allowable by law, restitution and/or disgorgement in connection with Defendant's violation of California's Unfair Competition Law.

## II. JURISDICTION AND VENUE

SECOND AMENDED COMPLAINT                                          Case No. CV-07-02784 CW
2

9. This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332, *et seq.*

10. Plaintiff's claims asserted herein arose in this judicial district and Defendant does business in this judicial district. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Assignment to the San Francisco or Oakland Divisions is proper because a substantial part of the conduct which gives rise to the claims asserted herein occurred in the County of Marin in that Plaintiff is a resident of the County of Marin and transacted business with Defendants in San Rafael, California, County of Marin.

### III. THE PARTIES

11. Plaintiff Catherine E. Sullivan is a California resident. She worked for KELLY SERVICES as a temporary employee sent to Managed Health Network to work on projects from March 16 through August 11, 2006.

12. Defendant KELLY SERVICES, INC. is a Delaware corporation. Defendant owns and/or operates temporary agencies in California. Defendant sends people it hires to work on projects for its clients throughout the state.

13. Plaintiff is unaware of the true names and capacities of the Defendants sued as DOES 1 through 10, inclusive, and will seek leave to amend this Complaint to allege their true names and capacities once they are ascertained. Upon information and belief, Plaintiff makes all allegations contained in this Complaint against all of the Defendants, including Does 1 through 10, inclusive.

## IV. FACTUAL BACKGROUND

**A.  Defendant Failed to Pay Plaintiff For All Hours Worked Or Reimburse Her For Expenses**

14.  During her employment with Defendant, Plaintiff was sent by Defendant to interview with Defendant's customers on at least four different occasions. The purpose of the interviews was, in part, to convince the customer to select a Kelly Services temporary staffing employee to fill its temporary staffing needs.

15.  Plaintiff incurred expenses, including, but not limited to, mileage, parking costs and bridge tolls, when she went on these interviews.

16.  Defendant did not pay Plaintiff for the hours she worked attempting to secure business for Defendant. Defendant also did not reimburse Plaintiff for the expenses she incurred performing this work.

**B.  Defendant Failed to Pay Plaintiff Her Final Check on Her Final Day**

17.  Plaintiff was a temporary employee of Defendant and was sent out to one client to work on projects.

18.  Plaintiff's tenure at KELLY SERVICES lasted through August 11, 2006. At that time, Defendant took Plaintiff off her assignment and did not reassign her to a new project.

19.  Plaintiff did not receive her final check on the final day she worked for Defendant.

20.  Plaintiff had to wait until August 16, 2006 to receive her final check.

## V. CLASS ACTION ALLEGATIONS

21.  Plaintiff brings this action individually and on behalf of a class of people similarly situated. This action is maintainable as a class action because it meets all the prerequisites of Fed. R. Civ. P. 23(a)(1)-(4). In addition to meeting the prerequisites of Rule 23(a), the action satisfies one or more of the three alternatives listed under Rule 23(b). Questions of law and fact common to the

classes predominate over questions affecting individual members. This class action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions. Therefore, a class action is superior to other methods of adjudicating the claims.

22. Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, KELLY SERVICES engaged in a policy and practice of failing to pay workers for all hours worked, failing to reimburse them necessary expenditures incurred in direct consequence of the discharge of their duties and failing to timely pay wages owing to its employees assigned to its customers, upon discharge or resignation from their employment in California.

23. **Definition of the Classes.** Plaintiff brings this action on behalf of herself and the following classes of current and former California KELLY SERVICES employees:

A. <u>Section 1194 Class</u>: All temporary staffing employees of Defendant in California, who, during the four years prior to the filing of this action through the date this action is resolved, were not compensated for time spent going on interviews with Defendant's customers.

B. <u>Section 2802 Class</u>: All temporary staffing employees of Defendant in California who, during the four years prior to the filing of this action through the date this action is resolved, were not reimbursed necessary expenditures incurred in direct consequence of the discharge of their duties.

C. <u>Section 203 Class</u>: All temporary staffing employees of Defendant in California who, during the four years prior to the filing of this action through the date this action is resolved, are entitled to benefits under Labor Code § 203 based on Defendant's failure to timely pay the employees' final wages in accordance with Labor Code §§ 201 and 202.

the court system could not. It would be unduly burdensome to the court in which the individual litigation of the numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of each class. Plaintiff anticipates no difficulty in the management of this action as a class action.

29.   The prosecution of separate actions by individual Class Members may create a risk of conflicting adjudications that would be dispositive of the interests of the other Class Members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class Members to protect their interests.

30.   The prosecution of individual actions by Class Members would establish inconsistent standards of conduct for Defendant.

31.   Defendant has acted or has refused to act in a manner generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole, as requested herein. Likewise, Defendant's conduct as described above is unlawful, continuing and capable of repetition and will continue unless restrained and enjoined by the Court.

### FIRST CAUSE OF ACTION
### (Violation of Labor Code §§ 1194 and 203)

32.   Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

33. KELLY SERVICES employed and sent Plaintiff and other Section 1194 Class Members on interviews with its customers. The purpose of Defendant sending employees like Plaintiff and Section 1194 Class Members on these interviews was, in part, to secure business for KELLY SERVICES. That is, if the customer liked the KELLY SERVICES employee being interviewed and selected him or her to perform work for it, Defendant would receive payment from the customer and obtain the benefit of an ongoing business relationship with the customer.

34. Defendant did not pay Plaintiff for the time she spent interviewing and is informed and believes that Defendant also did not pay Section 1194 Class Members for time spent interviewing.

35. Defendant's failure to pay Plaintiff and other Section 1194 Class Members for all hours worked violates the Labor Code § 1194, and Plaintiff, on her behalf and on behalf of all Section 1194 Class Members seeks compensation, including interest thereon, for all unpaid hours for the three years preceding the filing of the Complaint and continuing therefrom. Plaintiff, on behalf of herself and all other Section 1194 Class Members, seeks costs and attorneys' fees as provided for by statute.

36. Pursuant to Labor Code § 203, KELLY SERVICES is obligated to pay the Section 1194 Class Members one day of wages for each day their wages were late up to a maximum of 30 days of wages, plus, to the extent allowed by law, interest, attorney fees, and cost of suit incurred herein.

**SECOND CAUSE OF ACTION**
**(Violation of Cal. Business & Professions Code § 17200 – Labor Code §§ 1194 and 203)**

37. Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

38. At all times relevant herein, Defendant has violated the above cited provisions of Labor Code §§ 1194 and 203.

SECOND AMENDED COMPLAINT                                Case No. CV-07-02784 CW

39. Defendant's conduct described above in this Complaint constitutes an unfair and unlawful business practice in violation of the provisions of California Business & Professions Code sections 17200, *et seq*.

40. Plaintiff, on her own behalf and on behalf all other similarly situated persons seeks restitution for all out-of-pocket costs incurred and/or losses caused by not being paid for the hours worked going on interviews with Defendant's customers, which is a violation of Labor Code section 1194.

41. Plaintiff further demands an injunction against Defendant enjoining it from all future violations of Labor Code Section 1194 and requiring it to pay its California employees for hours worked going on interviews with Defendant's customers.

42. Plaintiffs further seek reasonable attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5.

### THIRD CAUSE OF ACTION

### (Failure to Reimburse Expenses in Violation of Labor Code § 2802)

43. Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

44. At all times herein relevant, Labor Code § 2802 provided that employers must reimburse and/or indemnify their employees for all expenses incurred by the employee in direct consequence of his or her discharge of his or her duties or of his obedience to the directions of his employer.

45. If an employer fails to comply with Labor Code § 2802, it is liable to the employee for expenses incurred by the employee pursuant to Labor Code § 2802, plus interest from the date on which the employee incurred the necessary expense and attorneys' fees and costs required to obtain reimbursement as specified by Labor Code § 2802.

46. Defendant failed to reimburse Plaintiff for the expenses she incurred attending interviews with Defendant's customers. On information and belief, Defendant also failed to reimburse Section 2802 Class Members for expenses they incurred attending interviews with Defendant's customers.

47. As a result of Defendant's failure to comply with the provisions of Labor Code § 2802, Plaintiff and the Section 2802 Class Members have suffered damages. Plaintiff, individually and on behalf of the Section 2802 Class Members, requests reimbursement for the expenditures and losses incurred in the discharge of their respective duties, according to proof, including attorneys' fees provided for in Labor Code § 2802.

## FOURTH CAUSE OF ACTION
### (Violation of Cal. Business & Professions Code § 17200 – Labor Code § 2802)

48. Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

49. At all times relevant herein, Defendant has violated the above cited provisions of Labor Code § 2802.

50. Defendant's conduct described above in this Complaint constitutes an unfair and unlawful business practice in violation of the provisions of California Business & Professions Code sections 17200, *et seq*.

51. Plaintiff, on her own behalf and on behalf all other similarly situated persons, seeks restitution for all out-of-pocket costs incurred and/or losses caused by having to incur expenses in direct consequence of the discharge of their duties, and/or of their obedience to Defendant's directions, that were not reimbursed, which is a violation of Labor Code § 2802.

52. Plaintiffs further demand an injunction against Defendant enjoining it from all future violations of Labor Code § 2802 and requiring it to reimburse its California employees for expenses

SECOND AMENDED COMPLAINT                            Case No. CV-07-02784 CW

1  that are incurred by employees in direct consequence of the discharge of their duties and/or of their obedience to Defendant's directions.

53. Plaintiffs further seek reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5.

## FIFTH CAUSE OF ACTION
### (Failure to Provide Accurate Wage Statements)

54. Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

55. At all times relevant herein, Labor Code § 226 required that employers provide employees with itemized wage statements showing total hours worked. Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a wage statement without the required information, the employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up to a total of $4,000, plus costs and attorneys' fees.

56. Defendant knowingly and intentionally failed to provide Plaintiff and the Section 1194 Class Members with timely and accurate wage statements as required by Labor Code § 226(a). As a result, Plaintiff and all Section 2802 Class Members are entitled to the maximum amount of damages, costs and attorneys' fees allowed by Labor Code § 226(e) for the three year period preceding the filing of the Complaint and continuing therefrom.

## SIXTH CAUSE OF ACTION
### (Violation of Labor Code §§ 201, 202 and 203)

57. Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

58. KELLY SERVICES employed and paid Plaintiff and other Section 203 Class Members to work on projects for clients in California.

59. Plaintiff is informed and believes and consequently alleges that throughout the three year time period embraced by this cause of action, KELLY SERVICES' employment of over 50 employees in California ended by discharge or resignation and Section 203 Class Members were not timely paid their final uncontested wages as required by Labor Code §§ 201 and/or 202. Plaintiff is informed and believes that KELLY SERVICES had a policy and practice of paying such persons without regard for the requirements of Labor Code §§ 201 and/or 202.

60. Pursuant to Labor Code § 203, KELLY SERVICES is obligated to pay the Class Members one day of wages for each day their wages were late up to a maximum of 30 days of wages, plus, to the extent allowed by law, interest, attorney fees, and cost of suit incurred herein.

### SEVENTH CAUSE OF ACTION
### (Violation of Cal. Business & Professions Code § 17200 – Labor Code § 201, 202 and 203)

61. Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

62. Throughout the period starting four years before the filing of this action, Defendant engaged in and continued to engage in unlawful and unfair business practices in California by practicing, employing and utilizing the employment practices alleged above, namely failing to pay its employees final wages within the time periods specified under Labor Code §§ 201 and 202.

63. Defendant's use of such unlawful and unfair business practices constitutes unfair competition and provides an unfair advantage over Defendant's competitors, in violation of California Business and Professions Code §§ 17200, *et seq*.

64. Plaintiff seeks, on her behalf and on behalf of a class of people similarly situated, full restitution of monies and/or disgorgement of profits generated thereby, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendant and/or profits generated thereby by means of the unfair practices complained of herein.

65. Plaintiff seeks, on her behalf and on behalf of a class of people similarly situated, an injunction prohibiting Defendant from continuing to engage in the unlawful and unfair business practices complained of herein.

### EIGHTH CAUSE OF ACTION
### (Labor Code Private Attorneys General Act of 2004 – Labor Code §§ 201-203)

66. Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

67. Plaintiff is an "aggrieved employee" as that term is defined in Labor Code § 2699(a) because she is a person employed by the alleged violator and against whom one or more of the alleged violations was committed.

68. Plaintiff has met all of the requirements set forth in Labor Code § 2699.3 necessary to commence a civil action against Defendant for violations of Labor Code §§ 201-203.

69. By its actions herein, Defendant has failed to comply with the requirements of Labor Code §§ 201-203 as it relates to Plaintiff and the members of the Section 203 Class.

70. Plaintiff therefore brings this action on behalf of herself and all former employees within the State of California who, within the applicable statutory period, did not timely receive all legally required wage payments to which they were entitled pursuant to Labor Code §§ 201-202.

71. Therefore, Plaintiff, for herself and the members of the putative class, seeks the penalties provided for by Labor Code § 2699 for violations of Labor Code §§ 201-203.

72. Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

### CLASS CERTIFICATION:

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the class; and

14

SECOND AMENDED COMPLAINT                    Case No. CV-07-02784 CW

3. That Counsel for Plaintiff be appointed as class counsel.

### AS TO THE FIRST CAUSE OF ACTION:

4. Upon the First Cause of Action, for all wages due Plaintiff and Section 1194 Class Members in an amount according to proof, with interest thereon from the date such wages were due;

5. For reasonable attorneys' fees and costs allowed by law and according to proof.

### AS TO THE SECOND CAUSE OF ACTION:

6. For restitution and/or disgorgement of profits as allowed by law and according to proof;

7. For injunctive relief; and

8. For attorneys' fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5.

### AS TO THE THIRD CAUSE OF ACTION:

9. Upon the Third Cause of Action, compensatory damages in an amount, according to proof at time of trial, owed to Plaintiff and Section 2802 Class Members representing the amount of unpaid reimbursements for the expenditures and losses incurred in the direct discharge of their respective duties for the applicable limitations period preceding the filing of this Complaint, up to and including the present

10. For reasonable attorneys' fees and costs allowed by law and according to proof.

11. For statutory interest.

### AS TO THE FOURTH CAUSE OF ACTION:

12. For restitution and/or disgorgement of profits as allowed by law and according to proof;

13. For injunctive relief; and

14. For attorneys' fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5.

### AS TO THE FIFTH CAUSE OF ACTION:

15. For the maximum amounts provided by Labor Code § 226(e) for the violations of Defendant of Labor Code § 226(a) owed to Plaintiff and Section 1194 Class Members for the three years preceding the filing of the original Complaint and continuing therefrom.

### AS TO THE SIXTH CAUSE OF ACTION:

16. Upon the Sixth Cause of Action, for all wages due Plaintiff and any Section 203 Class Members who have left the employment of KELLY SERVICES in an amount according to proof, with interest thereon from the date such continuation wages were due;

17. For all amounts owed Plaintiff and the Section 203 Class Members for Defendant's violation of Labor Code §§ 201 and 202; and

18. For reasonable attorneys' fees and costs allowed by law and according to proof.

### AS TO THE SEVENTH CAUSE OF ACTION:

19. For restitution and/or disgorgement of profits as allowed by law and according to proof;

20. For injunctive relief; and

21. For attorneys' fees and costs pursuant to Cal. Civ. Proc. Code 1021.5.

### AS TO THE EIGHTH CAUSE OF ACTION:

22. For the civil penalties specified in Labor Code § 2699 for Plaintiff and the Section 203 Class for each violation of Labor Code §§ 201-203 during the applicable statute of limitations period.

23. For reasonable attorneys' fees and costs as provided for by Labor Code §2699(g)(1).

Dated: May___, 2008

Respectfully submitted,

**KELLER GROVER LLP**

By: _____
ERIC A. GROVER

16

Attorneys for Plaintiff