# Exhibit E

# Exhibit E

# KELLER GROVER LLP

425 SECOND STREET, SUITE 500
SAN FRANCISCO, CALIFORNIA 94107
TELEPHONE: (415) 543-1305
FAX: (415) 543-7861

*Valerie L. Sharpe, Esq.*
*Of Counsel*
*(510) 569-6998 (direct)*
*vsharpe@kellergrover.com*

June 19, 2008

**BY FAX & U.S. MAIL**

Derek Havel, Esq.
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 48th Floor
Los Angeles, California 90071

        Re:    <u>Sullivan v. Kelly Services, Inc.</u>

Dear Derek:

        Per our prior communications regarding Plaintiff's Second Amended Complaint, I am enclosing a proposed stipulation and draft Second Amended Complaint. You will note that this version of the draft Second Amended Complaint is slightly different from that which we previously provided. The only substantive change is that we have added a second class representative.

        Please advise by June 25, 2008 whether Defendant will stipulate to the filing of this Second Amended Complaint or whether we will be forced to file a motion to seek leave to amend.

        Thank you in advance for your prompt attention to this matter.

                            Sincerely,

                            *Valerie L. Sharpe /ss/*

                            VALERIE L. SHARPE

Enclosures

ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
VALERIE L. SHARPE (Of Counsel) (191344)
vsharpe@kellergrover.com
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, California 94107
Phone:  (415) 543-1305
Facsimile:  (415) 543-7861

Attorneys for Plaintiffs
Catherine E. Sullivan and LaShardae Williams

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE E. SULLIVAN, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>KELLY SERVICES, INC, and DOES 1 TO 10, inclusive,<br><br>          Defendants. | Case No. CV 07-02784 CW<br><br>CLASS ACTION<br><br>**STIPULATION AND [PROPOSED] ORDER PERMITTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT** |

1   WHEREAS, Plaintiff Catherine E. Sullivan ("Plaintiff") filed the instant
2   Complaint in Alameda County Superior Court on April 20, 2007;

3   WHEREAS, Defendant subsequently removed the action to federal court;

4   WHEREAS, the parties jointly stipulated, and the Court consented, to Plaintiff
5   filing a First Amended Complaint in August 2007 to add a claim based on Labor Code
6   section 2699;

7   WHEREAS, Plaintiff now seeks to file the attached Second Amended
8   Complaint which, among other things, adds an additional class representative and a
9   causes of action based on Labor Code sections 1194 and 2802;

10   THEREFORE, IT IS HEREBY STIPULATED, by Plaintiff and Defendant,
11   through their respective counsel, that the Second Amended Complaint may be filed.

12   IT IS FURTHER STIPULATED that, in agreeing that Plaintiff may e-file her
13   Second Amended Complaint, Defendant has not waived any rights to challenge the
14   sufficiency of the Second Amended Complaint or the legal or factual validity of any
15   claims alleged therein.

16
17   Dated:  June 19, 2008                    **KELLER GROVER LLP**

18                                            By: _____/s/_____
19                                               ERIC A. GROVER

20                                               Attorneys for Plaintiff
                                                 Catherine E. Sullivan
21   Dated:   June 19, 2008                   **SHEPPARD MULLIN RITCHER &**
22                                            **HAMPTON LLP**

23
24                                            By: _____
                                                 DEREK HAVEL
25
                                                 Attorneys for Defendant
26                                               Kelly Services, Inc.

27
                                    1
28   ─────────────────────────────────────────────────────────────
     STIPULATION AND [PROPOSED] ORDER PERMITTING              Case No. CV 07-02784 CW
     PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

1

2    **IT IS SO ORDERED.**

3

4    Dated: _____                    _____

5                                                   United States District Court Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER PERMITTING                    Case No. CV 07-02784 CW
PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
VALERIE L. SHARPE (Of Counsel) (SBN 191344)
vsharpe@kellergrover.com
**KELLER GROVER LLP**
425 Second St., Suite 500
San Francisco, CA 94107
Telephone:  (415) 543-1305
Fax:  (415) 543-7861


Attorneys for Plaintiff
CATHERINE SULLIVAN and LASHARDAE WILLIAMS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE SULLIVAN and LASHARDAE WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>KELLY SERVICES, INC., and DOES l through 10 inclusive,<br><br>        Defendants. | Case No.:  CV 07-02784 CW<br><br><u>CLASS ACTION</u><br><br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiffs Catherine E. Sullivan and LaShardae Williams (hereafter "Plaintiffs"), by and through their attorneys, allege upon personal knowledge as to themselves and their acts stated herein, and upon information and belief as to all other matters, as follows:

## I. INTRODUCTION

1.     This class action is on behalf of a class of current and former employees of Defendant KELLY SERVICES, INC. ("KELLY SERVICES").  Defendant failed to pay these workers for all hours worked, failed to reimburse them necessary expenditures incurred in direct consequence of the discharge of their duties and failed to pay them their final checks in a timely manner, in violation of Labor Code §§ 201-202, 1194 and 2802.

2.     Plaintiff, CATHERINE E. SULLIVAN, was hired by KELLY SERVICES on March 1, 2006.  During her employment with Defendant, Sullivan, at the direction of Defendant, attended at least four different interviews with Defendant's customers.  The purpose of Sullivan going on such interviews was to aid Defendant in securing business by presenting herself and her skills in a manner so as to ensure that the customer would select a Kelly Services temporary employee to fill its temporary staffing needs.  In going on interviews as directed by Defendant, Sullivan incurred expenses, including, but not limited to, mileage, parking costs and bridge tolls.  Defendant did not pay Sullivan for the hours she worked going on interviews nor did Defendant reimburse Sullivan's expenses.  Consequently, Sullivan is entitled to her unpaid wages and expenses under Labor Code §§ 1194 and 2802.

3.     Sullivan worked on an assignment for KELLY SERVICES from March 16 through August 11, 2006.  Defendant failed to pay Sullivan her final paycheck on her last day of work, violating Labor Code § 201.  Consequently, Sullivan is entitled to waiting time penalties under Labor Code § 203.

4.     Williams was hired as a temporary employee by Defendant and worked on a long-term assignment until June 2007. On or about June 11, 2007, Williams was contacted at her assignment by Defendant and asked for her cell phone number.  When she returned home for work on that day, Defendant contacted Williams on her cell phone and informed her that she was being terminated because she was not performing her assigned duties adequately.  Defendant failed to pay Williams

2

her final paycheck on her last day of work, violating Labor Code § 201.  Consequently, Williams is entitled to waiting time penalties under Labor Code § 203.

5.     Plaintiffs are informed and believe and thereon allege that Defendant's practice of not paying its employees' for all hours worked, not reimbursing its employees for expenses and not paying its employees their final paycheck in a timely manner following discharge or resignation extends to scores of people formerly and currently employed by Defendant, going back four years.

6.     California law, as set forth in Labor Code § 1194, states that any employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of his or her minimum wage compensation.

7.     California law, as set forth in Labor Code § 2802, requires an employer to reimburse an employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

8.     California law, as set forth in Labor Code §§ 201 and 202, provides that if an employer discharges an employee, the employer must pay the employee their earned and unpaid wages immediately.  The employee must also be paid immediately if he or she resigns and provides at least 72 hours notice of their resignation.  Finally, if an employee resigns without providing 72 hours notice of their resignation, the employer must pay the employee the final check within 72 hours.

9.     Plaintiff seeks all available remedies for violations of Labor Code §§ 201, 202, 203, 1194 and 2802 and, to the extent allowable by law, restitution and/or disgorgement in connection with Defendant's violation of California's Unfair Competition Law.

## II. JURISDICTION AND VENUE

10.     This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332, *et seq*.

11.     Plaintiff Sullivan's claims asserted herein arose in this judicial district and Defendant does business in this judicial district.  Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.  Assignment to the San Francisco or Oakland Divisions is proper because a substantial part of the conduct which gives rise to the claims asserted

3

herein occurred in the County of Marin in that Plaintiff Sullivan is a resident of the County of Marin and transacted business with Defendants in San Rafael, California, County of Marin.

### III. THE PARTIES

12.    Plaintiff Catherine E. Sullivan is a California resident.  She worked for KELLY SERVICES as a temporary employee sent to Managed Health Network to work on projects from March 16 through August 11, 2006.  Plaintiff LaShardae Willilams is a California resident.  She worked for KELLY SERVICES as a temporary employee sent to work in Defendant's on-site office at Neutragena from May 2005 through June 2007.

13.    Defendant KELLY SERVICES, INC. is a Delaware corporation. Defendant owns and/or operates temporary agencies in California.  Defendant sends people it hires to work on projects for its clients throughout the state.

### IV. FACTUAL BACKGROUND

**A.    Defendant Failed to Pay Sullivan For All Hours Worked Or Reimburse Her For Expenses**

14.    During her employment with Defendant, Sullivan was sent by Defendant to interview with Defendant's customers on at least four different occasions.  The purpose of the interviews was, in part, to convince the customer to select a Kelly Services temporary staffing employee to fill its temporary staffing needs.

15.    Sullivan spent time and incurred expenses, including, but not limited to, mileage, parking costs and bridge tolls, when she went on these interviews.

16.    Defendant did not pay Sullivan for the hours she worked attempting to secure business for Defendant.  Defendant also did not reimburse Sullivan for the expenses she incurred performing this work.

**B.    Defendant Failed to Pay Plaintiffs Their Final Checks on Their Final Day**

17.    Plaintiffs were temporary employees of Defendant and were each sent out to one client to work on projects.

18.    Sullivan's tenure at KELLY SERVICES lasted through August 11, 2006.  At that time, Defendant took Plaintiff off her assignment and did not reassign her to a new project.

4

William's tenure at KELLY SERVICES lasted through June 11, 2007. At that time, Defendant terminated Williams' employment and did not offer her any future assignments.

19.    Plaintiffs did not receive their final checks on the final day they worked for Defendant.

20.    Sullivan had to wait until August 16, 2006 to receive her final check. Williams had to wait until the next regular pay day to receive her final check.

## V. CLASS ACTION ALLEGATIONS

21.    Plaintiffs bring this action individually and on behalf of a class of people similarly situated. This action is maintainable as a class action because it meets all the prerequisites of Fed. R. Civ. P. 23(a)(1)-(4). In addition to meeting the prerequisites of Rule 23(a), the action satisfies one or more of the three alternatives listed under Rule 23(b). Questions of law and fact common to the classes predominate over questions affecting individual members. This class action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions. Therefore, a class action is superior to other methods of adjudicating the claims.

22.    Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned, KELLY SERVICES engaged in a policy and practice of failing to pay workers for all hours worked, failing to reimburse them necessary expenditures incurred in direct consequence of the discharge of their duties and failing to timely pay wages owing to its employees assigned to its customers, upon separation, discharge or resignation from their employment in California.

23.    **Definition of the Classes**. Plaintiffs bring this action on behalf of themselves and the following classes of current and former California KELLY SERVICES employees:

A.    Section 1194 Class: All temporary staffing employees of Defendant in California, who, during the four years prior to the filing of this action through the date this action is resolved, were not compensated for time spent going on interviews with Defendant's customers and potential customers.

B.    Section 2802 Class: All temporary staffing employees of Defendant in California who, during the four years prior to the filing of this action through the date this action is resolved, were not reimbursed necessary expenditures incurred in

5

SECOND AMENDED COMPLAINT                          Case No. CV-07-02784 CW

direct consequence of the discharge of their duties in connection with attending interviews with Defendant's customers and potential customers.

C.  Section 203 Class:  All temporary staffing employees of Defendant in California who, during the four years prior to the filing of this action through the date this action is resolved, are entitled to waiting-time penalties under Labor Code § 203 based on Defendant's failure to timely pay the employees' final wages in accordance with Labor Code §§ 201 and 202.

Plaintiffs reserve the right to amend or modify the class description, or to seek to limit certification to specific issues.

24.  **Numerosity of the Classes**.  The Classes referenced in Paragraph 23 above are so numerous that individual joinder of all members of each class is impractical under the circumstances of this case.  While the exact number of the members of each Class is unknown to Plaintiffs at this time and can only be ascertained after discovery directed to Defendant, Plaintiffs believe and therefore allege that each of the Classes consist of over 50 individuals.

25.  **Typicality of Claims**.  Plaintiffs' claims are typical of the claims of the members of each of the Classes, and Plaintiffs' interests are consistent with and not antagonistic to those of the other Class Members she seeks to represent.  Plaintiffs and all Class Members have sustained damages and face irreparable harm arising out of Defendant's common course of conduct as alleged herein.  The damages sustained by each member of the Classes were caused directly by Defendant's wrongful conduct, as alleged herein.

26.  **Adequacy of Representation**.  Plaintiffs will fairly and adequately protect the interests of the members of the Classes.  Plaintiffs' claims are not antagonistic to those of the members of the Classes.  Plaintiffs have retained attorneys who are experienced in the prosecution of class actions, including wage and hour class actions, and Plaintiffs intend to prosecute this action vigorously.

27.  **Community of Interest; Existence and Predominance of Common Questions of Law or Fact**.  Common questions of law and fact exist as to all members of each of the Classes that predominate over any questions affecting only individual Class Members.  These common legal and

6

factual questions, which do not vary among members of each of the Classes, and which may be determined without reference to the individual circumstances of any member of a class include, but are not limited to, the following:

(a)    Does KELLY SERVICES maintain a policy of not paying its employees for work performed in connection with attending interviews with its customers and potential customers?

(b)    Is KELLY SERVICES liable for failure to pay minimum wages in accordance with Labor Code § 1194?

(c)    Is the violation of Labor Code § 1194 a basis upon which an unfair business practice cause of action can be maintained?

(d)    Does KELLY SERVICES maintain a policy of not reimbursing its employees for expenses incurred in the discharge of their duties in connection with attending interviews with Defendant's customers and potential customers?

(e)    Is KELLY SERVICES liable for failure to reimburse its employees in accordance with Labor Code § 2802?

(f)    Is the violation of Labor Code § 2802 a basis upon which an unfair business practice cause of action can be maintained?

(g)    Does KELLY SERVICES maintain a policy and practice of not assuring that the final wages of its employees are timely paid in compliance with Labor Code §§ 201 and 202?

(h)    Is KELLY SERVICES liable for waiting-time remedies pursuant to Labor Code § 203 if it does not pay its employees within the time frames prescribed in Labor Code §§ 201 and 202?

(i)    Is the violation of Labor Code §§ 201 and 202 a basis upon which an unfair business practice cause of action can be maintained?

28.    **Superiority.**  A class action is superior to other available methods for the fair and efficient adjudication of these controversies, since individual litigation of the claims of each Class Member is impracticable.  Even if every individual Class Member could afford individual litigation,

7

the court system could not.  It would be unduly burdensome to the court in which the individual litigation of the numerous cases would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of each class. Plaintiff anticipates no difficulty in the management of this action as a class action.

29.    The prosecution of separate actions by individual Class Members may create a risk of conflicting adjudications that would be dispositive of the interests of the other Class Members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class Members to protect their interests.

30.    The prosecution of individual actions by Class Members would establish inconsistent standards of conduct for Defendant.

31.    Defendant has acted or has refused to act in a manner generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole, as requested herein.  Likewise, Defendant's conduct as described above is unlawful, continuing and capable of repetition and will continue unless restrained and enjoined by the Court.

## **FIRST CAUSE OF ACTION**

### **(Violation of Labor Code §§ 1194 and 203)**

32.    Plaintiffs herein repeat and re-allege each and every paragraph above as though fully set forth herein.

33.    KELLY SERVICES employed and sent Sullivan and other Section 1194 Class Members on interviews with its customers and potential customers.  The purpose of Defendant sending employees like Plaintiff and Section 1194 Class Members on these interviews was, in part, to secure business for KELLY SERVICES.  That is, if the customer or potential customer liked the KELLY SERVICES employee being interviewed and selected KELLY SERVICES to perform work

8

1    for it, Defendant would receive payment from the customer and obtain the benefit of an ongoing

2    business relationship with the customer.

3        34.    Defendant did not pay Sullivan for the time she spent interviewing and is informed

4    and believes that Defendant also did not pay Section 1194 Class Members for time spent

5    interviewing.

6        35.    Defendant's failure to pay Sullivan and other Section 1194 Class Members for all

7    hours worked violates the Labor Code § 1194, and Sullivan, on her behalf and on behalf of all

8    Section 1194 Class Members seeks compensation, including interest thereon, for all unpaid hours for

9    the three years preceding the filing of the Complaint and continuing therefrom.  Sullivan, on behalf of

10   herself and all other Section 1194 Class Members, seeks costs and attorneys' fees as provided for by

11   statute.

12       36.    Pursuant to Labor Code § 203, KELLY SERVICES is obligated to pay the Section

13   1194 Class Members one day of wages for each day their wages were late up to a maximum of 30

14   days of wages, plus, to the extent allowed by law, interest, attorney fees, and cost of suit incurred

15   herein.

16                    **SECOND CAUSE OF ACTION**

17       **(Violation of Cal. Business & Professions Code §§ 17200, et seq. – Labor Code § 1194)**

18       37.    Plaintiffs herein repeat and re-allege each and every paragraph above as though fully

19   set forth herein.

20       38.    At all times relevant herein, Defendant has violated the provisions of Labor Code

21   § 1194.

22       39.    Defendant's conduct described above in this Complaint constitutes an unfair and

23   unlawful business practice in violation of the provisions of California Business & Professions Code

24   sections 17200, *et seq*.

25       40.    Sullivan, on her own behalf and on behalf all other similarly situated persons seeks

26   restitution for all losses caused by not being paid for the hours worked going on interviews with

27   Defendant's customers, which is a violation of Labor Code section 1194.

28

9

SECOND AMENDED COMPLAINT                    Case No. CV-07-02784 CW

41.     Sullivan further demands an injunction against Defendant enjoining it from all future violations of Labor Code section 1194 and requiring it to pay its California employees for hours worked going on interviews with Defendant's customers.

42.     Sullivan further seek reasonable attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5.

### THIRD CAUSE OF ACTION

### (Failure to Reimburse Expenses in Violation of Labor Code § 2802)

43.     Plaintiffs herein repeats and re-allege each and every paragraph above as though fully set forth herein.

44.     At all times herein relevant, Labor Code § 2802 provided that employers must reimburse and/or indemnify their employees for all expenses incurred by the employee in direct consequence of his or her discharge of his or her duties or of his obedience to the directions of his employer.

45.     If an employer fails to comply with Labor Code § 2802, it is liable to the employee for expenses incurred by the employee pursuant to Labor Code § 2802, plus interest from the date on which the employee incurred the necessary expense and attorneys' fees and costs required to obtain reimbursement as specified by Labor Code § 2802.

46.     Defendant failed to reimburse Sullivan for the expenses she incurred attending interviews with Defendant's customers.  On information and belief, Defendant also failed to reimburse Section 2802 Class Members for expenses they incurred attending interviews with Defendant's customers and potential customers.

47.     As a result of Defendant's failure to comply with the provisions of Labor Code § 2802, Sullivan and the Section 2802 Class Members have suffered damages.  Sulllivan, individually and on behalf of the Section 2802 Class Members, requests reimbursement for the expenditures and losses incurred in the discharge of their respective duties, according to proof, including attorneys' fees provided for in Labor Code § 2802.

---

10

**FOURTH CAUSE OF ACTION**

**(Violation of Cal. Business & Professions Code § 17200 – Labor Code § 2802)**

48.    Plaintiffs herein repeat and re-allege each and every paragraph above as though fully set forth herein.

49.    At all times relevant herein, Defendant has violated the above cited provisions of Labor Code § 2802.

50.    Defendant's conduct described above in this Complaint constitutes an unfair and unlawful business practice in violation of the provisions of California Business & Professions Code sections 17200, *et seq*.

51.    Sullivan, on her own behalf and on behalf all other similarly situated persons, seeks restitution for all out-of-pocket costs incurred and/or losses caused by having to incur expenses in direct consequence of the discharge of their duties, and/or of their obedience to Defendant's directions, that were not reimbursed, which is a violation of Labor Code § 2802.

52.    Sullivan further demands an injunction against Defendant enjoining it from all future violations of Labor Code § 2802 and requiring it to reimburse its California employees for expenses that are incurred by employees in direct consequence of the discharge of their duties and/or of their obedience to Defendant's directions.

53.    Sullivan further seeks reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5.

**FIFTH CAUSE OF ACTION**

**(Failure to Provide Accurate Wage Statements)**

54.    Plaintiffs herein repeat and re-allege each and every paragraph above as though fully set forth herein.

55.    At all times relevant herein, Labor Code § 226 required that employers provide employees with itemized wage statements showing total hours worked.  Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a wage statement without the required information, the employee is entitled to recover the greater of all actual damages or $50 for the initial

11

1  violation and $100 for each subsequent violation, up to a total of $4,000, plus costs and attorneys'

2  fees.

3      56.    Defendant knowingly and intentionally failed to provide Sullivan and the Section 1194

4  Class Members with timely and accurate wage statements as required by Labor Code § 226(a).  As a

5  result, Sullivan and all Section 1194 Class Members are entitled to the maximum amount of damages,

6  costs and attorneys' fees allowed by Labor Code § 226(e) for the three year period preceding the filing

7  of the Complaint and continuing therefrom.

8      57.    Sullivan further seeks reasonable attorneys' fees and costs pursuant to Labor Code §

9  226(e).

10                        **SIXTH CAUSE OF ACTION**

11                   (**Violation of Labor Code §§ 201, 202 and 203**)

12     58.    Plaintiffs herein repeat and re-allege each and every paragraph above as though fully

13  set forth herein.

14     59.    KELLY SERVICES employed and paid Plaintiffs and other Section 203 Class

15  Members to work on projects for clients in California.

16     60.    Plaintiffs are informed and believe and consequently allege that during the time period

17  embraced by the applicable statute of limitations, KELLY SERVICES' employment of over 50

18  employees in California ended by lay off, discharge or resignation and Section 203 Class Members

19  were not timely paid their final uncontested wages as required by Labor Code §§ 201 and/or 202.

20  Plaintiffs are informed and believe that KELLY SERVICES had a policy and practice of paying such

21  persons without regard for the requirements of Labor Code §§ 201 and/or 202.

22     61.    Pursuant to Labor Code § 203, KELLY SERVICES is obligated to pay the Class

23  Members, as a penalty, one day of wages for each day their wages were late up to a maximum of 30

24  days of wages.

25                      **SEVENTH CAUSE OF ACTION**

26   (**Violation of Cal. Business & Professions Code § 17200 – Labor Code § 201, 202 and 203**)

27     62.    Plaintiffs herein repeat and re-allege each and every paragraph above as though fully

28  set forth herein.

                                    12

63.     Throughout the time period embraced by the applicable statute of limitations, Defendant engaged in and continued to engage in unlawful and unfair business practices in California by practicing, employing and utilizing the employment practices alleged above, namely failing to pay its employees final wages within the time periods specified under Labor Code §§ 201 and 202.

64.     Defendant's use of such unlawful and unfair business practices constitutes unfair competition and provides an unfair advantage over Defendant's competitors, in violation of California Business and Professions Code §§ 17200, *et seq.*

65.     Plaintiffs seek, on their behalf and on behalf of a class of people similarly situated, full restitution of monies and/or disgorgement of profits generated thereby, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendant and/or profits generated thereby by means of the unfair practices complained of herein.

66.     Plaintiffs seek, on their behalf and on behalf of a class of people similarly situated, an injunction prohibiting Defendant from continuing to engage in the unlawful and unfair business practices complained of herein.

67.     Plaintiffs further seek reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5

### EIGHTH CAUSE OF ACTION

### (Labor Code Private Attorneys General Act of 2004 – Labor Code §§ 201-203)

68.      Plaintiffs herein repeat and re-alleges each and every paragraph above as though fully set forth herein.

69.     Plaintiffs are each an "aggrieved employee" as that term is defined in Labor Code § 2699(a) because they are a person employed by the alleged violator and against whom one or more of the alleged violations was committed.

70.     Plaintiffs have met all of the requirements set forth in Labor Code § 2699.3 necessary to commence a civil action against Defendant for violations of Labor Code §§ 201-203.

71.     By its actions herein, Defendant has failed to comply with the requirements of Labor Code §§ 201-203 as it relates to Plaintiffs and the members of the Section 203 Class.

13

72.    Plaintiffs therefore bring this action on behalf of themselves and all former employees within the State of California who, within the applicable statutory period, did not timely receive all legally required wage payments to which they were entitled pursuant to Labor Code §§ 201-202.

73.    Therefore, Plaintiffs, for themselves and the members of the putative class, seek the penalties provided for by Labor Code § 2699 for violations of Labor Code §§ 201-203.

74.    Plaintiffs further seek reasonable attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, as follows:

## CLASS CERTIFICATION:

1.    That this action be certified as a class action;

2.    That Plaintiffs be appointed as the representative of the class; and

3.    That Counsel for Plaintiffs be appointed as class counsel.

## AS TO THE FIRST CAUSE OF ACTION:

4.    Upon the First Cause of Action, for all wages due Sullivan and Section 1194 Class Members in an amount according to proof, with interest thereon from the date such wages were due;

5.    For reasonable attorneys' fees and costs allowed by law and according to proof.

## AS TO THE SECOND CAUSE OF ACTION:

6.    For restitution and/or disgorgement of profits as allowed by law and according to proof;

7.    For injunctive relief; and

8.    For attorneys' fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5.

## AS TO THE THIRD CAUSE OF ACTION:

9.    Upon the Third Cause of Action, compensatory damages in an amount, according to proof at time of trial, owed to Sullivan and Section 2802 Class Members representing the amount of unpaid reimbursements for the expenditures and losses incurred in the

SECOND AMENDED COMPLAINT                        Case No. CV-07-02784 CW

direct discharge of their respective duties for the applicable limitations period preceding the filing of this Complaint, up to and including the present

10. For reasonable attorneys' fees and costs allowed by law and according to proof.

11. For statutory interest.

### AS TO THE FOURTH CAUSE OF ACTION:

12. For restitution and/or disgorgement of profits as allowed by law and according to proof;

13. For injunctive relief; and

14. For attorneys' fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5.

### AS TO THE FIFTH CAUSE OF ACTION:

15. For the maximum amounts provided by Labor Code § 226(e) for the violations of Defendant of Labor Code § 226(a) owed to Sullivan and Section 1194 Class Members for the three years preceding the filing of the original Complaint and continuing therefrom.

16. For attorneys' fees and costs pursuant to Labor Code § 226(e).

### AS TO THE SIXTH CAUSE OF ACTION:

17. Upon the Sixth Cause of Action, for all waiting-time penalties due Plaintiffs and any Section 203 Class Members who have left the employment of KELLY SERVICES in an amount according to proof, with interest thereon from the date such waiting-time penalties were due; and

18. For all other amounts owed Plaintiffs and the Section 203 Class Members for Defendant's violation of Labor Code §§ 201 and 202;

### AS TO THE SEVENTH CAUSE OF ACTION:

19. For restitution and/or disgorgement of profits as allowed by law and according to proof;

20. For injunctive relief; and

21. For attorneys' fees and costs pursuant to Cal. Civ. Proc. Code 1021.5.

/ / /

15

1

2  / / /

3

4  / / /

5  ### <u>AS TO THE EIGHTH CAUSE OF ACTION</u>:

6      22.    For the civil penalties specified in Labor Code § 2699 for Plaintiff and the Section 203

7  Class for each violation of Labor Code §§ 201-203 during the applicable statute of

8  limitations period.

9      23.    For reasonable attorneys' fees and costs as provided for by Labor Code §2699(g)(1).

10

11 Dated: June __, 2008             Respectfully submitted,

12                          **KELLER GROVER LLP**

13

14

15                          By: _____

16                              ERIC A. GROVER

17                             Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT            Case No. CV-07-02784 CW