1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   RICHARD J. SIMMONS, Cal. Bar No. 72666
3  DEREK R. HAVEL, Cal. Bar No. 193464
   GEOFFREY D. DEBOSKEY, Cal. Bar No. 211557
4  LAUREN D. THIBODEAUX, Cal. Bar No. 239997
   333 South Hope Street, 48th Floor
5  Los Angeles, California  90071-1448
   Telephone:  213-620-1780
6  Facsimile:   213-620-1398
   rsimmons@sheppardmullin.com
7  dhavel@sheppardmullin.com
   gdeboskey@sheppardmullin.com
8  lthibodeaux@sheppardmullin.com

9  Attorneys for Defendant KELLY
   SERVICES, INC.
10

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13

14 | CATHERINE E. SULLIVAN, on behalf of herself and all others similarly situated,   | Case No. CV 07-02784 CW
15 |                                                                                  | [Compliant Filed April 20, 2007]
16 |                        Plaintiff,                                                | **DEFENDANT KELLY SERVICES, INC.'S OPPOSITION TO PLAINTIFF CATHERINE SULLIVAN'S MOTION TO MODIFY CASE MANAGEMENT ORDER AND AMEND COMPLAINT**
17 |        v.                                                                        |
18 | KELLY SERVICES, INC., and DOES 1 TO 10, inclusive,                               |
19 |                        Defendants.                                               |
20
21                                                                                      Date:         August 14, 2008
                                                                                        Time:         2:00 p.m.
22                                                                                      Judge:        Hon. Claudia Wilken
                                                                                        Courtroom.:   2, 4th Floor
23

## I. INTRODUCTION

Defendant Kelly Services, Inc. ("Kelly") employs tens of thousands of California employees for the purpose of providing temporary employment services to its customers. Many Kelly employees perform services for numerous customers throughout their tenure, and other employees perform services for only one customer before they either resign or Kelly terminates their employment. Plaintiff Catherine E. Sullivan ("Plaintiff") worked for Kelly as a temporary employee. On April 20, 2007, she filed the instant lawsuit alleging that she, and every other temporary service worker, is entitled to receive Labor Code Section 203 penalties because Kelly did not immediately give temporary workers their final paycheck on the same day they ended a temporary service assignment.

By this motion, Plaintiff seeks to modify the Case Management Order, amend her Complaint for the second time, and add an entirely new theory of liability. However, the deadline imposed by the Court's Case Management Order for filing amendments to the pleadings was December 31, 2007, and that deadline has long since passed.

Federal Rule of Civil Procedure ("FRCP") 16(b)(4) governs Plaintiff's motion to amend the Case Management Order and that rule requires Plaintiff to show "good cause" for the amendment. Plaintiff has failed to establish that good cause exists for the Court to permit her to amend her Complaint almost eight months past the scheduled deadline. Furthermore, any amendment to the Complaint would cause undue delay and result in prejudice to Kelly. Therefore, for the reasons discussed below, Kelly respectfully requests that the Court deny Plaintiff's motion to modify the Case Management Order as well as her request to amend her Complaint.

-1-

## II. STATEMENT OF RELEVANT FACTS

Defendant Kelly Services, Inc. ("Kelly") places its employees on assignments with its customers for periods that vary from a few days to several weeks or months in duration. Under the express terms of the Agreement that employees enter into when they apply to work for Kelly, both sides agree to maintain an ongoing relationship that continues until one party acts to affirmatively end it. See Exh. B attached to Declaration of Lauren D. Thibodeaux ("Thibodeaux Decl."). Kelly seeks assignments for employees on an ongoing basis and both parties understand that their employment relationship does not end at the conclusion of each assignment. Id. Pursuant to Labor Code Section 204, employees are paid within seven days of the close of each weekly pay period that runs from Monday to Sunday.

Plaintiff applied to work for Kelly in February 2006. Deposition of Catherine Sullivan ("Sullivan Depo.") at 29:12-21; Exh. A to Thibodeaux Decl. Plaintiff signed the employment Agreement and understood that she would be an employee of Kelly, not of the companies she was assigned to work for. Id. at 44:19-25; 46:16-21; Exh. A to Thibodeaux Decl. During her tenure at Kelly, Plaintiff was on only one assignment for a Kelly customer, Managed Health Network. Id. at 38:1-6 and 74:2-4; Exh. A to Thibodeaux Decl. Prior to getting the assignment, Plaintiff interviewed with at least two employees of Managed Health Network. Id. at 96:9-20; Exh. A to Thibodeaux Decl. The interview took place at Managed Health Network's offices in San Rafael, CA. Id. at 97:21-24; Exh. A to Thibodeaux Decl.

When her assignment at Managed Health Network concluded, Plaintiff called Kelly to ask for her final check and was informed that she was still an

employee of Kelly Services even though her assignment had ended. Sullivan Depo. at 51:14-21; Exh. A to Thibodeaux Decl. Towards the end of August 2006, Kelly informed Plaintiff of a potential assignment with Wells Fargo Bank. Id. at 123:11-17 and 124:1–125:6; Exh. A to Thibodeaux Decl. Plaintiff attended two interviews with Wells Fargo Bank in late August or early September 2006. Id. at 127:6-128:20; Exh. A to Thibodeaux Decl. These interviews took place at Wholesale University, a Wells Fargo Bank division site. Id. at 125:15-19; Exh. A to Thibodeaux Decl. Plaintiff ultimately declined the assignment and accepted no further assignments for Kelly. Id. at 128:11-25; 129:17-20; Exh. A to Thibodeaux Decl.

Plaintiff brought this lawsuit on April 20, 2007. In her original claim, she alleged that, Pursuant to Labor Code Sections 201 and 202, she was entitled to be paid her final wages on the last day of her assignment with Managed Health Network, and therefore, she is entitled to the penalty provided for in Labor Code Section 203. Plaintiff first amended her Complaint on July 27, 2007 to include a cause of action under the Private Attorney General Act. First Amended Complaint at ¶¶ 35-41. On September 17, 2007, the Court issued a Case Management Order that established December 31, 2007 as the deadline for adding claims or parties to the First Amended Complaint. Since that time, discovery on the claims contained in the First Amended Complaint has been ongoing.

Plaintiff now requests that the Court amend the Case Management Order to allow her to amend her Complaint for the second time. Plaintiff seeks permission to add a new claim alleging that Kelly violated Labor Code Sections 1194 and 2802 because Kelly did not pay Plaintiff for attending interviews with

-3-

customers or reimburse Plaintiff for any expenses she might have incurred in attending those interviews. See Proposed Second Amended Complaint.

### III.   LEGAL ARGUMENT

#### A. Plaintiff Has Failed To Show Good Cause For Modifying The Case Management Order And Amending Her Complaint After The Scheduled Deadline

Under FRCP 16(b)(4), Plaintiff has the burden of showing good cause for why she could not have amended her Complaint before the Case Management Order deadline. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) ("[Plaintiffs] must show good cause for not having amended their complaints before the time specified in the scheduling order expired."); see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (affirming denial of plaintiff's motion to amend complaint because plaintiff failed to establish good cause when he should have been aware earlier that he needed to add the proper defendant, but failed to pay attention to the responses to his pleadings and discovery requests); see also O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152 (1st Cir. 2004) (disallowing amendment of complaint for failure to show good cause where plaintiffs' proffered reason for waiting five months after the deadline to amend was due to circumstances outside their control). Plaintiff has failed to meet this burden.

"Unlike [FRCP] 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, [FRCP] 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citing Rule 16 advisory committee's notes (1983 amendment)). Thus, the focus of the FRCP 16(b)(4) inquiry is on the moving

-4-

party's reasons for seeking to amend and the diligence of that party. Id. "If that party was not diligent, the inquiry should end." Id.

### 1. Plaintiff Does Not Have Good Cause Because She Was Not Diligent In Pursuing Her Claim

Plaintiff cannot satisfy her burden to show good cause because she was not diligent in pursuing her new claim regarding compensation and expense reimbursements relating to interviews. A party fails to satisfy the good cause standard if that party knew of the facts and theories supporting a claim earlier in the case. Coleman, 232 F.3d at 1294-95. Plaintiff knew when she filed her initial Complaint that she had gone on interviews in August 2006 as part of her employment with Kelly. Moreover, Plaintiff was aware that she had not received compensation for any interview time and that she was not reimbursed for any expenses incurred in relation to the interviews. In fact, she was reminded of her attendance at interviews at the time of her deposition in October 2007 because she testified regarding those interviews. (Sullivan Depo. at 96:4-8, 14-20; 97:21-25; 98:1-15; 125:15-17; 127: 4-128:10; 137:1-8) Therefore, it is clear that, prior to filing her Complaint in April 2007, Plaintiff had sufficient information and more than enough time to amend her Complaint well in advance of the December 2007 deadline.

Moreover, for Plaintiff to suggest that she did not understand Kelly's position regarding her initial claims until December 2007 is disingenuous. Not only did Plaintiff know that she was not paid for her interview time, Defendant filed an Answer in May 2007 denying all of the allegations set forth in Plaintiff's initial Complaint regarding her allegations that she was entitled to Labor Code section 203 penalties. Furthermore, in September 2007, the parties filed a Joint Case

-5-

Management Statement with the Court wherein Defendant's position with regard to Plaintiff's employment status was laid out in detail. The Joint Case Management Statement clearly indicates that Kelly "denies that its employees were 'discharged' or 'resigned' pursuant to Labor Code Sections 201 and 202 when every temporary work assignment was completed." (Joint Case Management Statement, Docket No. 18, p. 2.) Indeed, it is difficult to imagine any other defense.

Plaintiff asserts that this new cause of action is based on facts that surfaced during the course of discovery and that she lacked sufficient information to assert a cognizable claim against Kelly before the December 2007 deadline. (Motion p. 1-2 and Decl. of Valerie Sharpe in Support of Plaintiff's Motion p. 1.) However, contrary to Plaintiff's contention, the ongoing discovery between January 2008 and now has not revealed any more information than what Plaintiff already knew: *i.e.* Kelly does not pay for interview time, nor does it reimburse for expenses incurred in relation to interviews. Indeed, Plaintiff's counsel said as much in her January 2008 letter which stated that "Defendant does not compensate its employees for time spent interviewing at customer locations," and this fact was confirmed in Kelly's Person Most Knowledgeable deposition in March 2008. (Exh. A to Decl. of Valerie Sharpe in Support of Plaintiff's Motion, p. 3.)

Plaintiff's subsequent discovery requests sought information regarding the *number* of Kelly employees who had gone on interviews with Kelly customers and any policies or procedures that Kelly followed regarding compensation and reimbursement for interview time and expenses. Plaintiff's proposed Second Amended Complaint alleges nothing more specific or detailed than what she already knew prior to filing her original Complaint. The language in the Second Amended Complaint does not include any information that Plaintiff gained through the

discovery process. Plaintiff had sufficient information to bring this claim prior to the December 2007 deadline. Plaintiff's failure to bring this claim before the December 2007 deadline shows a lack of diligence in meeting the scheduled deadlines. Therefore, Plaintiff has not shown good cause under FRCP 16(b)(4) to amend her Complaint after the deadline.

### 2. Kelly Will Suffer Prejudice If Plaintiff Is Permitted To Amend The Case Management Order And Her Complaint

Although a lack of prejudice is not required for a finding of good cause, the existence of prejudice to the party opposing the amendment strongly favors the motion's denial. Coleman, 232 F.3d at 1294. In Coleman, the court held that the defendant would face prejudice if an amendment to the complaint was allowed because the defendant would have to prepare new strategies and defenses in response to a new theory of liability, which would possibly require reopening discovery or cause a delay in the case. Id. The same is true here.

First, the deadline to amend the pleadings has passed. Second, the stipulated deadline to complete discovery is September 4, 2008, less than fifty days from now. Third, the parties have also already stipulated to a hearing date for class certification on November 14, 2008. Finally, if Plaintiff is allowed to add a new theory of liability to her Complaint, Kelly will have to develop its defense in order to respond. The proposed amendment will add a new claim of liability, complicating the case and forcing Kelly to undertake a new strategy of defense as to that claim. Moreover, the interview time claim arises out of a different set of facts than those asserted in the original Complaint for which the parties have already

engaged in discovery.[1] The proposed amendment will therefore require additional discovery related to the new claim, which could delay the case. Although Plaintiff has sought discovery regarding employee interviews and compensation related to those interviews, Kelly has not engaged in discovery on that topic. Moreover, Kelly took Plaintiff's deposition in October 2007 and did not question Plaintiff regarding the issue. Allowing Plaintiff to amend her Complaint will force Kelly to re-open Plaintiff's deposition in order to obtain her testimony. Therefore, this prejudice to Kelly provides an additional reason for denying Plaintiff's motion.

### B. Plaintiff's Motion To Amend Should Be Denied Because It Also Fails Under FED.R.CIV.P. 15(a)

Even if Plaintiff is able to establish good cause under Rule 16, her motion to amend the Complaint after the scheduled deadline should also fail under the Rule 15 standard. A party seeking to modify a case management order and amend the complaint after the scheduled deadline must first show good cause under Rule 16(b) and then, if good cause is shown, the moving party must show that the amendment is proper under Rule 15. S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, 315 F.3d 533, 536 (5th Cir. 2003). Rule 15 provides that that the court should freely give leave to amend pleadings when justice so requires. FED.R.CIV.P. 15(a)(2). Courts usually examine five factors to determine whether an amendment should be permitted under Rule 15: (1) undue delay caused by the amendment; (2)

---

[1] Even if the Court is inclined to grant Plaintiff's motion, Plaintiff should not be permitted to avail herself of the filing date of the original Complaint for her new causes of action relating to compensation and reimbursement for her time spent interviewing for work assignments. This claim does not arise out of the "conduct, transaction or occurrence" set out in her original Complaint in which she alleges that she is entitled to be paid her final wages on the last day of her assignment with the Kelly customer that she worked for. See F.R.C.P. 15(c)(1)(B). Therefore, the "relation back" doctrine does not apply to Plaintiff's new causes of action.

1  bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments
2  previously allowed; (4) undue prejudice to the opposing party if the amendment is
3  allowed; and (5) futility of the amendment. Forman v. Davis, 371 U.S. 178, 182
4  (1962). As set forth above, if Plaintiff is allowed to amend her Complaint at this
5  point in the litigation, it would cause undue delay and be unduly prejudicial to
6  Kelly. Based on these factors, the Court should deny Plaintiff's motion.

       **1.**     **Amendment Of The Complaint Will Cause Undue Delay**

Delay justifies denial of a motion to amend when the delay causes prejudice to the nonmoving party, shows bad faith by the moving party, or when the amendment is futile. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999). Undue delay is also especially relevant to the amendment analysis when no reasons are given for the delay. Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (finding that where motion to amend came several months after the stipulated deadline, the proposed amended complaint relied on facts that were available before the deadline, and the need to reopen discovery would cause delay in the proceedings, the court was within its discretion to find that granting the motion would cause prejudicial delay). See also In re Fritz Companies Securities Litigation, 282 F. Supp. 2d 1105, 1110-11 (ND Cal. 2003) (finding that there was no reason for the delay in bringing the amended complaint when the information included in the amended complaint was available to the moving party earlier).

As briefly mentioned above, Plaintiff initially filed her Complaint in April 2007. Then, more than a year passed before she asked Kelly to consent to permit her to amend her complaint. The new claim could have been raised solely based on the personal knowledge that Plaintiff already possessed at the time she filed her initial complaint. Despite Plaintiff's claims that she has been using the

months between the December 2007 deadline and now to conduct additional discovery on this claim, her proposed amendment alleges nothing more than what Plaintiff knew before her initial Complaint was filed. Not only does Plaintiff's motion to amend come almost eight months after the deadline, but the motion also comes less than fifty days before the stipulated September 4, 2008 deadline to close discovery on class certification. Undoubtedly the September 4, 2008 discovery deadlines will need to be continued. Moreover, despite Plaintiff's assertion to the contrary, it is more than likely that the class certification hearing will need to be continued as a result of Plaintiff's proposed amendment. The undue delay that will result from Plaintiff's amendment is justification alone for the denial of Plaintiff's motion.

### 2. Amendment Of The Complaint Would Be Unduly Prejudicial To Kelly

Of the various factors that the court should look at in determining whether amendment should be allowed, "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Factors that the court should consider in determining whether the proposed amendment will unduly prejudice the nonmoving party are the need to reopen discovery or the addition of complaints or parties. In re Fritz Companies Securities Litigation, 282 F. Supp. 2d at 1109. Undue prejudice may also exist when the addition of new claims at a later stage in the proceedings would greatly alter the nature of the litigation, requiring the defendant to undertake a new defense. See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

As discussed above in Section III.2, Plaintiff's proposed amendment at this stage in the proceedings would cause undue prejudice to Kelly. Kelly has not had an opportunity to conduct discovery or develop its defense to adequately respond to this new claim of liability. Because Plaintiff had sufficient information to pursue this claim earlier, it is unduly prejudicial to Kelly to add this claim at this point in the proceedings, after deadlines have been set and substantial discovery has been completed by the parties on the original complaint.

## IV. CONCLUSION

For the foregoing reasons, Kelly respectfully requests that the Court deny Plaintiff's motion to modify the Case Management Order and amend the Complaint.

Dated: July 24, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
RICHARD J. SIMMONS
DEREK R. HAVEL
GEOFFREY D. DEBOSKEY
LAUREN D. THIBODEAUX

Attorneys for Defendant KELLY SERVICES, INC.

ROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On **July 24, 2008**, I served the following document(s) described as **DEFENDANT KELLY SERVICES, INC.'S OPPOSITION TO PLAINTIFF CATHERINE SULLIVAN'S MOTION TO MODIFY CASE MANAGEMENT ORDER AND AMEND COMPLAINT** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Eric A. Grover, Esq.  
Valerie Sharpe, Esq.  
Keller Grover LLP  
425 Second Street, Ste. 500  
San Francisco, CA 94107

Tel: 415-543-1305  
Fax: 415-543-7861

☒ **BY ELECTRONIC MAIL:** Pursuant to USDC – Northern District's General Order No. 45.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 213-620-1398. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

☒ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **July 24, 2008**, at Los Angeles, California.

_____  
Donna J. McCurdy

W02-WEST:1HES1\400779557.1

-1-