1  ERIC A. GROVER (SBN 136080)
   eagrover@kellergrover.com
2  VALERIE L. SHARPE (Of Counsel) (SBN 191344)
   vsharpe@kellergrover.com
3  DENISE L. DIAZ (SBN 159516)
   ddiaz@kellergrover.com
4  **KELLER GROVER LLP**
5  425 Second St., Suite 500
   San Francisco, CA 94107
6  Telephone: (415) 543-1305
7  Fax: (415) 543-7861

8  Attorneys for Plaintiff
   CATHERINE SULLIVAN
9

10                **UNITED STATES DISTRICT COURT**

11                **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CATHERINE SULLIVAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KELLY SERVICES, INC., and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.: CV 07-02784 CW<br><br>CLASS ACTION<br><br>**PLAINTIFF CATHERINE SULLIVAN'S REPLY BRIEF IN SUPPORT OF MOTION TO MODIFY CASE MANAGEMENT ORDER AND AMEND COMPLAINT**<br><br>[Fed. R. Civ. P. 16(b)(4), 15(a)(2)]<br><br>Date: August 14, 2008<br>Time: 2:00 p.m.<br>Judge: Honorable Claudia Wilken<br>Crtrm: 2, 4th Floor |

---

Plaintiff's Reply Brief ISO Motion to Modify
Case Management Order and Amend Complaint                    Case No. CV-07-02784 CW

**I.    INTRODUCTION**

Through her motion, Plaintiff Catherine Sullivan ("Plaintiff") seeks only to modify the scheduling order and amend the complaint to add new class claims that the parties have been litigating since at least January 2008. *See* Sharpe Declaration submitted with Plaintiff's opening brief ("Sharpe Decl. I")at Ex. A, letter in which Ms. Sharpe expressly advises defense counsel that Plaintiff intends to pursue the interview class claims); *see also*, Supplemental Declaration of Valerie Sharpe ("Suppl. Sharpe Decl.") at ¶ 3, Ex. 1 (discovery served on December 20, 2007 requesting information regarding Defendant's interview policies and practices). Defendant has not only known about the new claims but has actively litigated them for several months. Through its agreement to produce interview–related discovery after Plaintiff expressly advised Defendant that she would be pursuing the claims, Defendant lead Plaintiff to believe that it would consent to the amendment. *See* Sharpe Decl. I at Ex. B (letter from defense counsel stating that Defendant would respond to Plaintiff's discovery requests). Although Defendant has been dilatory during the discovery process, it, in fact, has produced discovery regarding the interview-related class claims. Even at present, Defendant continues to litigate the new class claims by negotiating with Plaintiff's counsel regarding certain responses to interview-related discovery requests.

Not only has it known about the claims for months, Defendant itself delayed the discovery process at every opportunity. Defendant did not produce a single piece of evidence without first lodging various objections and/or stalling the production. *See generally*, Suppl. Sharpe Decl. Defendant's own conduct created significant delays in the discovery relating to the new claims. Furthermore, when claiming it will be prejudiced without additional time for formal discovery on the new claims, Defendant does not identify any specific evidence that it lacks and could obtain from Plaintiff. Nonetheless, Plaintiff has offered to extend Defendant's class certification discovery cut-off. Plaintiff proposes that all other deadlines, including her own discovery cut-off, will remain as scheduled. Defendant's arguments that it will be unduly prejudiced and suffer undue delay are baseless.

Furthermore, Defendant's arguments that Plaintiff was anything less than diligent in pursuing the new class claims are false. As the extensive discovery disputes and negotiations demonstrate, Plaintiff has been struggling against Defendant's dilatory litigation tactics to obtain relevant facts in

1

Plaintiff's Reply Brief In Support of Motion to Modify
Case Management Order and Amend Complaint            Case No. CV-07-02784 CW

support of the proposed class claims. Plaintiff's individual experience regarding the interviews could not support that class claims were viable and could be certified. Plaintiff had to research the legal claims and pursue substantive facts that would allow her to conclude the new class claims were viable. Once she was able to do so, she sought a stipulation in mid-May 2008 from Defendant to amend the complaint. Defendant did not respond for six weeks before informing Plaintiff it would not stipulate. Contrary to Defendant's misleading arguments, Plaintiff has been diligent in her pursuit of her claims and proper factual support to allege them in good faith. Thus, good cause exists to modify the Case Management Order and leave to amend should be granted as there will be no undue prejudice or undue delay.

## II.   CORRECTION OF DEFENDANT'S MISLEADING FACTUAL ACCOUNTS

Although Plaintiff provides a detailed statement of facts in her opening brief, it is necessary to recap and elaborate on certain points to correct Defendant's misleading accounts asserted in its opposition. Defendant relies on its self-serving, inaccurate version of the facts and events of this case to argue that Plaintiff was not diligent in pursuing her new claims and that the addition of new claims will unduly prejudice Defendant and created undue delays. As the following explains, Defendant is wrong on all counts.

### A. The Nature of the New Claims

Despite Defendant's attempt to portray the new claims as individual claims, Plaintiff is seeking leave to amend to add new ***class-based*** claims. The new class claims are based on Defendant's failure to pay Plaintiff and other Kelly Services employees for time spent attending interviews at Defendant's instruction and failure to reimburse them for expenses incurred when attending the interviews. *See e.g.,* Proposed Second Amended Complaint at ¶¶ 21-31.

As discussed in detail below, Defendant is, and has been fully aware of this fact for several months. Defendant's awareness that Plaintiff intends to allege new class claims is particularly obvious given Defendant's active participation in discovery regarding the new class claims for several months. *See* Suppl. Sharpe Decl. at ¶¶ 3-27. Despite this knowledge, Defendant misleadingly asserts that the new claims are ***individual*** claims on behalf of the named Plaintiff. *See e.g.*, Def's Opp. at 3:24-4:2. Based on this knowingly false assertion, Defendant argues that Plaintiff's individual experience receiving no pay for her time attending interviews or reimbursement

2

for her expenses incurred attending the interviews should have served as sufficient facts on which to base a motion to amend to add the new claims. In reality, Plaintiff's individual experiences were not enough to determine whether the proposed class claims could be alleged in good faith. Thus, Plaintiff pursued discovery of sufficient facts that will support *class* claims based on Defendant's interview practices and policies.

### B. Timing of Plaintiff's Conclusion that She Could Allege the New Class Claims in Good Faith and Efforts to Obtain the Necessary Evidence

In October 2007, Plaintiff only knew that she had not been paid for interview time and expenses. Plaintiff did not know whether her experience was common to other Kelly temporary employees. The named Plaintiff is not a legal expert and did not know that she had potential claims under Labor Code §§ 1194 and 2802 against Defendant. It was only after Plaintiff's deposition on October 29, 2007, during which Defendant's counsel questioned Plaintiff about interviews on which Defendant sent her and about her understanding regarding her status as an employee while on those interviews, that Plaintiff's counsel learned that there were possible claims based on Defendant's interview pay and expense practices. Suppl. Sharpe Decl. at ¶¶ 2-3. Counsel then proceeded to analyze the claims and pursued discovery to determine whether the claims could survive on a class basis. *Id.* If Plaintiff could not determine that the new class claims were certifiable, Plaintiff could not allege them in good faith or represent to the Court that the class claims were not futile. It was only through that discovery that Plaintiff was able to bring the proposed amendment in good faith.

After analyzing the possible new claims, Plaintiff concluded that more facts were necessary to determine whether the new claims could satisfy the ascertainability, commonality and predominance elements of class certification. Suppl. Sharpe Decl. at ¶¶ 2-3. To demonstrate the new claims are not futile, Plaintiff needed information regarding Defendant's policies and practices regarding interviews, including whether Defendant employed a centralized record-keeping system to track the interviews on which it sent proposed class members. *See id.* Thus, Plaintiff served discovery requests on Defendant starting on December 2007 seeking that information.

Because Defendant consistently resisted discovery on its interview practices and policies, only bits of information trickled in over the last several months. Defendant reluctantly provided piecemeal and incomplete discovery responses, and only did so after long, contentious meet-and-

3

Plaintiff's Reply Brief In Support of Motion to Modify
Case Management Order and Amend Complaint                    Case No. CV-07-02784 CW

confer communications with Plaintiff's counsel. Suppl. Sharpe Decl. at ¶¶ 4-27. Although not all of the requested information was produced, Plaintiff concluded that there was enough evidence to allege the new class claims and requested in May 2008 that Defendant stipulate to an amendment. Defendant did not respond to the stipulation request for six weeks. *Id.* at ¶ 18. During that time, Plaintiff continued to pursue the outstanding discovery as it would only bolster her position that the new claims should be added and could succeed at certification. *Id.* at ¶¶ 19-27.

In fact, in early July 2008, Plaintiff did obtain additional facts when Defendant finally produced two Persons Most Knowledgeable ("PMK") regarding the interview-related discovery. Although these PMKs could not testify as to all of the noticed subject matters, they were able to provide facts on at least some of the noticed issues regarding Defendant's policies pertaining to temporary employee interviews and its record-keeping practices regarding the interviews. Suppl. Sharpe Decl. at ¶¶ 26-27.

Plaintiff's discovery efforts were significantly delayed due to Defendant's unwillingness to respond and evasive communications during the meet and confer process. Details of Defendant's inappropriate gamesmanship during the discovery process are too numerous to discuss herein but are documented the Supplement Declaration of Valerie Sharpe submitted herewith, the exhibits attached to the Supplemental Sharpe Declaration, and the original Declaration of Valerie Sharpe submitted with Plaintiff's opening motion. In general, Defendant refused to respond to properly served requests in a timely manner and gave evasive and dilatory responses to meet-and-confer communications.[1] *See* Suppl. Sharpe Decl. at ¶¶ 4-27. Notably, the hearing date for class certification was already extended once to accommodate Defendant's inability to promptly respond to discovery. *Id.* at ¶ 14.

**C. Timing of Defendant's Knowledge of the New Class Claims**

Defendant has actively litigated the potential new class claims since Plaintiff served her

---

[1] As just one example, Defendant was so uncooperative in producing its PMK deponents that the first deposition, originally noticed on January 24, 2008 did not occur until March 20, 2008. Suppl. Sharpe Decl. at ¶¶ 4-5. The PMK finally produced, however, was not competent to testify on multiple noticed subject matters, which necessitated other PMK depositions. *Id.* at ¶ 5. Again, Defendant dragged its feet in providing Plaintiff's counsel with scheduling information and did not produce the additional two PMKs until the first week of July 2008. *Id.* at ¶¶ 26-27.

4

Plaintiff's Reply Brief In Support of Motion to Modify
Case Management Order and Amend Complaint                                    Case No. CV-07-02784 CW

discovery requests regarding those claims in December 2007. Defendant engaged in numerous, detailed meet-and-confer communications with Plaintiff's counsel regarding Plaintiff's interview-related discovery requests and, ultimately, responded to at least some of those discovery requests. Suppl. Sharpe Decl. at ¶¶ 3-27. Thus, Defendant has not only been on notice of the new class claims, but has affirmatively participated in the discovery process specific to the new interview-related class claims for several months. In fact, Plaintiff expressly informed Defendant that she was pursuing these claims on January 31, 2008. Sharpe Decl. I at Ex. A. In the meet-and-confer process, Defendant agreed to and did in fact produce at least some of the requested discovery, indicating that it would consent to an amendment. *See e.g.*, Sharpe Decl. I at Ex. B. Also, Defendant and Plaintiff, through their counsel, openly discussed that Plaintiff sought facts in support of ascertainability and other certification criteria. *Id.* at ¶ 15.

There is no question that Defendant has been fully aware for several months that Plaintiff is pursuing new class claims based on its interview policies and practices and intended to amend the complaint. Even now, Defendant continues to litigate interview-related discovery issues.[1] Defendant's suggestion that it is taken by surprise and has not had ample notice of the new class claims and opportunity to conduct additional certification discovery relevant to the new claims is simply untrue.

### D. There is no Additional Evidence for Defendant to Obtain from the Named Plaintiff on the Interview-Related Claims

The named Plaintiff has produced all documents related to Kelly to Defendant. In her deposition, Plaintiff testified to all of the facts relating to the interviews on which Defendant sent her. There is no additional evidence regarding the interview claims that Defendant could obtain from Plaintiff. However, Plaintiff will make herself available for deposition immediately and will agree to respond to written discovery on a shortened notice period to allow Defendant every opportunity to obtain the interview-related information it claims it is missing. Suppl. Sharpe Decl. at ¶ 28.

Any undisclosed evidence relevant to the new claims that could affect class certification is within Defendant's own policies and practices, which of course Defendant possesses. In fact, the

---

[1] At Plaintiff's suggestion, the parties are negotiating a stipulation regarding responses to certain interview-related discovery.

5

Plaintiff's Reply Brief In Support of Motion to Modify
Case Management Order and Amend Complaint                                    Case No. CV-07-02784 CW

evidence should be gathered and readily accessible because Plaintiff has been seeking discovery of that very information from Defendant for months.

### E. The Only Upcoming Deadlines are Related to Class Certification, not Merits Determinations

The only scheduled deadlines occurring in the near future are the cut-off for class certification discovery and the briefing deadlines regarding class certification. This clarification is necessary because Defendant disingenuously argues that the proposed amendment will force Defendant to alter its legal defenses and strategies in a short amount of time, implying that there are fast approaching merits-based deadlines. As Plaintiff, the Court and, undoubtedly, Defendant is aware, there are no merit-based hearings or cut-offs in the near future.

## III. GOOD CAUSE EXISTS TO MODIFY THE CASE MANAGEMENT ORDER

Contrary to Defendant's arguments, Plaintiff has been diligent in pursuing facts to support the viability of the new proposed class claims since December 2007, shortly after she first determined that there could be additional class claims. Suppl. Sharpe Decl. at ¶¶ 2-27. Plaintiff engaged in lengthy meet-and-confer communications over several months and did not relent regardless of the number and variety of dilatory tactics Defendant attempted. *See id.* at ¶¶ 4-27. In fact, it was Defendant's dilatory litigation tactics that created significant delays in Plaintiff's ability obtain the relevant facts that allowed her to conclude the new claims were not futile and could succeed at class certification. *See id.* Given Defendant's primary role in delaying the motion to amend and the lengthy meet-and-confer process extending over several months as Plaintiff pursued discovery to support the new claims' viability, Defendant's accusation that Plaintiff has been less than diligent is not only false but disingenuous.

Once Plaintiff had sufficient facts that allowed her to conclude an amendment was proper, Plaintiff sought Defendant's agreement to amend the complaint. Because Defendant did not respond for six weeks and, in the meantime, agreed to calendar two additional PMK depositions on interview related issues, Plaintiff obtained the additional discovery, which, as expected, bolstered her position, and then moved to amend the complaint. Plaintiff's effort to ensure that her proposed amendment was well-founded and not futile was necessary and demonstrates that good cause exists to modify the

6

Plaintiff's Reply Brief In Support of Motion to Modify
Case Management Order and Amend Complaint                    Case No. CV-07-02784 CW

Case Management Order in accordance with Fed. R. Civ. P 16(b)(4) and permit Plaintiff to amend her complaint.

## IV. LEAVE TO AMEND IS PROPER AND SHOULD BE GRANTED

### A. The Proposed New Class Claims are not Futile

As discussed above, Plaintiff has taken significant measures to ensure sufficient facts exist to support her new class claims regarding Defendant's interview pay and expense reimbursement practices, including that the claims can be certified. Through her discovery efforts, Plaintiff obtained evidence that Defendant had common policies and practices to send its temporary employees on interviews without paying employees for their time and without reimbursing them for expenses incurred in attending the interviews. Importantly, Plaintiff also obtained evidence that Defendant utilizes a searchable, electronic database called Kelly StaffNet that keeps detailed records of the interviews on which temporary employees were sent, demonstrating that Plaintiff will be able to satisfy the ascertainability prong of certification. *See* Suppl. Sharpe Decl. at ¶¶ 3, 15-16, 27. Also, the database is capable of running reports of common details of the interviews that will serve as evidence that common questions of law and fact exist and predominate among the proposed class members. *See id.* at ¶¶ 27. Plaintiff has also been attempting to establish numerosity of the class members with interview-related claims. Although Defendant has not fully disclosed the requested information, adequate facts exist to support that the class members will be sufficiently numerous for certification. *Id.* at ¶ 20. In short, the facts Plaintiff obtained from Defendant over the past several months were new to Plaintiff and critical to her ability to assess and conclude that the new class claims were viable and could be certified.

### B. There will be no Undue Prejudice to Defendant

Defendant has failed to meet its burden to show prejudice will result from the amendment. The party opposing amendment bears the burden of showing prejudice. *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Defendant argues the proposed amendment will require it to revise its legal defenses and strategies in a short amount of time, causing undue prejudice. The argument is baseless for multiple reasons. First, Defendant has known for several months about the new potential class claims and has actively participated in class certification discovery pertaining to the new claims since December 2007. Suppl. Sharpe Decl. at ¶¶ 4-27; *see* Sharpe Decl. I at Ex. A.

7

There is nothing unexpected about the addition of the interview-related class claims. Equally important though is the fact that there are no merits determinations on the calendar in the near future. The only upcoming deadlines are for class certification. Thus, Defendant has had months to formulate any new defenses and legal strategies and the only adjustments that are possibly necessary in a short time period are related to class certification.

It is particularly disturbing that Defendant argues that the timing of Plaintiff's motion being so close to the class certification discovery cut-off is the source of "undue prejudice" when Defendant itself caused the delays that resulted in the motion being filed in July 2008. *See* Suppl. Sharpe Decl. at ¶¶ 4-27. By dragging its feet in the discovery process, providing evasive responses and refusing to produce appropriate PMKs in a timely fashion, Defendant caused months to pass before Plaintiff could move to amend. *See id.* at ¶¶ 5, 71-3, 15-18, 21-27. Had Defendant responded to the interview-related discovery without employing dilatory litigation tactics, the motion to amend would not have been filed so close in time to the class certification cut-off date.

Furthermore, although Defendant argues that it will not have adequate time to conduct discovery relating to the new class claims before the class certification discovery cut-off, Defendant fails to explain why it chose not to conduct discovery on the new claims while engaging in the discovery process for several months regarding Plaintiff's discovery requests. Notably, Defendant has not identified a <u>single</u> piece of evidence that it does not possess and must obtain through formal discovery. Also, contrary to its arguments in opposition, Defendant has questioned Plaintiff in deposition about her interview experiences. *See* Thibodeaux Decl., Ex. A at 96-98, 123-125, 127-129, 137. Plaintiff, nonetheless, has offered to make every accommodation to ensure Defendant has the opportunity to conduct discovery before its opposition to class certification is due. Plaintiff will make herself available virtually immediately for continued deposition questioning and will respond to written discovery responses on a shortened notice period. Suppl. Sharpe Decl. at ¶ 28. Defendant cannot show that it will be deprived of any discovery opportunity prior to class certification.

It is worth noting, however, that any additional evidence regarding the interview claims is in Defendant's possession or control. The named Plaintiff produced all documents in her possession related to Kelly Services to Defendant in 2007. She testified in deposition to all facts regarding the interviews she attended when employed by Defendant. *See* Thibodeaux Decl., Ex. A at 96-98, 123-

8

Plaintiff's Reply Brief In Support of Motion to Modify
Case Management Order and Amend Complaint                     Case No. CV-07-02784 CW

125, 127-129, 137. There is no information for Defendant to obtain from the named Plaintiff. Defendant, however, still possesses but has not disclosed all information regarding its interview-related policies and practices, particularly those relating to the sub-class of non-commercial temporary employees. *See* Suppl. Sharpe Decl. at ¶¶ 26-27. Those policies and practices represent the key evidence that will affect class certification. Any argument that Kelly needs time to locate such evidence in its own records should be rejected because Defendant should have been researching and collecting that data for several months to respond to discovery served in December 2007.[1]

### C. Amending the Complaint will not Cause Undue Delay

Defendant argues that there will be undue delay because it will be necessary to postpone the class certification hearing if the proposed amendment is permitted. Plaintiff disagrees that a postponement will be necessary. Plaintiff has offered to cooperate on short notice with any discovery requests that Defendant serves relating to the interview claims. Suppl. Sharpe Decl. at ¶ 28. Plaintiff believes she already has provided all information regarding interview-related claims to Defendant. Similarly, any information Defendant needs to retrieve from its own files should be readily available to Defendant given that Plaintiff requested the information via discovery requests in December 2007 and Defendant should have been working to produce it. The only deadline Plaintiff proposes to change is Defendant's class certification discovery cut-off date, extending it to the date that Defendant's opposition is due. Moreover, in the event the Court determines that class certification hearing should be postponed, Defendant has offered no reason why a postponement of perhaps a month or two would constitute an "undue" delay. Given Defendant's numerous delay tactics during discovery, which resulted in a prior extension of the certification hearing, it is disingenuous for Defendant to claim that it now has an interest in litigating this matter in a timely fashion. *See* Suppl. Sharpe Decl. at ¶¶ 8-14.

The Court may be concerned with maintaining the pace of the litigation to minimize the strain on judicial resources. However, it is in the best interest of judicial economy to permit the amendment

---

[1] Defendant's argument that the new class claims will not relate back to the original claims, which Plaintiff believes is incorrect, is not relevant at motion to amend. The new claims are viable regardless of whether they relate back because Plaintiff's interview experiences fall within the three-year statute of limitations period. The only effect would be on class composition which is not at issue in this motion.

9

Plaintiff's Reply Brief In Support of Motion to Modify
Case Management Order and Amend Complaint                                    Case No. CV-07-02784 CW

at this juncture, adding the claims to the present case. The alternative is for Plaintiff to file a new lawsuit, which will not only create another case to move through the court system, but also will cause delays in this case because the two cases likely will need to be related. To allow Plaintiff to add the new class claims is the more efficient method of managing the new claims.

## V.    CONCLUSION

Despite Defendant's numerous efforts to thwart Plaintiff's discovery efforts, Plaintiff diligently sought and obtained sufficient facts regarding Defendant's policies and practices regarding temporary employees' interviews to support the new class claims alleged in the proposed Second Amended Complaint. Given the nature of the interview-related class claims, Plaintiff could not move to amend until she obtained factual support that the new class claims are not futile and will satisfy the more difficult ascertainability, commonality and predominance prongs at class certification. Once she obtained the necessary facts that allowed Plaintiff to allege the new class claims in good faith, Plaintiff attempted to obtain a stipulation from Kelly and, after it refused six weeks later, Plaintiff concluded the two calendared depositions and filed her motion. Good cause exists to modify the scheduling order and grant Plaintiff leave to amend her complaint.

The proposed amendment is proper because there will be no undue prejudice or undue delay if the Court grants Plaintiff's motion. Contrary to Defendant's arguments, Defendant has known about and actively litigated the proposed new claims for several months. Also, it was Defendant's own dilatory conduct that caused the motion to amend to be filed in July 2008. Despite this, Defendant will have every reasonable opportunity to conduct additional discovery before its class certification opposition is due. Finally, there is no merits-based hearing on the immediate calendar so Defendant is not pressed to make any large scale changes to its legal strategy in the near future.

For all of the reasons above and in the opening brief, Plaintiff's motion should be granted.

Dated: July 31, 2008                             Respectfully submitted,

**KELLER GROVER LLP**

By: _____/s/_____
　　ERIC A. GROVER
Attorneys for Plaintiff Catherine E. Sullivan

10

Plaintiff's Reply Brief In Support of Motion to Modify
Case Management Order and Amend Complaint                    Case No. CV-07-02784 CW