IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE E. SULLIVAN, | No. C 07-2784 CW |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM THE SCHEDULING ORDER AND LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| v. | |
| KELLY SERVICES, INC., | |
| Defendant. / | |

Plaintiff Catherine Sullivan has filed a motion for relief from the Court's scheduling order and leave to file a second amended complaint (SAC) alleging new claims. Defendant Kelly Services, Inc. opposes the motion. The motion is decided on the papers and the hearing previously scheduled for August 14, 2008 is hereby vacated. Having considered all of the papers filed by the parties, the Court DENIES Plaintiff's motion.

BACKGROUND

Defendant is a temporary employment agency. Plaintiff worked for Defendant as a temporary staffing employee beginning in February, 2006. After two interviews with Defendant's customer Managed Health Network (MHN), Plaintiff accepted an assignment to work for MHN. On August 15, 2006, shortly after the assignment

ended, Plaintiff called Defendant to ask for her final paycheck. Plaintiff was informed that, although her assignment with MHN ended, she was still an employee of Defendant. Within weeks of the end of Plaintiff's assignment with MHN, Plaintiff attended two interviews with Wells Fargo Bank, also one of Defendant's customers. Sometime in August or September, 2006, Wells Fargo offered Plaintiff a position. Plaintiff declined the assignment. Plaintiff was not paid for any of the time she spent attending interviews.

On April 20, 2007, Plaintiff filed a class action complaint in Alameda County Superior Court alleging violations of California Labor Code §§ 201 and 202, which provide that an employer must, in most cases, pay its employee's earned and unpaid wages immediately upon discharge, layoff or resignation. Plaintiff also alleged a claim for unfair business practices pursuant to California Business and Professions Code § 17200. Defendant filed a notice of removal on May 29, 2007.

In July, 2007, the parties stipulated that Plaintiff could file a first amended complaint adding a claim pursuant to the private attorneys general provision of the California Labor Code. Cal. Labor Code § 2699. On July 27, 2007, Plaintiff filed the operative complaint.

On September 17, 2007, the Court entered a case management order, setting December 31, 2007, the date proposed by the parties, as the deadline to add additional parties or claims. See Docket No. 19.

DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15--to facilitate decisions on the merits rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." Id.; see also DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

If leave to amend requires relief from a scheduling order, Rule 16(b) applies, and requires a showing of good cause. In order to determine whether good cause exists, courts primarily consider the diligence of the party seeking the modification. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). A party moving for an amendment to a case management order must therefore show it was diligent in assisting the Court to create a workable schedule at the outset of litigation, that the case management order imposes deadlines that have become unworkable notwithstanding its diligent efforts to comply with that schedule, and that it was diligent in seeking the

3

1  amendment once it became apparent that extensions were necessary.
2  See id. at 608.

3      Plaintiff seeks relief from the scheduling order and leave of
4  the Court to file a second amended complaint alleging a claim that
5  Defendant violated California Labor Code §§ 1194 and 2802 because
6  it did not pay her for attending interviews with customers or
7  reimburse her for expenses incurred in attending those interviews.
8  Plaintiff argues that good cause exists for modifying the
9  scheduling order because, at the time of the December 31, 2007
10 deadline, "she lacked sufficient information to determine whether
11 she could assert cognizable claims against Defendant."  Motion at
12 2.

13     Plaintiff's counsel declares that, through discovery in late
14 November and early December, 2007, she became aware of Defendant's
15 intent to argue that Plaintiff's employment with Defendant did not
16 end on the last day of her assignment, because she was still
17 employed by Defendant.  Sharpe Decl. ¶ 3.  At that time, "Plaintiff
18 began considering whether she could assert claims against Defendant
19 under Labor Code sections 1194 and 2802" based on Defendant's
20 failure to pay her for attending interviews.  Motion at 2.
21 However, as of the December 31, 2007 deadline, she was "uncertain
22 as to whether she had a basis to seek leave from the Court to file
23 an amended complaint."[1]  Id.

24     Plaintiff also contends that, on December 20, 2007, prior to

---

[1] In her reply, Plaintiff states that she first learned of these potential claims during an October 29, 2007 deposition. Reply at 4.

4

the deadline for adding claims, she sought discovery from Defendant regarding its policies and procedures regarding sending its temporary employees on interviews, paying employees for time spent at those interviews and reimbursing employees for expenses related to those interviews.  However, Defendant did not produce a witness until March, 2008.

Plaintiff's argument is unconvincing.  It is indisputable that, at the time she filed her complaint, Plaintiff was aware that she had gone on interviews with Defendant's customers without compensation for her time or reimbursement for expenses.  Moreover, the parties' September 4, 2007 joint case management statement includes the following:

> Defendant denies that Plaintiff and any of the putative class of similar individuals were not paid their final wages in manner consistent with California law. Specifically, Defendant denies that its employees were "discharged" or "resigned" pursuant to Labor Code Sections 201 and 202 when every temporary work assignment was completed.

Docket No. 18 at 2.

The Court finds that, because Plaintiff has long been aware of the basis for her proposed new claims, she has not demonstrated good cause for failing to seek to amend the complaint prior to the deadline to add claims.  Moreover, Plaintiff has not provided any reason why she did not move for an extension of the deadline for seeking leave to amend when she ostensibly discovered the potential basis for the proposed cause of action and began encountering discovery difficulties.  Plaintiff has not been diligent in her efforts to comply with the scheduling order.

5

CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion for relief from the scheduling order (Docket No. 37).

IT IS SO ORDERED.

Dated: 8/11/08

_____
CLAUDIA WILKEN
United States District Judge