ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
VALERIE L. SHARPE (Of Counsel) (SBN 191344)
vsharpe@kellergrover.com
DENISE L. DIAZ (SBN 159516)
ddiaz@kellergrover.com
**KELLER GROVER LLP**
425 Second St., Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Fax: (415) 543-7861

Attorneys for Plaintiff
CATHERINE SULLIVAN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CATHERINE SULLIVAN, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>KELLY SERVICES, INC., and DOES 1 through 10 inclusive,<br><br>          Defendants. | Case No.: C 07-02784 CW<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFF CATHERINE SULLIVAN'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>[Civil Local Rule 3-12(b)] |

**I.    INTRODUCTION**

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiff Catherine Sullivan ("Plaintiff") hereby submits this administrative motion to request that the Court relate two cases now pending in this District, the earlier filed *Sullivan v. Kelly Services, Inc.*, Case No. C 07-02784 CW (N.D. Cal.) ("*Kelly I*"), and *Sullivan v. Kelly Services, Inc.*, Case No. C 08-03893 EMC (N.D. Cal.) ("*Kelly II*"), which was filed on August 14, 2008. Both cases involve the same parties and arise from the employment relationship between them. At issue in both cases is the scope of the parties' employment relationship, particularly as to when it began and ended under the California Labor Code. Plaintiff respectfully submits that these cases should be related to avoid unnecessary duplication of effort and the risk of conflicting results.[1]

**II.    BACKGROUND**

On April 20, 2007, *Kelly I* was filed in Alameda County Superior Court. Defendant Kelly Services, Inc. ("Defendant"), a temporary staffing agency, removed the case to this District. On July 27, 2007, Plaintiff filed the First Amended Complaint ("FAC"). (Dkt. No. 16.) The FAC alleges that Defendant failed to pay its employees their final paychecks immediately upon completion of their temporary work assignments in violation of California Labor Code §§ 201 and 202, which require employers to pay all final and unpaid wages immediately upon an employee's discharge, layoff, or resignation.[2] Resolution of the dispute between the parties in this case will require a determination as to when their employment relationship began and ended.

During the course of this litigation, Plaintiff sought and obtained discovery regarding Defendant's practice of not paying temporary employees for time spent attending interviews arranged by Defendant with its customers. (Supplemental Declaration of Valerie L. Sharpe

---

[1] As *Kelly I* is the earlier-filed case and is pending before this Court, it is appropriate for this Court to hear and decide this motion. Civil L.R. 3-12(b). Further, Plaintiff attempted to obtain the stipulation required by Civil L.R. 7-11(a) but was unsuccessful. (*See* Declaration of Denise L. Díaz ("Díaz Decl.") ¶ 3.)

[2] The FAC also alleges violations of California Labor Code § 2699 as well as California Business and Professions Code §§ 17200, *et seq.*

1

ADMINISTRATIVE MOTION TO CONSIDER                               Case No. C 07-02784 CW
WHETHER CASES SHOULD BE RELATED

1 ("Sharpe Decl."), Dkt. No. 43, at ¶¶ 3-27.) Plaintiff also sought and obtained discovery regarding Defendant's practice of not reimbursing temporary employees for expenses incurred in connection with those interviews. (*Id.*) Plaintiff then moved to amend the FAC, seeking to add claims based on the discovery produced by Defendant. (*See* Dkt. No. 37.) The Court denied that motion on August 11, 2008. (Dkt. No. 44.)

On August 14, 2008, Plaintiff filed the complaint in *Kelly II*. This case was assigned to the Honorable Magistrate Judge Edward Chen. In *Kelly II*, Plaintiff alleges that Defendant failed to pay its California temporary employees for all hours worked preparing for and attending interviews arranged by Defendant with its customers and to reimburse them necessary expenditures incurred in direct consequence of the discharge of their duties in violation of California Labor Code §§ 1194 and 2802 and California Business and Professions Code §§ 17200, *et seq*. (Compl. ¶¶ 1-2, 32-36, 37-42, 43-47, and 48-53.) As in *Kelly I*, the trier of fact will have to determine when the parties' employment relationship began and ended to resolve the parties' dispute.

## III. ARGUMENT

Civil Local Rule 3-12(a) provides that "[a]n action is related to another when: (1) [t]he actions concern the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." This test is satisfied here. Both cases – *Kelly I* and *Kelly II* – concern identical parties. Both cases – *Kelly I* and *Kelly II* – arise from Defendant's failure to pay its California temporary employees in the manner required by the California Labor Code. Both cases – *Kelly I* and *Kelly II* – raise the same pivotal question and thus call for the determination of identical or substantially similar questions of law and fact.

To resolve *Kelly I*, the trier of fact will have to determine whether Defendant had an obligation to pay its temporary employees their final paychecks immediately upon the completion of a temporary work assignment. Defendant has denied that its "employees were 'discharged' or 'resigned' pursuant to Labor Code Sections 201 and 202 when every temporary work assignment was completed." (Dkt. No. 18 at 2.) That is, Defendant contends that employees who have

completed a temporary work assignment remain Defendant's employees and that it has no obligation to pay its temporary employees their final paychecks immediately upon termination of a temporary work assignment. Resolution of this dispute between the parties thus will require the trier of fact to determine when the employment relationship between Defendant and its temporary employees begins and ends.

This same question is directly relevant to the issues presented by *Kelly II*. In *Kelly II*, Plaintiff alleges that Defendant had an obligation to pay its temporary employees for time spent preparing for and attending interviews arranged by Defendant at its customers' request and to reimburse those employees for expenses incurred in connection with such interviews. During the course of discovery in *Kelly I*, Plaintiff sought and obtained discovery from Defendant regarding these allegations. (*See* Sharpe. Decl., Dkt. No. 43, at ¶¶ 3-27.) Defendant there took the position that it has no obligation to pay temporary employees for time spent on interviews or to reimburse employees for expenses incurred in connection with those interviews because these employees "volunteer" to attend interviews arranged by Defendant with its own customers. (Díaz Decl. at ¶ 2, Exh. A.) In other words, Defendant takes the position that temporary employees who go on interviews arranged by Defendant at its own customers' request are not acting as "employees" when they attend those interviews. *Kelly II*, like *Kelly I*, therefore will require the trier of fact to determine when the employment relationship between Defendant and its temporary employees begins and ends.

Because *Kelly I* and *Kelly II* raise a common pivotal question, there is a risk that litigating the two actions separately would result in inconsistent outcomes if two different courts resolve substantially the same issue. Moreover, there would be "an unduly burdensome duplication of labor and expense" if *Kelly I* and *Kelly II* were to proceed separately. Civil L.R. 3-12(a)(2). Plaintiff sought and obtained discovery from Defendant in *Kelly I* that relates directly to Plaintiff's claims in *Kelly II*. (*See* Sharpe. Decl., Dkt. No. 43, at ¶¶ 3-27.) Defendant has produced documents and a number of Fed. R. Civ. P. 30(b)(6) witnesses covering topics relevant to both cases. (*See id.* at ¶¶ 5, 7, 11, and 26.) It therefore would be more convenient for, and

1 would preserve the resources of, the parties, the witnesses, and the Court to litigate both *Kelly I*
2 and *Kelly II* together.

3 Dated: August 29, 2008                                    Respectfully submitted,

4                                                          **KELLER GROVER LLP**

6                                          By:  /s/Eric A. Grover
7                                               ERIC A. GROVER
                                                Attorneys for Plaintiff