ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
VALERIE L. SHARPE (Of Counsel) (SBN 191344)
vsharpe@kellergrover.com
DENISE L. DIAZ (SBN 159516)
ddiaz@kellergrover.com
**KELLER GROVER LLP**
425 Second St., Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Fax: (415) 543-7861

Attorneys for Plaintiff
CATHERINE SULLIVAN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CATHERINE SULLIVAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KELLY SERVICES, INC., and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.: C 07-02784 CW<br><br>CLASS ACTION<br><br>**DECLARATION OF DENISE L. DIAZ IN SUPPORT OF PLAINTIFF CATHERINE SULLIVAN'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>[Civil Local Rule 3-12(b)] |

1       I, Denise L. Díaz, hereby declare as follows:

2       1.      I am an attorney duly admitted to the practice of law in the State of California and before this Court. I am Senior Counsel at the law firm of Keller Grover LLP, counsel for Plaintiff Catherine Sullivan ("Plaintiff") in this action. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently to the facts set forth below.

        2.      Attached as **Exhibit A** is a true and correct copy of an excerpt of Defendant Kelly Services, Inc.'s written responses to Plaintiff's Third PMK Notice.

        3.      On Friday, August 22, 2008, I sent an e-mail to Defendant's counsel, Derek Havel and Geoff DeBoskey, to inquire whether Defendant would stipulate to relating *Sullivan v. Kelly Services, Inc.*, Case No. C 07-02784 CW (N.D. Cal.), and *Sullivan v. Kelly Services, Inc.*, Case No. C 08-03893 EMC (N.D. Cal.). On Friday, August 29, 2008, Mr. DeBoskey advised that Defendant would not stipulate to relating the two cases. Attached as **Exhibit B** is a true and correct copy of the e-mails that Mr. DeBoskey and I exchanged regarding this issue.

        I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of August 2008 at San Francisco, California.

                                            /s/Denise L. Díaz
                                           DENISE L. DIAZ

---

1

DECLARATION IN SUPPORT OF
ADMINISTRATIVE MOTION TO CONSIDER                                    Case No. C 07-02784 CW
WHETHER CASES SHOULD BE RELATED

EXHIBIT A

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
DEREK R. HAVEL, Cal. Bar No. 193464
GEOFFREY D. DEBOSKEY, Cal. Bar No. 211557
LAUREN D. THIBODEAUX, Cal. Bar No. 239997
333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
Telephone:  213-620-1780
Facsimile:   213-620-1398
rsimmons@sheppardmullin.com
dhavel@sheppardmullin.com
gdeboskey@sheppardmullin.com
lthibodeaux@sheppardmullin.com

Attorneys for Defendant KELLY SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE E. SULLIVAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KELLY SERVICES, INC., and DOES 1 TO 10, inclusive,<br><br>Defendants. | Case No. CV 07-02784 CW<br><br>[Compliant Filed April 20, 2007]<br><br>**DEFENDANT KELLY SERVICES, INC.'S VERIFIED RESPONSES TO THE SUBJECT MATTERS REQUESTED IN PLAINTIFF'S THIRD NOTICE OF TAKING THE DEPOSITION OF THE PERSON OR PERSONS MOST KNOWLEDGEABLE**<br><br>Trial Date:  None Set |

Defendant Kelly Services, Inc. ("Defendant") hereby objects and provides verified responses to the subject matters set forth in Plaintiff Catherine Sullivan's Third Notice of Deposition of the Person or Persons Most Knowledgeable ("PMK").

-1-

# GENERAL OBJECTIONS

1. Defendant objects to this deposition notice to the extent that it violates Federal Rules of Civil Procedure 30(a)(2)(B) and 30(d)(2) in that Plaintiff has served multiple Notices of Deposition of the Person Most Knowledgeable on Defendant. Defendant has already appeared for deposition in this action in response to Plaintiff's First Notice of Deposition of the Person or Persons Most Knowledgeable. Therefore, Plaintiff is required to obtain leave of Court in order to take another deposition of the same party.

2. Defendant has not fully completed an investigation of the facts relating to this case, has not completed discovery in this matter, and has not fully completed preparation for trial. Accordingly, all of the following responses contained herein are based only on such information which is presently available to and specifically known to Defendant at this time. Furthermore, these responses disclose only those contentions which presently occur to Defendant.

3. It is anticipated that further discovery, independent investigation, legal research and analysis may supply additional facts and add meaning to the known facts as well as establish entirely new factual contentions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein. These responses are given without prejudice to Defendant's rights to produce evidence of any subsequently discovered facts or documents and/or tangible things which Defendant may later discover or recall. Accordingly, Defendant hereby reserves the right to add to, modify or otherwise change or amend these responses as additional facts are ascertained, analysis and contentions are made, and legal research is completed.

4. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known, but should in no way prejudice Defendant in relation to further discovery, research or legal analysis.

5. No incidental or implied admissions are intended by the responses herein. That Defendant answered or objected to any request should not be taken as an admission that Defendant accepts or admits the existence of any "facts" set forth or assumed by such request. That Defendant has answered part or all of a request is not intended to be, and should not be construed to be, a waiver by Defendant of any part of any objection to a request.

6. Defendant objects to Plaintiff's request in so far as it seeks information that is protected from disclosure by the attorney-client privilege or the attorney work product doctrine. Defendant hereby claims such privileges and to the extent that Defendant inadvertently provides information that may arguably be protected from discovery under the attorney-client privilege or the work product doctrine, such inadvertent disclosure does not constitute a waiver of any such privilege or doctrine.

7. Defendant objects to the production of personnel information including names and addresses of current or former employees, as such information is protected by their right to privacy under the California Constitution and cannot be produced without a specific waiver by those individuals.

Subject to and without limiting these objections, Defendant hereby provides verified responses to the subject matters set forth in Plaintiff's Third Notice of Deposition to Person or Persons Most Knowledgeable:

-3-

**SUBJECT MATTER NO. 5:**

For the time frame April 20, 2003 to present, the total number of temporary employees who had worked at least one day on an assignment and then, at sometime thereafter participated in an interview with a client or potential client where the temporary employee was not paid for the time spent in connection with the interview. This subject matter only covers temporary employees who went on an interview at a location within the State of California.

**RESPONSE TO SUBJECT MATTER NO. 5:**

Defendant objects to this subject matter on the grounds that that it seeks information which is not relevant to the subject matter involved in the pending action, and which is not reasonably calculated to lead to the discovery of admissible evidence; it is vague, ambiguous and overbroad in its entirety; it is burdensome and oppressive. Defendant also objects to this request to the extent that this information is more properly sought by Special Interrogatory than by deposition testimony of a person most knowledgeable, therefore based on Plaintiff's agreement to accept verified responses, Defendant hereby respond as follows.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Interviewing is voluntary for Defendant's California temporary employees and it is for the benefit of those employees. Temporary employees are not required to attend any interviews, and whether to attend or not is in the sole discretion of the employee. Because Defendant's temporary employees are neither subject to Defendant's control during interviews nor suffered or permitted to work during that time, Defendant does not pay its employees for interviewing time and does not reimburse its employees for their mileage or other expenses incurred in connection with interviewing. To the extent it is possible to determine whether an

-12-

1  individual participates in an interview, an individualized analysis of an individual's
2  personnel and KSN records would be required to determine whether that employee
3  participated in an interview.

**SUBJECT MATTER NO. 6:**

For the time frame April 20, 2003 to present, the total number of temporary employees who had worked at least one day on an assignment and then, at sometime thereafter participated in an interview with a client or potential client where the temporary employee was not reimbursed for their mileage or any other expenses they incurred in connection with the interview. This subject matter only covers temporary employees who went on an interview at a location within the State of California.

**RESPONSE TO SUBJECT MATTER NO. 6:**

Defendant objects to this subject matter on the grounds that that it seeks information which is not relevant to the subject matter involved in the pending action, and which is not reasonably calculated to lead to the discovery of admissible evidence; it is vague, ambiguous and overbroad in its entirety; it is burdensome and oppressive; it is compound. Defendant also objects to this request to the extent that this information is more properly sought by Special Interrogatory than by deposition testimony of a person most knowledgeable, therefore based on Plaintiff's agreement to accept verified responses, Defendant hereby respond as follows.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Interviewing is voluntary for Defendant's California temporary employees and it is for the benefit of those employees. Temporary employees are not required to attend any interviews, and whether to attend or not is in the sole discretion of the employee. Because Defendant's temporary employees are neither

-13-

subject to Defendant's control during interviews nor suffered or permitted to work during that time, Defendant does not pay its employees for interviewing time and does not reimburse its employees for their mileage or other expenses incurred in connection with interviewing. To the extent it is possible to determine whether an individual participates in an interview, an individualized analysis of an individual's personnel and KSN records would be required to determine whether that employee participated in an interview.

Dated: July 2, 2008.

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
RICHARD J. SIMMONS
DEREK R. HAVEL
GEOFF D. DEBOSKEY
LAUREN D. THIBODEAUX

Attorneys for Defendant
KELLY SERVICES, INC.

## VERIFICATION

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

I have read the foregoing **DEFENDANT KELLY SERVICES, INC.'S VERIFIED RESPONSES TO THE SUBJECT MATTERS REQUESTED IN PLAINTIFF'S THIRD NOTICE OF TAKING THE DEPOSITION OF THE PERSON OR PERSONS MOST KNOWLEDGEABLE** and know its contents.

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am the Vice-President, Payroll Administration, for Kelly Services, Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☒ Based upon information provided to me, I am informed and believe, and on that ground affirm, that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____, a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on July 2nd, 2008, at Troy, Michigan.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

*Debra Jordan*
Debra Jordan

-15-

W02-WEST:1LDT1\400812412.2

DEFENDANT KELLY SERVICES, INC.'S VERIFIED RESPONSES TO PLAINTIFF'S THIRD NOTICE OF DEPOSITION TO THE PMK

EXHIBIT B

### Denise Diaz

**From:** Geoff DeBoskey [GDeBoskey@sheppardmullin.com]
**Sent:** Friday, August 29, 2008 1:06 PM
**To:** Denise Diaz; Derek Havel
**Cc:** Eric A. Grover; Valerie Sharpe
**Subject:** RE: Sullivan v. Kelly Services, Inc., Case Nos. C 07-02784 CW and C 08-03893 EMC (N.D. Cal.)

Denise:

We will not stipulate to the matters being related.  Please let me know if you have any questions.

-Geoff

-------------------------------------------------------------------
This message was sent using my TREO wireless handheld device.

 -----Original Message-----
From:   Denise Diaz [mailto:DDiaz@Kellergrover.com]
Sent:   Tuesday, August 26, 2008 02:59 PM Pacific Standard Time
To:     Geoff DeBoskey; Derek Havel
Cc:     Eric A. Grover; Valerie Sharpe
Subject:        RE: Sullivan v. Kelly Services, Inc., Case Nos. C 07-02784 CW and C 08-03893 EMC (N.D. Cal.)

Geoff,


Civil Local Rule 3-12(b) requires that we file the motion "promptly."  Under the circumstances, we can give you until noon on Friday, August 29, 2008.  However, unless we hear from you by then, we will have to file the motion.


Denise



Denise L. Díaz

Keller Grover LLP

425 2nd Street, Suite 500

San Francisco, California 94107

Phone:  415-543-1305 ext. 124

Fax:  415-543-7861

Email: ddiaz@kellergrover.com

 <http://www.kellergrover.com/> www.kellergrover.com

  _____

From: Geoff DeBoskey [mailto:GDeBoskey@sheppardmullin.com]
Sent: Tuesday, August 26, 2008 2:36 PM

To: Denise Diaz; Derek Havel
Cc: Eric A. Grover; Valerie Sharpe
Subject: RE: Sullivan v. Kelly Services, Inc., Case Nos. C 07-02784 CW and C 08-03893 EMC (N.D. Cal.)

Denise:

This is an issue that requires client approval. Unfortunately, due to vacation schedules, we have not yet been able to obtain that approval.  Is there a procedural deadline regarding this issue?  I do anticipate we will be in a position to provide you with a response by the end of this week.

Thank you,

Geoff

-----

Sheppard Mullin <http://www.sheppardmullin.com/images/smrhlogo-mini.jpg>

333 South Hope Street
48th Floor
Los Angeles, CA 90071-1448
213.620.1780 office
213.620.1398 fax
 <http://www.sheppardmullin.com/> www.sheppardmullin.com

Geoff DeBoskey

213.617.5547 direct | 213.443.2762 direct fax
GDeBoskey@sheppardmullin.com | Bio <http://www.sheppardmullin.com/attorneys-388.html>

Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

-----

From: Denise Diaz [mailto:DDiaz@Kellergrover.com]
Sent: Monday, August 25, 2008 6:10 PM
To: Derek Havel; Geoff DeBoskey
Cc: Eric A. Grover; Valerie Sharpe
Subject: RE: Sullivan v. Kelly Services, Inc., Case Nos. C 07-02784 CW and C 08-03893 EMC (N.D. Cal.)

Gentlemen:

I have not received a response to my e-mail below.  We intend to file an administrative motion to relate the two cases now pending against Kelly.  Please let me know if Kelly will stipulate to relating the cases by 3 pm tomorrow.

Thank you,

Denise L. Díaz

Keller Grover LLP

425 Second Street, Suite 500

San Francisco, California 94107

Direct:  (415) 543-1305 ext. 124

Facsimile:  (415) 543-7861

Email:  ddiaz@kellergrover.com

_____

From: Denise Diaz
Sent: Thu 8/21/2008 9:41 AM
To: 'DHavel@sheppardmullin.com'; 'Geoff DeBoskey'
Cc: Eric A. Grover; Valerie Sharpe
Subject: Sullivan v. Kelly Services, Inc., Case Nos. C 07-02784 CW and C 08-03893 EMC (N.D. Cal.)

Gentlemen:

Will Kelly stipulate that Sullivan v. Kelly Services, Inc., Case No. C 07-02784 CW (N.D. Cal.), and Sullivan v. Kelly Services, Inc., Case No. C 08-03893 EMC (N.D. Cal.), are related pursuant to Civil L.R. 3-12?  Please let me know by Monday, August 25, 2008.

Thank you,

Denise

Denise L. Díaz

Keller Grover LLP

425 2nd Street, Suite 500

San Francisco, California 94107

Phone:  415-543-1305 ext. 124

Fax:  415-543-7861

Email: ddiaz@kellergrover.com

 <http://www.kellergrover.com/> www.kellergrover.com