SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
DEREK R. HAVEL, Cal. Bar No. 193464
GEOFFREY D. DEBOSKEY, Cal. Bar No. 211557
LAUREN D. THIBODEAUX, Cal. Bar No. 239997
333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
Telephone:  213-620-1780
Facsimile:   213-620-1398
rsimmons@sheppardmullin.com
dhavel@sheppardmullin.com
gdeboskey@sheppardmullin.com
lthibodeaux@sheppardmullin.com

Attorneys for Defendant KELLY SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE E. SULLIVAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KELLY SERVICES, INC., and DOES 1 TO 10, inclusive,<br><br>Defendants. | Case No. CV 07-02784 CW<br><br>**DEFENDANT KELLY SERVICES, INC.'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>[Complaint Filed April 20, 2007]<br><br><br>Trial Date: None Set |

# I.

# INTRODUCTION

Plaintiff Catherine Sullivan ("Sullivan") filed her first case against Kelly Services ("Kelly") on April 20, 2007 (Case No. 07-02784 ("*Kelly I*").). More than one-year later, she tried to amend her complaint to add an entirely separate and independent cause of action. This Court denied her request and, consequently, Plaintiff filed a separate lawsuit that is currently assigned to the Honorable Magistrate Judge Edward M. Chen. (Case No. 08-03893 ("*Kelly II*"). Now, Plaintiff again attempts to artificially combine her claims by seeking a finding that the two cases are related.

Kelly submits this opposition only because Plaintiff has incorrectly applied the relevant legal standard. Plaintiff's administrative motion is predicated upon the application of Civil Local Rule 3-12(a), which provides the standard applicable to potentially related cases. *Kelly I* and *Kelly II* simply do not meet that test. Indeed, the two cases involve different legal issues, facts, and class definitions. Therefore, Kelly respectfully requests that the Court deny Plaintiff's administrative motion.

# II.

# SUMMARY OF RELEVANT FACTS

California law requires that employers who "discharge" certain employees pay them their final wages on the date of the termination. On April 20, 2007, Plaintiff filed *Kelly I* claiming that the end of every individual temporary assignment constitutes a "discharge" even if, following the end of the temporary assignment, the employee maintains an ongoing relationship with Kelly and performs work for other Kelly customers. Thus, Plaintiff seeks to recover penalties for what she contends was Kelly's failure to pay its temporary services employees their final wages on the day each temporary services assignment ended.

-1-

On July 10, 2008, Plaintiff sought permission from this Court to amend her Complaint to add an entirely new cause of action; that Kelly owed her, and other temporary service employees, wages and expense reimbursement payments related to interviews they chose to attend with Kelly customers. On August 11, 2008, this Court denied Plaintiff's Motion to Amend her Complaint and, on August 14, 2008, Plaintiff filed *Kelly II*, which exclusively concerns her new interview claim. This case is now pending before the Honorable Magistrate Judge Edward M. Chen.

## III.

## ARGUMENT

Civil Local Rule 3-12(a) provides the standard applicable to the determination of whether two cases are related:

> (a) Definition of Related Cases. An action is related to another when:
>
> (1) The actions concern substantially the same parties, property, transaction or event; and
>
> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

As an initial matter, although Kelly is the defendant and Ms. Sullivan is the named Plaintiff in *Kelly I* and *Kelly II*, Plaintiff filed both cases as putative class actions. And, she has proposed different class definitions for *Kelly I* and *Kelly II*. Indeed, in *Kelly I*, Plaintiff seeks to certify a class made up of all temporary services employees "whose employment ended:"

> Plaintiff brings this action on behalf of herself and a class of KELLY SERVICES employees assigned to work for KELLY SERVICES' customers whose employment in California ended from four years prior to the filing of this action through the date this action is resolved.

-2-

1  (*Kelly I* Complaint, ¶ 17).  However, in *Kelly II*, Plaintiff seeks to certify two
2  classes, both of which would be comprised only of those temporary services
3  employees who, during their employment, attended interviews with Kelly
4  customers.  (*Kelly II* Complaint, ¶¶ 23).  Although there are some individuals who
5  fall within the definitions of the putative classes in both lawsuits, there are many
6  temporary service employees who did not attend interviews and/or whose
7  employment did not end.  Thus, while the named Plaintiff and the Defendant are the
8  same in both cases, the proposed classes are fundamentally different.

The two cases also raise different legal questions.  In *Kelly I* the questions before the Court are: (i) Whether the end of each temporary services assignment constitutes a discharge for the purpose of the final pay rules contained in Labor Code Section 201; and, if so, (ii) whether any violation of the final pay rules was "willful."  However, *Kelly II* concerns the issue of whether Kelly was obligated to pay wages to, or reimburse, temporary service employees who voluntarily attend interviews with Kelly customers.  The issues are entirely distinct; one deals with the existence or non-existence of a "discharge" under California law while the other is a pure issue of compensable time.[1]  In fact, due to the different nature of the issues presented in the two lawsuits, Kelly presently anticipates that it will use different attorneys to handle *Kelly I* and *Kelly II*.

Finally, Plaintiff's Motion focuses on the discovery that has already occurred relating to the interview issue.  This is a red herring.  Indeed, the discovery

---

[1] Curiously, it appears that Plaintiff is taking diametrically opposite legal positions in the two lawsuits.  Indeed, Plaintiff is claiming that she was discharged from employment during the time she was in-between assignments for the purpose of *Kelly I*, but at the same time, also claiming that she <u>was</u> an employee in-between assignments for the purpose of *Kelly II*.

-3-

1  that has occurred will have the exact same value regardless of whether the two cases
2  are related.

## IV.
## CONCLUSION

Plaintiff's arguments regarding Local Rule 3-12(a) are incorrect. The two cases concern different putative classes, facts, and legal issues. Although similar issues and determinations may arise, the same could be said for any two wage and hour cases filed against the same employer. Therefore, Kelly respectfully requests that the Court deny Plaintiff's administrative motion.

Dated: September 4, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
RICHARD J. SIMMONS
DEREK R. HAVEL
GEOFFREY D. DEBOSKEY
LAUREN D. THIBODEAUX
Attorneys for Defendant
Kelly Services, Inc.

-4-